FILED
2009 APR -8  PM 3: 07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Stephen M. Doniger, Esq. (SBN 179314)
Email: stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
**DONIGER / BURROUGHS, APC**
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:   (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

L.A. PRINTEX INDUSTRIES, INC., a California Corporation

Plaintiff,

vs.

WILLIAM CARTER CO., a Georgia Corporation; MEIJER, INC., a Michigan Corporation; JC PENNEY CORPORATION, INC., a Texas Corporation; CARSON PIRIE SCOTT & CO., a Wisconsin Corporation; MACY'S, INC., an Ohio Corporation; KOHLS CORPORATION, a Wisconsin Corporation; SEARS HOLDINGS CORPORATION, an Illinois Corporation; BURLINGTON COAT FACTORY DIRECT CORP., a New Jersey Corporation; CARTER'S, INC. d/b/a CARTER'S CHILDREN, a Georgia Corporation; TOYS "R" US, INC. d/b/a BABIES "R" US, a New Jersey Corporation; WINMARK CORPORATION

Case No. CV09-2449 JFW FMOx

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGMENT.

<u>Jury Trial Demanded</u>

1
COMPLAINT

d/b/a PLATO'S CLOSET, a Minnesota Corporation; AEROPOSTALE, INC., a New York Corporation; MS. BUBBLES, INC., a California Corporation; HAMMOND GARMENT MANUFACTURING CO., INC., a Louisiana Corporation; and DOES 1 through 10.

Defendants.

L.A. Printex Industries, Inc. ("Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff creates and obtains rights to unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the apparel industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs. Customers of Plaintiff, which Plaintiff believes include Doe Defendants herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere, yet use those designs in furtherance of their business, including advertising, in violation of both their contractual agreement with Plaintiff and Plaintiff's copyrights.

///

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331(m), 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff L.A. Printex Industries, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 3270 East 26th Street, Vernon, California 90023.

5. Plaintiff is informed and believes and thereon alleges that Defendant WILLIAM CARTER CO. ("WILLIAM CARTER") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 1170 Peachtree Street, NE, Atlanta, Georgia 30309, and doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant MEIJER, INC. ("MEIJER") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 2929 Walker Avenue NW, Grand Rapids, Michigan 49544, and doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant JC PENNEY CORPORATION, INC. ("JC PENNEY") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 6501 Legacy Drive, Plano, Texas 75023, and doing business in and with

the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant CARSON PIRIE SCOTT & CO. ("CARSON") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 1 South State Street, Chicago, Illinois 60603, and doing business in and with the State of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant MACY'S, INC. ("MACY'S") is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located at 7 West Seventh Street, Cincinnati, Ohio 45202, and doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant KOHLS CORPORATION ("KOHLS") is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business located at N56W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051, and doing business in and with the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant SEARS HOLDINGS CORPORATION ("SEARS") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois 6017, and doing business in and with the State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant BURLINGTON COAT FACTORY DIRECT CORP. ("BURLINGTON") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 1830 Route 130, Burlington, New Jersey 08016, and doing business in and with the State of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant

CARTER'S, INC. d/b/a CARTER'S CHILDREN ("CARTER'S") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 1170 Peachtree Street, NE, Atlanta, Georgia 30309, and doing business in and with the State of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant TOYS "R" US, INC. d/b/a BABIES "R" US ("BABIES") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at One Geoffrey Way, Wayne, New Jersey 07470, and doing business in and with the State of California.

15. Plaintiff is informed and believes and thereon alleges that Defendant WINMARK CORPORATION d/b/a PLATO'S CLOSET ("PLATO'S") is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 605 Highway 169 North, Suite 400, Minneapolis, Minnesota 55441, and doing business in and with the State of California.

16. Plaintiff is informed and believes and thereon alleges that Defendant AEROPOSTALE, INC. ("AEROPOSTALE") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 112 West 34th Street, New York, New York 10001, and doing business in and with the State of California.

17. Plaintiff is informed and believes and thereon alleges that Defendant MS. BUBBLES, INC. ("MS. BUBBLES") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 110 East 9th Street, Suite A-672, Los Angeles, California 90079, and doing business in and with the State of California.

18. Plaintiff is informed and believes and thereon alleges that Defendant HAMMOND GARMENT MANUFACTURING CO., INC. ("HAMMOND") is a

corporation organized and existing under the laws of the State of Louisiana with its principal place of business located at 1100 South Jefferson Davis Parkway, New Orleans, Louisiana 70125, and doing business in and with the State of California.

19. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted Designs No. C30020 and H80167 (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

20. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each

and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NO. C30020

21. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number C30020 ("Subject Design A"). A true and correct image of the Subject Design is attached as Exhibit One.

22. Plaintiff applied for and received copyright registration for the Subject Design A on July 17, 2002, with the Subject Design being granted the assignment of Registration No. VAu 557-306. A copy of said registration is attached as Exhibit Two.

23. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

24. Following this distribution of product bearing Subject Design A, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design A, and were selling fabric and garments bearing illegal reproductions and derivations of Subject Design A.

25. Specifically, Plaintiff's investigation revealed that garments with a fabric design identical or substantially similar to Subject Design A were being sold by MEIJER, JC PENNEY, CARSON, MACY'S, KOHLS, SEARS, BURLINGTON, CARTER'S and BABIES and manufactured by WILLIAM CARTER. An image of said garments is attached as Exhibit Three.

26. Plaintiff's further investigation revealed that garments with a fabric design identical or substantially similar to Subject Design A were being sold by PLATO'S and AEROPOSTALE and manufactured by MS. BUBBLES. An image of said garments is attached as Exhibit Four.

27. Such garments referred to in Paragraphs 21 to 26 will be collectively referred to as "Infringing Garments A."

28. Plaintiff issued cease and desist letters to Defendants, and each of them, and is informed and believes and thereon alleges that, in spite of their receipt of the aforementioned cease and desist demand letters, Defendants, and each of them, continued to sell Infringing Garments A in violation of Plaintiff's rights as the copyright proprietor and owner of Subject Design A.

## CLAIMS RELATED TO DESIGN NO. H80167

29. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number H80167 ("Subject Design B"). A true and correct image of the Subject Design is attached as Exhibit Five.

30. Plaintiff applied for and received copyright registration for the Subject Design B on February 5, 2007, with the Subject Design being granted the assignment of Registration No. VA 1-394-018. A copy of said registration is attached as Exhibit Six.

31. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

32. Following this distribution of product bearing Subject Design B, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design B, and were selling fabric and garments bearing illegal reproductions and derivations of Subject Design B.

33. Specifically, Plaintiff's investigation revealed that garments with a fabric design identical or substantially similar to Subject Design B were being sold by PLATO'S and manufactured by HAMMOND. An image of said garments is attached as Exhibit Seven.

34. Such garments referred to in Paragraphs 29 to 33 will be collectively referred to as "Infringing Garments B."

35. Plaintiff issued cease and desist letters to Defendants, and each of them, and is informed and believes and thereon alleges that, in spite of their receipt of the aforementioned cease and desist demand letters, Defendants, and each of them, continued to sell Infringing Garments B in violation of Plaintiff's rights as the copyright proprietor and owner of Subject Design B.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

36. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 35, inclusive, of this Complaint.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design A and Subject Design B (hereinafter collectively "Subject Designs"), including but not limited to (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors, including but not limited to international and/or overseas converters and printing mills; and (c) access to Plaintiff's strike-offs and samples.

38. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to such retailers that infringed the Subject Designs by utilizing fabrics which featured unauthorized print designs that were identical or substantially similar to the Subject Designs.

9
COMPLAINT

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling Infringing Garments A and Infringing Garments B (hereinafter collectively "Infringing Garments") through a nationwide network of retail stores and through on-line websites.

40. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

41. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

42. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

43. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have continued to import, manufacture, cause to be manufactured and/or sell Infringing Garments after Plaintiff demanded that they cease and desist from engaging in same. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Designs renders Defendants, and each of them, liable for

statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

44. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 43, inclusive, of this Complaint.

45. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged hereinabove.

46. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringements alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

47. By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

48. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

49. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have continued to manufacture and/or sell Infringing Garments after Plaintiff demanded that they cease and desist from engaging in same. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability therefore, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

1. <u>With Respect to Each Claim for Relief</u>
    a. That Defendants, their agents and servants be enjoined from selling product, or otherwise, infringing Plaintiff's copyright in the Subject Design;
    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act 17 U.S.C. § 101 et seq.;

d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: April 7, 2009

**DONIGER / BURROUGHS, APC**

By: _____
Stephen M. Doniger, Esq.
Attorneys for Plaintiff
L.A. PRINTEX INDUSTRIES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

**CV09- 2449 JFW (FMOx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| L.A. PRINTEX INDUSTRIES, INC., a California Corporation<br><br>PLAINTIFF(S)<br>v.<br>WILLIAM CARTER CO., a Georgia Corporation; et al.<br>[See Attached "Schedule A"]<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-2449 JFW FMOx<br><br><br>SUMMONS |
|---|---|

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Stephen M. Doniger, Esq._____, whose address is _DONIGER/BURROUGHS APC, 300 Corporate Pointe, Ste. 355, Culver City, CA 90230_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __APR -8 2009__       By: _____
                                 Deputy Clerk

                              (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

# "Schedule A"

L.A. PRINTEX INDUSTRIES, INC., a California Corporation

Plaintiff,

vs.

WILLIAM CARTER CO., a Georgia Corporation; MEIJER, INC., a Michigan Corporation; JC PENNEY CORPORATION, INC., a Texas Corporation; CARSON PIRIE SCOTT & CO., a Wisconsin Corporation; MACY'S, INC., an Ohio Corporation; KOHLS CORPORATION, a Wisconsin Corporation; SEARS HOLDINGS CORPORATION, an Illinois Corporation; BURLINGTON COAT FACTORY DIRECT CORP., a New Jersey Corporation; CARTER'S, INC. d/b/a CARTER'S CHILDREN, a Georgia Corporation; TOYS "R" US, INC. d/b/a BABIES "R" US, a New Jersey Corporation; WINMARK CORPORATION d/b/a PLATO'S CLOSET, a Minnesota Corporation; AEROPOSTALE, INC., a New York Corporation; MS. BUBBLES, INC., a California Corporation; HAMMOND GARMENT MANUFACTURING CO., INC., a Louisiana Corporation; and DOES 1 through 10.

Defendants.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
L.A. PRINTEX INDUSTRIES, INC., a California Corporation

**DEFENDANTS**
WILLIAM CARTER CO., a Georgia Corporation; et al.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Stephen M. Doniger, Esq. (SBN 179314)
DONIGER/BURROUGHS APC
300 Corporate Pte., Ste. 355, Culver City, CA 90230 Telephone: (310) 590-1820

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| | | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | | | ☐ 465 Other Immigration Actions | | |

CV09-2449

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC.-Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| MS. BUBBLES, INC.- Los Angeles County | WILLIAM CARTER CO.-Georgia; MEIJER, INC.- Michigan; JC PENNEY CORPORATION, INC.- Texas; CARSON PIRIE SCOTT & CO.- Wisconsin; et al. [See Attached "Schedule A"] |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date April 8, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# "Schedule A"

WILLIAM CARTER CO.- Georgia; MEIJER, INC.- Michigan; JC PENNEY CORPORATION, INC.- Texas; CARSON PIRIE SCOTT & CO.- Wisconsin; MACY'S, INC.- Ohio; KOHLS CORPORATION- Wisconsin; SEARS HOLDINGS CORPORATION- Illinois; BURLINGTON COAT FACTORY DIRECT CORP.- New Jersey; CARTER'S, INC. d/b/a CARTER'S CHILDREN- Georgia; TOYS "R" US, INC. d/b/a BABIES "R" US-New Jersey; WINMARK CORPORATION d/b/a PLATO'S CLOSET- Minnesota; AEROPOSTALE, INC.- New York; HAMMOND GARMENT MANUFACTURING CO., INC.- Louisiana