# DECLARATION OF JAE NAH

I, Jae Nah, declare that I have personal knowledge of the following, except where stated on information and belief, and confirm that if called as a witness I could and would competently testify as follows:

1. I am the president of L.A. Printex Industries, Inc. ("L.A. Printex"), Plaintiff in this action.

2. L.A. Printex is a Los Angeles-based textile company, dealing primarily in printed fabrics. The printed fabric bears L.A. Printex's unique and proprietary textile designs. L.A. Printex's sales are driven by its heavy investment in trendy, unique and aesthetically-pleasant graphic textile designs which are either purchased or created by our internal design team. Much of L.A. Printex's business is generated from marketing our original designs and then securing printing orders for those designs. As such, being the exclusive source of our designs is critical to our business (since it requires interested parties to print their fabric bearing L.A. Printex's designs through our facility).

3. In 2002, a member of L.A. Printex's design team, Moon Choi, created an original work of art styled "C30020" ("Subject Design"). I have attached hereto a true and correct copy of the Subject Design as the third page of Exhibit 1.

4. In 2002, L.A. Printex registered a collection of designs that included C30020 with the Copyright Office, and on July 17, 2002 was issued Registration No. VAu 557-306 for that work. Attached hereto as Exhibit 1 is a true and correct copy of that registration certificate (copies of the other floral designs submitted along with C30020 have been omitted).

5. L.A. Printex owns all rights in the Subject Design, and published said design by sampling and making sales of fabric bearing said design prior to

- 19 -

the acts alleged herein.  This sampling is done by showing our designs to our customers and often giving either a paper CAD or a fabric swatch with designs our customers are interested in to them.  If our customers are interested in a larger amount of fabric bearing a design, they can then place an order for sample yardage or a full production run of that fabric.

6.  While our company does not keep records of every customer it gives CAD and fabric swatches to – it is simply not practical to do so –we have very accurate records of all sales of sample yardage and production runs. Attached hereto as Exhibit 2 is a true and correct copy of that sales history, which shows (1) that our first sales of the design were in October of 2002, and (2) that my company produced and sold thousands of yards of fabric bearing the Subject Designs to numerous customers from 2002 - 2008.

7.  Most of our clients, and all of those listed in the previous paragraph, act as "fabric converters", meaning that they are companies that work with garment manufactures to provide the printed fabric that those manufacturers need to make garments.  Fabric converters will show manufacturers different textile designs and, once they obtain an order for a design, will come to a printing mill like LA Printex to fill that order.  Once we print the fabric, the converter sends the fabric to the manufacturer which then manufactures garments and sells them to retail stores for sale to the public.

8.  L.A. Printex has not granted any other party a license to print or otherwise reproduce the Subject Design.  Plaintiff makes clear to its customers that its designs are copyrighted and proprietary.

9.  Beginning in 2008, L.A. Printex found that garments bearing the "Aeropostale" trademark, and unauthorized reproductions of C30020 were being sold by Aeropostale, Inc. and Ms. Bubbles. I have attached as Exhibit 3 a true and correct copy of an "Aeropostale" garment bearing a pattern that

- 20 -

infringes C30020. The only differences between our C30020 design, and the design on the "Aeropostale" garment is that the design on the "Aeropostale" garment is printed using cruder, lower-quality techniques and machinery.

10. I have reviewed the pattern on the garments purchased from defendants and our production records and verified that LA Printex did not print these garments.  Furthermore, we did not authorize any other party to print these garments through any other mill.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on May 24, 2010, at Vernon, California.

By: _____
JAE NAH
Declarant

- 21 -

PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION