Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., <br> Plaintiff, <br><br> vs. <br><br> WILLIAM CARTER CO.; et al. <br><br> Defendants. | Case No.:  CV 09-2449 JFW (FMOx) <br><br> **PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** <br><br> [Notice of Motion and Motion for Summary Adjudication; Declarations of Jae Nah, Moon Choi, and Scott A. Burroughs filed concurrently.] <br><br> Date: June 21, 2010 <br> Time: 1:30 p.m. <br> Courtroom: 16 |

After consideration of the papers in support of and in opposition to the Plaintiff's Motion for Summary Judgment and any oral argument of counsel, the Court, pursuant to Fed. R. Civ. P. 56(c), determines that the following findings of fact and law have been conclusively established:

## UNCONTROVERTED FACTS

| Uncontroverted Fact | Basis |
|---|---|
| 1. Plaintiff L.A. Printex Industries, Inc. ("Plaintiff" or "L.A. Printex") is a fabric printing company. | Decl. Nah ¶ 2. |
| 2. Plaintiff's Design No. C30020 (also referred to herein as "Subject Design") is an original design created by its in-house designer, Moon Choi. | Decl. Nah ¶ 3; Decl. Choi ¶ 2; Ex. 1. |
| 3. Ms. Choi is an employee of LA Printex and created C30020 in the course and scope of her employment. C30020 was original and not copied from any other source. | Decl. Choi ¶¶ 2, 4. |
| 4. Plaintiff registered C30020 with the U.S. Copyright Office, where it was assigned U.S. Copyright No. VAu 557-306. | Decl. Nah ¶ 4; Decl. Choi ¶ 3; Ex. 1. |
| 5. Plaintiff began publishing C30020 by sampling it to customers in early August 2006. It also began making sales of that design to customers in October 2002 and sold thousands of yards of fabric bearing that design to many customers through 2008. | Decl. Nah ¶¶ 5-6; Ex. 2. |
| 6. Plaintiff's customers are fabric converters – companies that act as agents for garment manufacturers to secure the fabric necessary for those manufacturers to make garments that are then sold to retail stores. | Decl. Nah ¶ 7. |
| 7. In 2008 Plaintiff found Aeropostale garments bearing a virtually identical reproduction of C30020. | Decl. Nah ¶ 9; Ex. 3. |
| 8. Plaintiff did not print the fabric used in Defendants' garments and did not authorize any other party to print that | Decl. Nah ¶¶ 10-11. |

| | |
|---|---|
| fabric. | |
| 9. The design on each of the Infringing Garments are substantially similar to the Subject Design when viewed objectively. | Exs. 2, 3. |
| 10. Plaintiff's 2002 copyright registration for the group including C30020 is valid. | Ex. 1 |
| 11. Plaintiff's 2002 copyright registration for the group including C30020, as amended by the Form-CA is valid. | Exs. 1, 4. |
| 12. Plaintiff's 2008 copyright registration for C30020 is valid. | Ex. 5 |
| 13. The Aeropostale garment bears a design that infringes C30020. | Exs. 1, 3, 7 |
| 14. Plaintiff owns C30020. | Exs. 1, 4, 5. |
| 15. Aeropostale and Bubbles are liable for infringement | Exs. 1, 3, 7. |

_____
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

## CONCLUSIONS OF LAW

| Conclusion of Law | Basis |
|---|---|
| 1. To succeed on its copyright infringement claim, Plaintiff must "show ownership of the allegedly infringed material and […] demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. | 17 U.S.C. § 501(a); *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir.1987) |
| 2. A copyright registration certificate constitutes *prima facie* evidence of the validity of the copyright and the facts stated in the certificate, including Plaintiff's ownership. | *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 1140, 1144 (9th Cir. 2003) |
| 3. Original work is work that was independently created by the author (as opposed to copied from other works), and that it possesses at least some "minimal degree of creativity." | *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076 (9th Cir. 2000)(quoting *Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991)). |
| 4. "[I]nadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless . . . the claimant intended to defraud the Copyright Office by making the misstatement." | *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997) |
| 5. "A party seeking to establish a fraud on the Copyright Office, and thereby rebut the presumption of copyright validity, bears a heavy burden." | *Lennon v. Seaman*, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000) (citing *Nimmer*, § 7.20[B]). |
| 6. Copying is generally demonstrated through a showing that (1) the Defendants had access to the copyrighted material, and (2) the Defendants' work and the Plaintiff's work are substantially similar. | *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000), *cert. denied*, 531 U.S. 1126 (2000). |

| | |
|---|---|
| 7. Proof of access requires only an opportunity to view or to copy plaintiff's work. | *Kamar International v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981). |
| 8. An opportunity to view or copy may be established by evidence that "the plaintiff's work has been widely disseminated." | *Three Boys Music Corp.*, 212 F.3d at 482. |
| 9. If two designs are "so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." | *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995). |
| 10. A striking similarity is one sufficiently unique or complex as to make it unlikely that it was independently created. | *Selle v. Gibb*, 741 F.2d 896, 903 (7th Cir. 1984). |
| 11. In order to prove copying, Plaintiff must also show substantial similarity between the copyrighted work and the alleged infringing material. "Proof of the substantial similarity is satisfied by a two-part test of extrinsic similarity and intrinsic similarity." | *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. Cal. 2000). |
| 12. The "extrinsic" test considers whether two works share a similarity of ideas and expression based on external, objective criteria and the "intrinsic test" asks whether an "ordinary, reasonable observer" would find a substantial similarity of expression of the shared idea. | *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996) |
| 13. If an "average lay observer would recognize the alleged copy as being appropriated from the copyrighted work," then the requisite similarity exists to establish infringement. Substantial similarity is a non-issue given the "slavish copying" of plaintiffs' product. | *Novelty Textile Mills v. Joan Fabrics Corp.*, 558 F.2d 1090, 1093 n.4 (2d Cir. 1977). |
| 14. Summary judgment must be granted if the | *Tarin v. County of Los* |

| | |
|---|---|
| evidence, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact. | *Angeles*, 123 F. 3d 1259, 1263 (9th Cir. 1997) |
| 15. The moving party must shift the burden by presenting evidence to establish the absence of any issues of material fact. | *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2505, 91 L. Ed. 2d 265 (1986) |
| 16. Plaintiff can meet this burden by making a showing that there is no probative evidence of a dispute as to any material fact. Upon this showing, the Defendants must provide specific facts that indicate a dispute as to a material issue. This showing must be substantive, a "scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of, material fact." | *Addisu v. Fred Meyer, Inc.* 198 F. 3d 1130, 1134 (9th Cir. 2000) |
| 17. In the Ninth Circuit, the two-step analysis employed to determine whether two works are substantially similar asks: (1) whether there is similarity in the specific expressions under a point-by-point analysis (the extrinsic test), and (2) whether there is similarity in the "total look and feel" when viewed by an ordinary observer (the intrinsic test). *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). | *Cavalier v. Random House*, 297 F.3d 815, 824 (9th Cir. 2002) |
| 18. For the purposes of summary judgment, only the extrinsic test is important because the subjective question whether works are intrinsically similar must be left to the jury. | *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004). |
| 19. The similarity will satisfy this test if the | *Selle v. Gibb*, 741 F.2d 896, |

_____
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | |
|---|---|
| works involved are sufficiently unique so as to make it "unlikely" that the designs were independently created. | 903 (7th Cir. 1984) |
| 20. Substantial similarity is a non-issue given the "slavish copying" of plaintiffs' product. | *Novelty Textile Mills v. Joan Fabrics Corp.,* 558 F.2d 1090, 1093 n.4 (2d Cir. 1977). |
| 21. No greater similarity is possible than defendants' "photographic reproduction of the design." | *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2d Cir. 1960) |
| 22. A grant of summary judgment is proper where works are so overwhelmingly identical that the possibility of independent creation is precluded. | *Twentieth Century-Fox Film Corp. v. MCA, Inc.,* 715 F.2d 1327, 1330 (9th Cir. 1983) |

*SO ORDERED:*


Dated: _____     By: _____
                                  UNITED STATES DISTRICT COURT
                                  HONORABLE JOHN F. WALTER

_____
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW