|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **PRIORITY SEND** |

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 09-2449-JFW (FMOx)** | Date: July 2, 2010 |
|---|---|---|
| Title: | L.A. Printex Industries, Inc. -v- William Carter Co., et al. | |

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

| **PROCEEDINGS (IN CHAMBERS):** | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS MS. BUBBLES, INC. AND AEROPOSTALE, INC. [filed 5/24/10; Docket No. 72]; and |
|---|---|
| | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION PURSUANT TO FED. R. CIV. P. 56 [filed 5/24/10; Docket No. 75] |

   On May 24, 2010, Defendants Ms. Bubbles, Inc. ("Ms. Bubbles") and Aeropostale, Inc. ("Aeropostale") (collectively, "Defendants") filed a Motion for Summary Judgment.  On May 28, 2010, Plaintiff L.A. Printex Industries, Inc. ("Plaintiff") filed its Opposition.  On June 7, 2010, Defendants filed a Reply.  On May 24, 2010, Plaintiff filed a Motion for Summary Adjudication Pursuant to Fed. R. Civ. P. 56 ("Motion for Summary Adjudication").  On May 28, 2010, Defendants filed their Opposition.  On June 7, 2010, Plaintiff filed a Reply.

   Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found these matters appropriate for submission on the papers without oral argument.  The matters were, therefore, removed from the Court's June 20, 2010, hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

### I.   Factual and Procedural Background[1]

---

   [1] To the extent any of these facts are disputed, they are not material to the disposition of the motions before the Court.  In addition, to the extent that the Court has relied on evidence to

### A. The Parties

Plaintiff is a Los Angeles-based printing mill, which prints two dimensional patterns on fabric for use in the apparel industry. The designs for the patterns are created by Plaintiff's in-house design team, and Plaintiff markets those designs to the apparel industry. Defendant Ms. Bubbles is a Los Angeles-based wholesaler of women and men's apparel, and has been in the fashion industry for approximately 17 years. Defendant Aeropostale is a mall-based, specialty retailer of causal apparel and accessories, principally targeting 14- to 17-year-old women and men.

According to Plaintiff, a women's shirt containing a floral pattern design that was manufactured by Defendant Ms. Bubbles and sold by Defendant Aeropostale under its own brand infringes the copyright that Plaintiff holds for a fabric design pattern, which is identified by Plaintiff's internal designation as Design Number C30020. This design was part of a group of designs that was registered with the United States Copyright Office ("Copyright Office") under the name "Small Flower Group A."

### B. Plaintiff's Amendment of its Copyright for Small Flower Group A.

On July 17, 2002, Plaintiff received a Certification of Registration (U.S. Copyright No. VAu 557-306) from the Copyright Office for a textile design collection entitled Small Flower Group A.[2] Plaintiff's registration listed a group of five unpublished designs, including Design Number C30020, which is the floral pattern that Plaintiff contends has been infringed by Defendants.

After Plaintiff discovered, contrary to the representation in its application for the copyright, that two of the designs registered as part of Small Flower Group A may have been published, Plaintiff filed a Form CA Supplemental Registration on February 22, 2010, which attempted to change or amend the registration for Small Flower Group A from an unpublished collection to one published on April 1, 2002.[3] When Plaintiff learned that the regulations prohibited the filing of both published and unpublished works on a single registration, it withdrew the amendment and filed a second Form CA Supplemental Registration on May 13, 2010. The second Form CA Supplemental Registration amended the registration by deleting the two designs (Design Numbers R1154 and C30011) that may have been published prior to the original registration in July 2002. The amendment did not request any change or otherwise affect the remaining three unpublished works, including Design Number C30020. Finally, on May 13, 2010, in an apparent effort to foreclose any further questions regarding the validity of its copyright, Plaintiff filed an individual registration with the Copyright Office for its Design Number C30020 on fabric, and the registration

---

which the parties have objected, the Court has considered and overruled those objections. As to the remaining objections, the Court finds that it is unnecessary to rule on those objections because the disputed evidence was not relied on by the Court.

[2] In the case of unpublished works, the Copyright Office permits the registration of multiple works on a single application so long as **all** of the works in the registration are unpublished works. 37 C.F.R. 202.3(b)(4)(i)(B).

[3] Design Number C30020 is not one of the designs that was published prior to registration of the collective work.

was approved by the Copyright Office.

## II.     Legal Standard

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is not enough to defeat summary judgment; there must be a genuine issue of material fact, a dispute capable of affecting the outcome of the case." *American International Group, Inc. v. American International Bank*, 926 F.2d 829, 833 (9th Cir. 1991) (Kozinski, dissenting).

An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. "This requires evidence, not speculation." *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1225 (9th Cir. 1999). The Court must assume the truth of direct evidence set forth by the opposing party. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 507 (9th Cir. 1992). However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom. *See Anderson*, 477 U.S. at 249-50; *TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631-32 (9th Cir. 1987). Although the party opposing summary judgment is entitled to the benefit of all reasonable inferences, "inferences cannot be drawn from thin air; they must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party." *American International Group*, 926 F.2d at 836-37. In that regard, "a mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).

## III.    Discussion

On April 8, 2009, Plaintiff filed its Complaint against Defendants, alleging claims for relief for: (1) Copyright Infringement; and (2) Vicarious and/or Contributory Copyright Infringement.[4] Defendants now move for summary judgment on both claims alleged in Plaintiff's Complaint on the

---

[4] Although Plaintiff's Complaint names several other defendants, including William Carter Co., Meijer, Inc., JC Penney Corporation, Inc., Carson Pirie Scott & Co., Macy's, Inc., Kohls Corporation, Sears Holding Corporation, Burlington Coat Factory Direct Corp., Carter's, Inc., Toys "R" Us, Inc., Winmark Corporation, and Hammond Garment Manufacturing Co., Inc., Defendant Ms. Bubbles and Defendant Aeropostale are the sole remaining defendants in this action.

grounds that: (1) Plaintiff cannot maintain either its first or second claim for relief because its Copyright Registration VAu 557-306 for Small Flower Group A, which includes Design Number C30020, is not valid; (2) Plaintiff cannot maintain either its first or second claim for relief because there is no substantial similarity between Defendants' allegedly infringing garment and Plaintiff's Design Number C30020; and (3) Plaintiff cannot maintain either its first or second claim for relief because there is no evidence that Defendants had access to Plaintiff's Design Number C30020. Plaintiffs have moved for partial summary judgment, requesting the Court to determine as a matter of law the following issues: (1) that Plaintiff's Design Number C30020 is an original work of authorship owned by Plaintiff; and (2) that Defendants copied Plaintiff's original artwork by selling fabric and garments bearing a near-identical copy of Design Number C30020 without Plaintiff's permission.

### A. Standard for Proving Copyright Infringement

To prove copyright infringement, Plaintiffs must prove: (1) ownership of a valid copyright in Design Number C30020[5], and (2) that Defendants copied elements of Design Number C30020 protected by that copyright. *See, e.g., Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Since direct evidence of copying is rarely available and copying can therefore be difficult to prove, Plaintiff "may establish copying by showing (1) circumstantial evidence of access to the protected work and (2) substantial similarity of 'ideas' and 'expression' between the copyrighted work and the allegedly infringing work." *Jason v. Fonda*, 526 F. Supp. 774, 776 (C.D. Cal. 1981), *aff'd*, 698 F.2d 966 (9th Cir. 1982); *see also Three Boys Music*, 212 F.3d at 481 ("Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'").

### B. Application of the Copyright Infringement Standard to this Case.

#### 1. There Is No Genuine Issue Of Material Fact With Respect To Access.

"Proof of access requires 'an opportunity to view or to copy plaintiff's work.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000) quoting *Sid & Marty Krofft*, 562 F.2d at 1172. "Opportunity" has been defined as a "reasonable" possibility that Defendants viewed Plaintiff's Design Number C30020. *Jason*, 526 F. Supp. at 776-77. "[A] bare possibility is insufficient to create a genuine issue of whether" Defendants copied Plaintiff's Design Number C30020. *Id.* at 777.

---

[5] Defendants contest that Plaintiff owns a valid copyright in Design Number C30020. However, in this case, because the Court finds that Plaintiff has failed to demonstrate that Defendants had access to Plaintiff's Design Number C30020 and there is a lack of substantial similarity between Design Number C30020 and the allegedly infringing garment, and, thus, cannot prevail on its claims for copyright infringement, the Court need not address the issues surrounding the validity of Plaintiff's copyright in Design Number C30020. Instead, for purposes of deciding these motions for summary judgment only, the Court assumed that Plaintiff does have a valid copyright in Design Number C30020.

Because Plaintiff has not been able to produce any direct evidence that Defendants had access to Design Number C30020 when they created the allegedly infringing garment, Plaintiff must rely on circumstantial evidence. "Circumstantial evidence of reasonable access is proven in one of two ways: (1) a particular chain of events is established between the plaintiff's work and the defendant's access to that work (such as through deals with a publisher or record company), or (2) the plaintiff's work has been widely disseminated." *Three Boys Music*, 212 F.3d at 482. Plaintiff does not present any evidence that Defendants had access to Design Number C30020 through any particular chain of events, but instead seeks to prove reasonable access by demonstrating that Design Number C30020 has been widely disseminated. *Three Boys Music*, 212 F.3d at 482.

Plaintiff has failed to raise any genuine issue of material fact with respect to whether Defendants had access to Design Number C30020 through wide dissemination. In *Three Boys*, the Ninth Circuit found that substantial evidence supported a jury's finding of access where the copyrighted song enjoyed significant radio airplay over 20 years. *Three Boys*, 212 F.3d at 483-85. However, in *Art Attack Ink, LLC v. MGA Entertainment, Inc.*, 581 F.3d 1138, 1144 (9th Cir. 2009), the Ninth Circuit found that no widespread dissemination existed, despite the fact that the tee-shirt design at issue in the case was available at a display booth, on individuals wearing the tee-shirt, and via the internet. Similarly, in *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1178 (9th Cir. 2003), the Ninth Circuit found there was no evidence of widespread dissemination of a video even though 19,000 copies were sold over a 13-year period.

In this case, the only evidence of the widespread dissemination of Design Number C30020 submitted by Plaintiff is the Declaration of Jae Nah. In his declaration, Mr. Nah merely states that Plaintiff's first sales of Design Number C30020 were in October 2002, and "that my company produced and sold thousands of yards of fabric bearing [Design Number C30020] to numerous customers from 2002-2008." Declaration of Jae Nah, ¶ 7. However, such vague and conclusory statements certainly create no more than a "bare possibility" that Defendants may have had access to Plaintiff's Design Number C30020. *Jason*, 526 F.Supp. at 776-77. "In and of itself, such a bare possibility is insufficient to create a genuine issue of whether" Defendants had access to Plaintiff's Design Number C30020. *Id.*

### 2.   There is a Lack of Substantial Similarity Between Plaintiff's Design Number C30020 and Defendants' Allegedly Infringing Garment.

Even if the Court were to find that Defendants had access to Plaintiff's work, to prove copying Plaintiff must also "demonstrate that there is a substantial similarity, both of ideas and of the expression of ideas, between the copyrighted work and the allegedly infringing work." *Jason*, 526 F. Supp. at 777. "'Substantial similarity' refers to similarity of expression, not merely similarity of ideas or concepts." *Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1398 (9th Cir. 1997). Only protected expression is relevant for purposes of assessing substantial similarity. *See Shaw v. Lindheim*, 919 F.2d 1353, 1361 (9th Cir. 1990); *see also Smart Inventions, Inc. v. Allied Communications Corp.*, 94 F. Supp. 2d 1060, 1066 (C.D. Cal. 2000) ("It is an axiom of copyright law that ideas are not protected."). "[T]he party claiming infringement may place '*no* reliance upon any similarity in expression resulting from' unprotectable elements." *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994) (quoting *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987)) (emphasis in original).

To determine whether two works are substantially similar, the Ninth Circuit employs a two-part analysis - an extrinsic and an intrinsic test.[6] "The 'extrinsic test' is an objective comparison of specific expressive elements" which "'focuses on articulable similarities'" between the two works. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994)). "The intrinsic test is a subjective test that focuses on whether the ordinary, reasonable audience would recognize the [Defendants'] work as a dramatization or picturization of the [P]laintiff's work." *Kouf*, 16 F.3d at 1045 (internal quotations omitted). "For summary judgment, only the extrinsic test is important." *Id.* "[A] plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment, because a jury may not find substantial similarity without evidence on both the extrinsic and intrinsic tests." *Id.*

The Court recognizes that summary judgment is not favored on questions of substantial similarity in copyright cases. *See, e.g., Shaw*, 919 F.2d at 1355. Summary judgment is only appropriate if "no reasonable juror could find substantial similarity of ideas and expression, viewing the evidence in the light most favorable to the nonmoving party." *Kouf*, 16 F.3d at 1045; *see also Pasillas*, 927 F.2d at 442 ("Our circuit has expressed a certain disfavor for summary judgment on questions of substantial similarity, but it is nevertheless appropriate to grant summary judgment if, considering the evidence and drawing all inferences from it in the light most favorable to the nonmoving party, no reasonable jury could find that the works are substantially similar in idea and expression."). Although summary judgment is generally disfavored on the question of substantial similarity, "summary judgment is proper when the Court determines that the similarity between works is insubstantial as a matter of law." *Jason*, 526 F. Supp. at 777. Indeed, the Ninth Circuit has "frequently . . . affirmed summary judgment in favor of copyright defendants on the issue of substantial similarity." *Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989).

After comparing the sample of Design Number C30020 submitted to the Copyright Office and Defendants' allegedly infringing garment, and upon review of the admissible evidence and the papers submitted by the parties, the Court concludes that, viewing the evidence in a light most favorable to Plaintiff, no reasonable juror could find that the two works are substantially similar. "The observable similarities between the two designs are of a surface nature only," namely that both designs represent small-scale overall floral patterns of approximately the same size. *Prestige Fabrics, Inc., v. Universal Manufacturing Corp.*, 304 F.Supp. 903, 905 (S.D.N.Y. 1969). In this case, there are several critical differences between the two patterns. For example, it is undisputed that the flowers, stems, and leaves on Design Number C30020 are far more detailed than those found on the allegedly infringing garment, which have softer edges and are more impressionistic in

---

[6] "[O]riginally . . . the extrinsic prong was a test of similarity of ideas based on external criteria; analytic dissection and expert testimony could be used, if helpful. The intrinsic prong was a test for similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance. As it has evolved, however, the extrinsic test now objectively considers whether there are substantial similarities in *both* ideas and expression, whereas the intrinsic test continues to measure expression subjectively." *Apple Computer*, 35 F.3d at 1442. "Because the criteria incorporated into the extrinsic test encompasses all objective manifestations of creativity, the two tests are more sensibly described as objective and subjective analyses of expression, having strayed from *Krofft's* division between expression and ideas." *Shaw*, 919 F.2d at 1357.

appearance.[7] On Design Number C30020, multiple shades of one color are used to give the flowers their definition and sharper edges, while multiple shades of green are used to give the leaves and stems their definition and clean lines. On Defendants' allegedly infringing garment, the flowers are of one uniform color, with the leaves and stem a single shade of green. In the "well-traveled terrain" of floral patterns[8], these sorts of modest distinctions are sufficient to avoid a finding of substantial similarity. *Textile Corp. v. Citation Fabrics Corp.*, 328 F.Supp. 554, 555-56 (S.D.N.Y. 1971) (denying preliminary injunction in case involving allegedly infringing fabric containing a few minor variations on a design of flowers, birds, and bees); *see also Slifka v. Citation Fabrics Corp.*, 329 F.Supp. 1392, 1393 (S.D.N.Y. 1971) (denying preliminary injunction in case where both fabric designs contained large diamond shapes on an overall paisley pattern and finding that "both parties have worked in a heavily traveled terrain where comparatively modest distinctions may be sufficient to avoid charges of infringement"); *Folio Impressions, Inc. v. Byer California*, 752 F.Supp. 583, 591-92 (S.D.N.Y. 1990) (finding that plaintiff had failed to sustain burden of proving infringement and entering judgment for defendant where plaintiff's rose design had "sharper edges, a three pronged stem, and present[ed] a much more geometrically stylized appearance" while the defendant's rose design had "a single stem, [was] softer looking and the lines [were] more painterly and well rounded.").

In addition, Plaintiff's Design Number C30020 contains an overall background pattern of almost lace-like flowers that is completely lacking in the design on Defendants' allegedly infringing garment. *See Prestige Fabrics*, 304 F.Supp. at 905 (denying motion for preliminary injunction because two flower-patterned fabrics at issue were not substantially similar where, in part, "[t]he defendants' design has a definite and large background whereas the background in the plaintiff's is much less noticeable."). Moreover, the groupings of flowers, stems, and leaves within a vertical row in Design Number C30020 are spaced much farther apart than those on Defendants' allegedly infringing garment. *See Beeba's Creations, Inc. v. Details Sportswear, Inc.*, 1994 WL 268241, *2 (S.D.N.Y. June 15, 1994) (denying preliminary injunction because heart designs at issue were not substantially similar where, in part, the repetition of the pattern within the vertical row was different). Based on the aforementioned differences, the Court concludes that, viewing the evidence in a light most favorable to Plaintiff, no reasonable juror could find that there is a substantial similarity between Plaintiff's Design Number C30020 and Defendants' allegedly infringing garment. *See Manes Fabrics Co. v. Miss Celebrity, Inc.*, 246 F.Supp. 975, 977 (S.D.N.Y. 1965) (finding two floral designs not substantially similar where both designs consisted of floral bouquets set against a striped background, but where defendant used darker shades of green and brown and lighter shades of yellow in its flowers; the green stripe in defendant's fabric was considerably brighter; the composition of the flowers were dissimilar; and fine black lines around the edges of the flowers, leaves, and stems in defendant's design was missing from plaintiff's

---

[7] Plaintiff argues this difference is due to Defendants' garment being a "shoddy knock-off" but offers no evidence to support this contention.

[8] That floral patterns are a "well-traveled terrain" is supported not only by the case law, but also by even a casual inspection of *The Album of Chinese Textile Patterns*, which demonstrates that a multitude of floral-patterned fabric is available, with many of the designs contained therein being similar to Design Number C30020, the design on the allegedly infringing garment, and to other patterns contained within *The Album*. However, the similarity among many of these designs also serves to illustrate the relatively modest differences needed in a pattern to make it distinct.

design); *see also Cosmos Jewelry Ltd. v. Po Sun Hon Co.*, 470 F.Supp. 2d 1072, 1084 (C.D. Cal. 2007) (finding no copyright infringement because of a lack of substantial similarity where both plaintiff's and defendant's jewelry featured plumeria flowers).

### C.  Plaintiff's Vicarious and/or Contributory Copyright Infringement Claim Must Fail.

Plaintiff does not dispute that if it cannot maintain its direct copyright infringement claim against either of the Defendants that its vicarious and/or contributory copyright infringement claim against Defendants, which is based on the same alleged facts and the same purported acts of infringement, also fails. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise the right to stop or limit it."). In addition, contribution to copyright infringement must be intentional in order to establish liability. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1170-71 (9th Cir. 2007). Plaintiff has failed to demonstrate that Defendants intentionally induced either each other or a third party to infringe Plaintiff's copyright in Design Number C30020. Similarly, "[v]icarious infringement requires proof that 'the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringer,'" and Plaintiff has failed to demonstrate that Defendants had such direct control over either each other or a third party. *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 995 (9th Cir. 2009) (*citing Perfect 10*, 508 F.3d at 729). Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiff's Second Claim for Relief for Vicarious and/or Contributory Copyright Infringement.

## IV.  Conclusion

For all the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's First and Second Claims for Relief, and Plaintiff's Motion for Summary Adjudication is **DENIED**.

IT IS SO ORDERED.