8/31

DEBORAH F. SIRIAS, SB# 102893
E-Mail: sirias@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendant MS. BUBBLES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

L.A. PRINTEX INDUSTRIES, INC., a California Corporation,,

Plaintiff,

v.

WILLIAM CARTER CO., *et al.*

Defendants.

CASE NO. cv09-02449 JFW (FMOx)

**DEFENDANT MS. BUBBLES, INC.'S INTERROGATORIES TO PLAINTIFF L.A. PRINTEX INDUSTRIES, INC., SET ONE**

PROPOUNDING PARTY: Defendant, MS. BUBBLES, INC.

RESPONDING PARTY: Plaintiff, L.A. PRINTEX INDUSTRIES, INC.

SET NO.: ONE (Nos. 1-25)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant MS. BUBBLES, INC. ("MBI") hereby requests that Plaintiff L.A. PRINTEX INDUSTRIES, INC. ("Plaintiff"), respond to the following Interrogatories in writing, under oath, in accordance with the following definitions and instructions, and serve those answers to MB's counsel within thirty (30) days of service hereof.

To the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure, these interrogatories and the responses thereto are to be supplemented promptly upon acquisition of further information. As required by Local Rule 33-2, you are to quote each Interrogatory in full immediately preceding the statement of any answer or objection thereto.

## INSTRUCTIONS

The following instructions shall apply to each of the Interrogatories herein:

1. All requests contained in the following Interrogatories to identify a person are to be answered by providing sufficient information to enable the undersigned to contact the person by telephone and mail, and to serve legal documents on such person. If such person is a natural person, state his or her:

    a. full name;

    b. current business and residence addresses, including telephone numbers;

    c. present employer, occupation, and position;

    d. a brief description of the job responsibilities of such person; and

    e. a brief description of the responsibilities of such person with the pertinent organization.

If such person is other than a natural person, state:

    a. its full name or designation;

    b. the legal classification of the entity (e.g., corporation, partnership, etc.) giving the state of incorporation where appropriate;

    c. the principal place of business;

    d. the current or last known address and telephone number of the organization; and

    e. any other information reasonably necessary to permit efficient contact with the organization.



  2. All requests in the following Interrogatories to identify a written statement or document, should state:

   a. the name of the author;

   b. the type of document or writing;

   c. the date;

   d. the addressee or recipient; and

   e. the present location of the document or written statement

  3. All requests in the following Interrogatories to identify any event, should state:

   a. the name of the event;

   b. the nature of the event;

   c. the date of the event;

   d. the persons in attendance;

   e. the subject matter; and

   f. the location.

  4. If you claim that any information requested is privileged, provide all information falling within the scope of the Interrogatory which is not privileged, and identify with sufficient particularity for purposes of a motion to compel the information, document or thing, separately, with respect to which you claim a privilege, and state:

   a. the basis on which the privilege is claimed;

   b. the author or creator of the information, document or thing;

   c. each individual or other person to whom the information, document, copy thereof or thing was sent or otherwise disclosed; and

   d. the date of the information or document.

///

///



**DEFINITIONS**

The following definitions are to be considered as applicable to all Interrogatories:

1. As used herein, "L.A. PRINTEXT INDUSTRIES," "YOU," "YOUR", and "PLAINTIFF" mean Plaintiff L.A. PRINTEX INDUSTRIES, INC. including its predecessors in interest, its principals, officers, directors, employees, agents and representatives.

2. As used herein, "MBI," means Defendant MS. BUBBLES, INC. and its predecessors in interest and its principals, officers, directors, employees, agents and representatives.

3. As used herein, "SUBJECT DESIGN A" means PLAINTIFF's allegedly original two-dimensional artwork bearing PLAINTIFF's Internal Design Number C30020, and bearing copyright registration No. VAu 557-306.

4. As used herein, "LICENSEE" means any third party that has been licensed or otherwise authorized to use the SUBJECT DESIGN in connection with any products and/or services from the date of creation of the SUBJECT DESIGN to the present.

5. As used herein, "PERSON" shall mean and include any individual, sole proprietorship, partnership, unincorporated association, corporation, or other legal entity or form of organization or association.

6. As used herein, "IDENTIFY" or "IDENTITY" when used with reference to either an individual or an entity, requires that YOU set forth the name, business or residence address, business or residence telephone number of the individual or entity referenced.

7. As used herein, "RELATING" as used in connection with an interrogatory requesting the identity of any DOCUMENTS, shall be construed to include any communication which reflects, discusses, mentions or refers, whether directly or indirectly, to the person or subject matter set forth in the interrogatory.

8. As used herein, "DOCUMENT" shall mean and include the original, whether available in hard copy, electronic format or on floppy disc or hard drive, and each nonidentical copy (whether different from the original by means of notes made on such copy or otherwise) of any handwritten, typewritten, printed, recorded, transcribed, punched, taped, photocopied, photostatic, telexed, filmed, microfilmed or otherwise prepared matter, however produced or reproduced, which is in Your possession, custody or control, including, but not limited to, all invoices, purchase orders, letters, correspondence, memoranda, telegrams, telexes, cables, memoranda or minutes of meetings or conversations (personal or telephonic), reports, summaries, notes, surveys, analyses, studies, ledgers, journals and other formal or informal books of record or account, bulletins, announcements, manuals, instructions, agreements, legal documents, notebooks and writings of every description, including designs, drawings, graphs, charts, photographs, films, slides, proofs, recordings, electronic mail (including any electronic mail subject to electronic retrieval but not currently in paper form), computer tapes and print-outs and other data or compilations from which information can be obtained and translated, if necessary, by you into usable form.

9. As used herein, "COMMUNICATION" shall mean any transmission or exchange of information between two or more persons, orally or in writing, and includes without limitation any document, conversation or discussion, whether face to face or by means of telephone, telegram, telex, telecopier, electronic mail or other media.

10. As used herein, "STATE ALL FACTS" requests that YOU set forth in detail all facts, opinions, information, evidence, relating to the information requested in the interrogatory including the identity of any and all witnesses having knowledge of those facts, and a description of any and all documents relating to those facts

11. As used herein, "COMPLAINT" means the First Amended Complaint filed by YOU on April 8, 2009 against WILLIAM CARTER CO., MEIJER, INC.; JC



PENNEY CORPORATION, INC.; CARSON PIRIE SCOTT & CO.; MACY'S, INC.; KOHLS CORPORATION; SEARS HOLDINGS CORPORATION; BURLINGTON COAT FACTORY DIRECT CORP.; CARTER'S, INC. d/b/a CARTER'S CHILDREN; TOYS "R" US, INC. d/b/a BABIES "R" US; WINMARK CORPORATION d/b/a PLATO'S CLOSET; AEROPOSTALE, INC., MS. BUBBLES, INC., and HAMMOND GARMENT MANUFACTURING CO., INC.Case No.: CV-09-02449 JFW (FMCx).

## INTERROGATORIES

**INTERROGATORY NO. 1:**

STATE ALL FACTS supporting YOUR contention in paragraph 21 of the COMPLAINT that YOU "composed an original two -dimensional artwork for purposes of textile printing", identified herein as SUBJECT DESIGN A.

**INTERROGATORY NO. 2:**

STATE ALL FACTS supporting YOUR contention in paragraph 22 of the COMPLAINT that YOU "applied for and received copyright registration for the SUBJECT DESIGN A on July 17, 2002, with the Subject Design being granted the assignment of Registration No. VAu 557-306."

**INTERROGATORY NO. 3:**

STATE ALL FACTS supporting YOUR contention in paragraph 23 of the COMPLAINT that "[p]rior to the acts complained of herein, [YOU] sampled and sold fabric bearing SUBJECT DESIGN A to numerous parties in the fashion and apparel industries."

**INTERROGATORY NO. 4:**

STATE ALL FACTS supporting YOUR contention in paragraph 26 of the

COMPLAINT that, PLAINTIFF's "further investigation revealed that garments with a fabric design identical or substantially similar to SUBJECT DESIGN A were being sold by PLATO'S and AEROPOSTALE and manufactured by MS. BUBBLES."

**INTERROGATORY NO. 5:**

STATE ALL FACTS supporting YOUR contention in paragraph 28 of the COMPLAINT that, "in spite of [its] receipt of [a] cease and desist demand letter [MBI] continued to sell Infringing Garments A in violation of [YOUR] rights as the copyright proprietor of SUBJECT DESIGN A."

**INTERROGATORY NO. 6:**

STATE ALL FACTS supporting YOUR contention in paragraph 37 of the COMPLAINT that MBI "had access to SUBJECT DESIGN A, including but not limited to (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of [SUBJECT DESIGN A] including but not limited to international and/or overseas converters and printing mills; and (c) access to Plaintiff's strike-offs and samples."

**INTERROGATORY NO. 7:**

STATE ALL FACTS supporting YOUR contention in paragraph 38 of the COMPLAINT that MBI, has an "ongoing business relationship with Defendant retailers, and each of them, and supplied graments to said retailers, which garments infringed [SUBJECT DESIGN A] by utilizing fabrics which featured unauthorized print designs that were identical or substantially similar to [SUBJECT DESIGN A]."

**INTERROGATORY NO. 8:**

STATE ALL FACTS supporting YOUR contention in paragraph 39 of the COMPLAINT that MBI, "infringed Plaintiff's copyright by creating, making and/or

developing directly infringing and/or derivative works from [SUBJECT DESIGN A] and by producing, distributing and/or selling Infringing Garments A...through a nationwide network of retail stores and through on-line websites."

**INTERROGATORY NO. 9:**

STATE ALL FACTS supporting YOUR contention in paragraphs 40 and 41 of the COMPLAINT that "[d]ue to [MBI's] acts of infringement" YOU have "suffered substantial damages to [YOUR] business...", and that YOU have "suffered general and special damages...".

**INTERROGATORY NO. 10:**

STATE ALL FACTS supporting YOUR contention in paragraph 42 that "[d]ue to [MBI's] acts of copyright infringement...[MBI] [has] obtained direct and indirect profits [it] would not otherwise have realized by for their infringement of [SUBJECT DESIGN A]."

**INTERROGATORY NO. 11:**

STATE ALL FACTS supporting YOUR contention in paragraph 43 of the COMPLAINT that MBI has "continued to import, manufacture, cause to be manufactured and/or sell Infringing Garments after [YOU] demanded that they cease and desist from engaging in same."

**INTERROGATORY NO. 12:**

STATE ALL FACTS supporting YOUR contention in paragraph 45 that MBI "knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring [SUBJECT DESIGN A]...".



**INTERROGATORY NO. 13:**

STATE ALL FACTS supporting YOUR contention in paragraph 46 that MBI, "...had the right and ability to supervise the [allegedly] infringing conduct..." and that MBI "...had a direct financial interest in the [allegedly] infringing conduct...".

**INTERROGATORY NO. 14:**

Describe in detail any and all damages that YOU contend YOU have suffered as a result of the acts of MBI as alleged in the COMPLAINT and include therein the specific manner in which each item of damage is calculated.

**INTERROGATORY NO. 15:**

STATE ALL FACTS supporting YOUR contention in paragraph 48 that MBI has "obtained direct and indirect profits they would not otherwise have realized but for their infringement of [SUBJECT DESIGN A]."

**INTERROGATORY NO. 16:**

IDENTIFY every court, mediation or arbitration proceeding brought byYOU, in whole or in part, for copyright infringement, by stating for each proceeding:

A. The date the proceeding was filed or otherwise brought by YOU;

B. The copyright allegedly infringed and the owner thereof; and

C. The disposition of each proceeding (e.g., settlement, dismissal, judgment).

**INTERROGATORY NO. 17:**

Describe all steps (from initial research until final design, if applicable) in the process by which SUBJECT DESIGN A was created.

**INTERROGATORY NO. 18:**

IDENTIFY each PERSON who participated in the creation of SUBJECT

DESIGN A by stating for each PERSON:

A. The PERSON's name:

B. The PERSON's last known contact information (address, telephone numbers, email); and

C. The PERSON's employer at the time said PERSON participated.

**INTERROGATORY NO. 19:**

IDENTIFY total sales (in dollars and units) by YOU of SUBJECT DESIGN A.

**INTERROGATORY NO. 20:**

IDENTIFY YOUR profits from YOUR sale of SUBJECT DESIGN A and describe the method by which YOU calculated YOUR profits.

**INTERROGATORY NO. 21:**

Identify all efforts made by YOU to determine whether SUBJECT DESIGN A infringed on the intellectual property rights of others by stating:

A. The date of any efforts;

B. The PERSON (name, address, telephone, email) making such efforts;

C. A description of such efforts; and

D. Any report regarding such efforts or determination.

**INTERROGATORY NO. 22:**

IDENTIFY in detail each PERSON who has been a LICENSEE of SUBJECT DESIGN A since the date of its creation.

**INTERROGATORY NO. 23:**

For each of YOUR LICENSEES, state YOUR annual gross revenues for the last five (5) years for SUBJECT DESIGN A.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**INTERROGATORY NO. 24:**

IDENTIFY all witnessess whom YOU expect to testify at trial on YOUR behalf and the matters upon which each is expected to testify.

**INTERROGATORY NO. 25:**

IDENTIFY all DOCUMENTS YOU intend to introduce at trial on YOUR behalf.

DATED: July 31, 2009

DEBORAH F. SIRIAS
LEWIS BRISBOIS BISGAARD & SMITH LLP

By [signature]
Deborah F. Sirias
Attorneys for Defendant MS. BUBBLES, INC.

**FEDERAL COURT PROOF OF SERVICE**

*L.A. Printex Industries, Inc. v. William Carter Co., et al.*

File No. 34659-39

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 31, 2009, I served the following document(s):

**DEFENDANT MS. BUBBLES, INC.'S INTERROGATORIES TO PLAINTIFF L.A. PRINTEX INDUSTRIES, INC., SET ONE**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 31, 2009, at Los Angeles, California.

V Towles

Vicki Towles

## SERVICE LIST

Stephen M. Doniger, Esq.
Scott A. Burroughs, Esq.
**Doniger Law Firm, APC**
300 Corporate Pointe, Suite 355
Culver City, CA 90230

Telephone: (310) 590-1820
Facsimile: (310) 417-3538
E-mail: stephen@donigerlawfirm.com
E-mail: scott@donigerlawfirm.com

Kristin L. Holland, Esq.
**Katten Muchin Rosenman LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

Telephone: (310) 788-4400
Facsimile: (310) 788-4471
E-mail: zia.modabber@kattenlaw.com
E-mail: kristin.holland@kattenlaw.com

Matthew R. Orr, Esq.
Scott J. Ferrell, Esq.
Scott P. Shaw, Esq.
**Call Jensen and Ferrell**
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660

Telephone: (949) 717-3000
Facsimile: (949) 717-3100
E-mail: morr@calljensen.com
E-mail: sferrell@calljensen.com
E-mail: sshaw@calljensen.com