| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

CIVIL MINUTES -- GENERAL

| Case No. | **CV 09-2449-JFW (FMOx)** | Date: December 1, 2010 |
|---|---|---|

Title:    L.A. Printex Industries, Inc. -v- William Carter Co., et al.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| S. Eagle | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

| PROCEEDINGS (IN CHAMBERS): | **ORDER GRANTING DEFENDANT MS. BUBBLES, INC. ATTORNEY'S FEES IN THE AMOUNT OF $217,556.50; and** |
|---|---|
| | **ORDER GRANTING DEFENDANT AEROPOSTALE, INC. ATTORNEY'S FEES IN THE AMOUNT OF $198,888.56** |

**I.    Factual and Procedural History**

On July 16, 2010, Defendants Ms. Bubbles, Inc. ("Ms. Bubbles") and Aeropostale, Inc. ("Aeropostale") (collectively, "Defendants") filed a Motion for Attorneys' Fees and Costs ("Motion"). On July 26, 2010, Plaintiff L.A. Printex Industries, Inc. ("Plaintiff") filed its Opposition. On August 2, 2010, Defendants filed a Reply. On August 10, 2010, the Court issued an order granting Defendants' Motion, and ordered the parties to meet and confer to resolve any disputes regarding the amount of reasonable attorney's fees that should be awarded to Defendants, and submit a joint statement to the Court if they could not resolve their disputes. The parties failed to reach an agreement during the meet and confer process, and on August 31, 2010, they filed their Joint Statement Re: Defendants' Attorneys' Fees ("Joint Report"). The Joint Report failed to include the description, or narrative, for each of the disputed entries, which was specifically required by the Court's August 10, 2010 Order granting Defendants attorneys' fees. On September 21, 2010, the Court ordered the parties to file an amended Joint Statement with a summary table in the format shown in Exhibit A to the September 21, 2010 Order. On October 12, 2010, after the Court granted an extension of time to file the amended Joint Report, the parties filed their Revised Joint Statement Re: Defendants' Attorneys' Fees ("Revised Joint Report").

## II.     Discussion

In this case, the parties were unable to reach any agreements during the meet and confer process, and, therefore, the Court must determine the amount of attorney's fees that should be awarded to Defendants.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  This equation is commonly referred to as the "lodestar."  *See, Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007).  The prevailing rate in the community is indicative of the reasonable hourly rate for purposes of calculating attorney's fees using the lodestar method.  *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).  The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.  *Blum v. Stenson*, 465 U.S. 886, 895, n.11 (1984).  The fee applicant also "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."  *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'"  *Welch*, 480 F.3d at 946 (quoting *Hensley*, 461 U.S. at 433).  In making its reasonableness determination, the district court has considerable discretion to adjust the lodestar upward or downward on the basis of the twelve factors set forth in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976), some of which are subsumed into the initial lodestar calculation.[1] *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996).  In addition, "[i]f opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut."  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

### A.     The Hourly Rates Requested By Counsel for Defendants Are Reasonable.

Ms. Bubbles seeks fees for work performed by its attorneys, Lewis Brisbois Bisgaard & Smith LLP ("LBBS"), and Lacey Dunn & Do ("LDD").  Aeropostale seeks fees for work performed by its attorneys, Katten Muchin Rosenman LLP ("KMR").   Plaintiff does not dispute the reasonableness of the hourly rates charged by the attorneys representing Ms. Bubbles at LBBS or LDD.[2]  However, Plaintiff does dispute the reasonableness of the hourly rates charged by the

---

[1]These "subsumed factors" include (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; (4) *the results obtained*; and (5) the contingent nature of the fee agreement. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  In the Ninth Circuit, the favored approach is to adjust the lodestar on the basis of the subsumed reasonableness factors *before* calculating the lodestar.  *Id.*

[2]  Even though Plaintiff does not dispute the reasonableness of the hourly rates charged by LBBS or LDD, the Court has independently considered those hourly rates and the experience of each attorney and finds that the hourly rates charged by LBBS and LDD are reasonable.  Those billing rates are as follows: (1) Deborah F. Sirias billed at $225.00 per hour; (2) Thomas S. Kidde billed at $225.00 per hour; (3) Robert M. Collins billed at $195.00 per hour; and (4) Daniel F. Lewis

attorneys at KMR representing Aeropostale.

The hourly rates for the attorneys at KMR that billed time to this action are as follows[3]: (1) Karen Artz Ash, whose billing rate was $715.50 per hour in 2009 and $738 per hour in 2010; (2) Jay Shapiro, whose billing rate was $544.50 per hour in 2009 and $562.50 in 2010; (3) Zia F. Modabber, whose billing rate was $544.50 per hour in 2009 and $562.50 per hour in 2010; (4) Bret J. Danow, whose billing rate was $495 per hour in 2009[4]; (5) Keely L. Herrick, whose billing rate was $477 per hour in 2009[5]; (6) Cory Baskin, whose billing rate was $346.50 per hour in 2009 and $396 per hour in 2010; and (7) Kristin L. Holland, whose billing rate was $450 per hour in 2009 and $463.50 per hour in 2010.[6] In addition the hourly rates for the paralegals at KMR that billed time to this action are as follows: (1) Vasiliki Plevritis, whose billing rate was $198 per hour in 2009 and $202.50 in 2010; and (2) Georgia Saltsman, whose billing rate is $229.50 in 2010.[7]

In her declaration, Ms. Holland details the experience and reputation of each attorney, which supports the hourly rates charged by those attorneys. Ms. Ash, who is a partner at KMR and the national co-chair of its Intellectual Property Practice Group, has been practicing in the intellectual property field for approximately 30 years. Ms. Ash has authored over 50 articles, including articles published in *The Patent and Trademark Copyright Journal* and *Managing Intellectual Property*, and was selected by Forbes.com as a "Best Lawyer in America" (IP) in 2005. Mr. Shapiro, who is a partner at KMR and a member of its Insurance and Risk Management, Litigation and Dispute Resolution and White Collar Criminal and Civil Litigation and Compliance Practice Groups, has been an attorney for approximately 30 years, and has tried over 35 cases in state and federal court, including intellectual property disputes. In fact, Mr. Shapiro has represented Aeropostale in numerous trademark and copyright matters. Mr. Shapiro has written and co-authored numerous publications, including *Moore's Federal Practice*, 3d Ed., Summary Judgment (Matthew Bender), and has been an Adjunct Professor of Law at New York Law School since 1989. Mr. Modabber, who is a partner at KMR and Chair of its Los Angeles Litigation and Dispute Resolution Practice, has been an attorney for approximately 22 years. Mr. Modabber is an experienced trial lawyer, and has been recognized nationally as one of the best lawyers in the country. Mr. Danow, who is a partner at KMR and a member of its Intellectual Property Practice, has been an attorney for approximately 20 years. Ms. Herrick, who is an associate at KMR, has been an attorney for

---

billed at $195.00 per hour.

[3] These rates and the rates for the paralegals billed to this matter include the ten percent discount that KMR normally provides to Aeropostale.

[4] Mr. Danow did not bill any time to this matter in 2010.

[5] Ms. Herrick did not bill any time to this matter in 2010.

[6] While Plaintiff complains about the number of attorneys at KMR that worked on this case, three of those attorneys, Mr. Modabber, Ms. Herrick, and Mr. Danow, billed less than 10 hours, and those hours were billed during the early stage of the case and before the matter was transferred to the team assembled to defend this action.

[7] Ms. Saltsman did not bill any time to this matter in 2009.

approximately eight years, and her practice focuses on intellectual property law. Mr. Baskin, who is an associate at KMR and a member of its Litigation and Dispute Resolution Department, has been an attorney for approximately 5 years and his practice focuses on all aspects of business litigation. Ms. Holland, who is a partner at KMR and a member of its Intellectual Property Litigation Department, has litigated intellectual property disputes for 14 years. Ms. Holland has spoken extensively on intellectual property issues, and serves as the Chair of the Outside Counsel Advisory Board of the Association of Media and Entertainment Counsel.

In addition to their extensive experience, the KMR attorney's hourly rates are reasonable when compared to the prevailing rates charged in Los Angeles "for similar services of lawyers with reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895. For example, the American Intellectual Property Law Association ("AIPLA") Survey, *Report of the Economic Survey 2007* and the National Law Journal's 2008 *Billing Survey*, reveal that the rates charged by KMR in this action are below the average rates charged by large national firms with offices in Los Angeles, such as Sheppard, Mullin, Richter & Hampton and Manatt, Phelps & Phillips.[8] In addition, courts in this district have found that rates ranging from $690 per hour for a senior partner to $305 per hour for a junior associate in 2006 charged by Manatt, Phelps & Phillips in a copyright case were "consistent with the rates typically charged by other highly-regarded southern California law firms for similar work for attorneys of comparable experience." *Love v. Mail on Sunday*, 2007 WL 2709975, *8 (C.D Cal. Sept. 7, 2007).

Based on a comparison of the expertise, experience, and reputation of the KMR attorneys in intellectual property law with the hourly rates charged by comparable law firms, the Court finds that the rates charged by the KMR attorneys are reasonable. Accordingly, the Court finds that Aeropostale has produced satisfactory evidence that the rates requested by its counsel are in-line with prevailing rates in the community. *See United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (holding that "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases, particularly setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate").

While Plaintiff offers no evidence that the KMR attorneys' hourly rates are unreasonable, it nonetheless argues that the hourly rates requested by Aeropostale are grossly inflated and excessive. However, Plaintiff's naked assertion that Aeropostale has not met its burden of demonstrating the reasonableness of the KMR attorneys' hourly rates is insufficient to rebut the evidence submitted by Aeropostale.[9] *See, United Steelworkers*, 896 F.2d at 407 (holding that the district court must assume that the rates established by the plaintiffs' evidence are reasonable where "[a]lthough the defendants disagreed with this evidence, they did not support their

---

[8] The 2011 Vault 100 "Prestige Rankings," voted on by more than 15,000 attorneys nationwide, and the 2010 AmLaw 100 rankings of the top law firms in the country by gross revenue and revenue per lawyer demonstrate that these firms are comparable to KMR in expertise, experience, and reputation.

[9] Similarly, Plaintiff fails to present any evidence to support its conclusory assertion that the rates charged by the attorneys that work in KMR's New York office are "significantly higher" than in Los Angeles.

arguments with any affidavits or evidence of their own regarding the legal rates in the community").

B.  **The Majority of Hours Billed by Defendants' Counsel Are Reasonable.**

1.  **The Majority of Hours Billed by Counsel for Ms. Bubbles Are Reasonable.**

Ms. Bubbles requests an award of $218,366.50, which consists of $2,740.00 in fees billed by LDD, its former counsel, and $215,626.50 in fees billed by LBBS, its current counsel. In addition to the issues raised by Plaintiff in the Revised Joint Report, the Court has conducted its own independent review of the billing statements submitted by counsel for Ms. Bubbles and determined, with certain exceptions discussed herein, that the majority of hours billed are reasonable.

a.  **Ms. Bubbles Is Entitled to Attorney's Fees for the Hours Spent Preparing Documents Plaintiff Contends Were Prepared in *L.A. Printex Industries, Inc. v. Aeropostale, Inc.,* CV 08-7085-DDP (Ex).**

Plaintiff argues that Ms. Bubbles is not entitled to an award of attorney's fees for hours spent preparing documents, including pleadings, motions, and discovery requests and responses, that Plaintiff contends are virtually identical to those prepared by Ms. Bubbles in an earlier action, *L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, CV 08-7085-DDP (Ex) (the "*Aeropostale* action"). Plaintiff argues that both actions were simple copyright infringement actions, and, thus, the fees charged by counsel for Ms. Bubbles related to the preparation of these documents should be reduced by at least 75 percent.

Ms. Bubbles argues that a simple comparison of the questioned documents, including Ms. Bubbles' Answer, initial disclosures, requests for documents, interrogatories, and responses to requests for production of documents, reveal multiple substantive differences in the documents, which clearly demonstrate that the documents prepared in this case are the product of original work. In addition, Ms. Bubbles argues that the presence of different issues in each case necessitated the preparation of documents tailored to the issues in that case. For example, the issues in the *Aeropostale* action involved whether Plaintiff was allowed to copyright works that were allegedly derivative of artwork found on Adobe Photoshop and the validity of Plaintiff's purported published collective work copyright registration. In contrast, the issues in this action related to whether Plaintiff had ever submitted the textile design at issue to the Copyright Office and the validity of Plaintiff's allegedly unpublished collection.

The Court agrees with Ms. Bubbles. As the Ninth Circuit recently stated in *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (2008):

> The court may reduce the number of hours awarded because the lawyer performed unnecessarily duplicative work, but determining whether work is unnecessarily duplicative is no easy task. When a case goes on for many years, a lot of legal work product will grow stale; a competent lawyer won't rely entirely on last year's, or even last month's research: Cases are decided; statutes are enacted; regulations are promulgated and amended. A lawyer also needs to get up to speed with the

research previously performed. All of this is duplication, of course, but it's *necessary* duplication; it is inherent in the process of litigating over time. . . . One certainly expects *some* degree of duplication as an inherent part of the process. There is no reason why the lawyer should perform this necessary work for free.

In this case, the documents Plaintiff claims were duplicative were prepared in an entirely different case that involved different copyright infringement issues. It would be highly irresponsible and border on malpractice for counsel to simply cut-and-paste pleadings, motions, and discovery requests and responses from another copyright infringement case without regard to the unique issues in this case. The frivolous nature of Plaintiff's objection is demonstrated by the fact that Plaintiff's counsel billed substantial time for identical or nearly identical work in this case and in a separate copyright infringement action. Accordingly, Ms. Bubbles is entitled to a full award of attorney's fees for hours spent preparing documents that Plaintiff argues are duplicative of those drafted in the *Aeropostale* action.

> **b.     Ms. Bubbles Is Entitled to Attorney's Fees for the Hours Spent Reviewing Documents Produced By or To Its Co-Defendants.**

Plaintiff claims that the 23.8 hours billed by LBBS to review documents produced by or to its co-defendants in this case should be reduced by at least 75 percent because the documents were unrelated to the claims alleged against Ms. Bubbles, and, therefore, such an exhaustive review was unnecessary.

Ms. Bubbles claims that Plaintiff's argument is "ridiculous" and essentially suggests that LBBS should have represented its client "with blinders on, ignoring documents filed and served by its co-defendants." Revised Joint Report, 43:27-44:1.

The Court agrees with Ms. Bubbles. The 23.8 hours billed to review documents related to its co-defendants is minuscule when considered in relation to the overall amount billed by counsel for Ms. Bubbles, and, in absence of any evidence to the contrary, is reasonable. As Ms. Bubbles correctly points out, "Plaintiff cannot on the one hand enjoy significant convenience and costs savings by suing multiple defendants in a single action and then blame [Ms. Bubbles] for monitoring the case against the several co-defendants." *Id.*, at 44:10-12. LBBS had a duty to review all of the documents that related to its co-defendants to determine whether or not those documents impacted Ms. Bubbles' defense, involved a motion Ms. Bubbles wished to join, or required objections or additional briefing to clarify Ms. Bubbles' position in light of those documents. Accordingly, Ms. Bubbles is entitled to a full award of attorney's fees for hours spent reviewing documents produced by or to its co-defendants.

> **c.     Ms. Bubbles Is Entitled to Attorney's Fees for the Hours Spent Preparing for Depositions.**

Plaintiff argues that the 60.3 hours billed by LBBS to prepare for the depositions of Ms. Moon Choi and Mr. Jae Nah is "egregiously" excessive and should be reduced by at least 80 percent. Plaintiff contends that because there were several entries in the billing records related to the depositions of Cindy Song and Daniel Jung in the *Aeropostale* action, it is extremely likely that a substantial portion of the time spent preparing for Mr. Nah's deposition in the *Aeropostale*

action[10] was billed to this action. Plaintiff further contends that because two of the three deponents produced by Aeropostale in this action were also produced in the *Aeropostale* action, the time billed for preparing to depose those witnesses in this action was somehow duplicative of work done in the *Aeropostale* action.

First, Ms. Bubbles denies that LBBS billed time for work performed in the *Aeropostale* action to this action. Ms. Bubbles concedes that an April 16, 2010 entry for 1.2 hours related to preparing for the deposition of Cindy Song was erroneously billed to this action instead of the *Aeropostale* action, and has deducted $270.00 from its fee request.[11]

In addition, Ms. Bubbles notes that it was required to prepare for the depositions of Mr. Nah and Ms. Choi on multiple occasions because Plaintiff repeatedly refused at the last minute to produce these deponents, necessitating re-noticing and preparing for these depositions on multiple occasions. For example, the deposition of Plaintiff's Rule 30(b)(6) deponent, Mr. Nah, was originally scheduled for November 10, 2009, and rescheduled to accommodate other defendants for March 4, 2010. On March 2, 2010, Plaintiff unilaterally cancelled the deposition, which was rescheduled for April 7, 2010. On April 5, 2010, Plaintiff again unilaterally cancelled the deposition, which was then rescheduled for April 30, 2010. On April 29, 2010, Plaintiff again cancelled the deposition. The defendants were finally able to depose Mr. Nah on May 20, 2010, a mere four days before the cut-off for filing a motion for summary judgment. Ms. Bubbles also correctly points out that time spent preparing its witnesses who were also deposed in the *Aeropostale* action was not duplicative, and failure to separately prepared its witnesses for deposition in this action "in a factually distinguishable lawsuit, would be the height of client disservice if not outright malpractice." Revised Joint Report, 64:11-12.

The Court agrees with Ms. Bubbles. Once again, Plaintiff argues without evidentiary support that merely because similar work was performed in two separate copyright infringement actions involving some of the same parties, Ms. Bubbles should not be entitled to recover its fees for performing that work in this action.[12] However, Plaintiff again fails to acknowledge that any duplication of efforts in these two cases was necessary because of the different facts and legal theories presented in the two cases. In addition, Plaintiff cannot reasonably expect to repeatedly cancel the deposition of Mr. Nah at the last minute on three separate occasions and now benefit from that questionable behavior by arguing that the work entailed in preparing for the cancelled depositions was excessive. Accordingly, Ms. Bubbles is entitled to an award of attorney's fees for

---

[10] Mr. Nah was deposed in both cases.

[11] Ms. Bubbles also argues that the only billing entry in this case relating to Daniel Jung, who was deposed in the *Aeropostale* action, consists of an entry for .2 of an hour and that time was necessary because counsel was considering the necessity of deposing Mr. Jung in this action at that time, and, thus, that entry is not erroneous.

[12] The arbitrary nature of Plaintiff's proposed reductions are evident throughout its Opposition. For example, without any evidentiary support or explanation as to why the reduction in fees should be different, Plaintiff argues that the fees requested by LBBS related to deposition preparation should be reduced by 80 percent while the fees requested by KMR for the same work should be reduced by only 75.

hours spent preparing for depositions.

### d. Ms. Bubbles Is Not Entitled to Its Attorney's Fees for Hours Related to the Proposed Protective Order.

Plaintiff argues that Ms. Bubbles should not be reimbursed for the 3.6 hours billed for preparing and discussing with counsel a proposed protective order because Magistrate Judge Fernando M. Olguin rejected the proposed protective order because it failed to comply with California state law and the Local Rules. Ms. Bubbles argues that the modest amount of time devoted to this task was reasonable, even if the proposed protective order was rejected by the Court.

The Court agrees with Plaintiff. In *Cabrales v. County of Los Angeles*, the Ninth Circuit held that a party "who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage." 935 F.2d 1050, 1053 (9th Cir. 1991) (holding that party was entitled to attorney's fees related to unsuccessful writ petition where the prevailing party had unsuccessfully opposed a request for certiorari to the United States Supreme Court, but ultimately prevailed on remand). However, as the Court in *Signature Networks, Inc. v. Estefan*, held:

> *Cabrales*, however, does not hold that an "improper" step can be considered a "necessary step" to victory. Indeed, such an extension of *Cabrales* would be illogical – allowing recovery of attorneys' fees for improper actions taken by a prevailing party would reward improperly multiplying the proceedings.

2005 WL 1249522, *5 (N.D. Cal. May 25, 2005) (upholding magistrate's refusal to award attorney's fees for improperly filed Florida action). In this case, the proposed protective order was rejected by Magistrate Judge Olguin, in part, because it failed to conform to the Local Rules. To allow Ms. Bubbles to recover fees when its counsel failed to follow the Local Rules would be rewarding counsel's failure to follow the Court's Local Rules. Accordingly, the Court will not award the $810.00 in attorney's fees sought by Ms. Bubbles for hours related to the proposed protective order.

### e. Ms. Bubbles Is Entitled to Attorney's Fees for Hours Related to Preparing an *Ex Parte* Application to Continue the Hearing Cut-Off Date.

Plaintiff argues that Ms. Bubbles should not be reimbursed for time spent preparing an *ex parte* application to continue the motion cut-off date because such an application was never filed in this action but was instead filed in the *Aeropostale* action.

Ms. Bubbles argues that the preparation of an *ex parte* application was required because of Plaintiff's persistent refusal to produce its witnesses for deposition, including producing Mr. Nah for the Rule 30(b)(6) deposition a mere four days before the motion cut-off date. The *ex parte* application was never filed because after the deposition was completed LBBS made the wise strategic decision to simply expedite the transcripts of Ms. Choi and Mr. Nah rather than burden the Court with the *ex parte* application.

The Court agrees with Ms. Bubbles. As discussed above, Plaintiff should not be rewarded for its repeated unjustified last-minute cancellations of the properly-noticed depositions in this action. Ms. Bubbles should not be penalized for LBBS's decision to forego the *ex parte* application seeking an extension of the motion hearing deadline in favor of simply expediting the work necessary to timely file its motion for summary judgment. Ms. Bubbles is entitled to all attorney's fees reasonably expended in defending the claims against it, even if some of those fees were spent on ultimately untaken or unsuccessful steps. *See, e.g., Cabrales*, 935 F.2d at 1053. Accordingly, Ms. Bubbles is entitled to its fees for preparing the *ex parte* application to continue the hearing cut-off date.

### f.   Ms. Bubbles Is Not Entitled to Attorney's Fees for the Hours Related to a Motion for Reconsideration.

Ms. Bubbles concedes that a May 26, 2010 entry for 1.5 hours related to researching the possibility of obtaining a stay on a motion for reconsideration was erroneously billed to this action, and, instead, should have been billed to the *Aeropostale* action. Ms. Bubbles' fee request of $218,366.50 includes a deduction of $292.50 for this erroneous time entry.

### g.   Ms. Bubbles Is Entitled to Attorney's Fees for the Hours Related to the Mediation.

Plaintiff argues that the 21.1 hours billed for the mediation should be reduced by at least 50 percent because less than half that time was devoted to drafting and revising the mediation brief, and the rest of the time was spent on scheduling the mediation and discussing mediation strategy with counsel for the other defendants.

Ms. Bubbles argues and the Court agrees that it was reasonable to spend 21.1 hours over the course of several months to prepare a mediation brief, coordinate scheduling issues with the mediator, coordinate with counsel for the other defendants, and to prepare the client and insurance carrier representative to participate in a mediation in a case with a potential exposure in excess of $800,000.

Having reviewed the billing records, the majority of the conferences among counsel for Ms. Bubbles and its client, counsel for the other defendants, and/or the mediator were billed in reasonable increments of .1, .2, or .3 of an hour, and there is no evidence that there was an excessive number of such conferences. As Ms. Bubbles points out, the number of conferences to coordinate a mutually-agreeable mediation date and other scheduling issues was necessitated in part by Plaintiff's decision to name so many defendants in one action. Moreover, Plaintiff objects to some time entries for conferences, but not others, without giving any legal or factual basis for these objections. Accordingly, Ms. Bubbles is entitled to an award of fees for the hours claimed for the mediation.

### h.   Ms. Bubbles Is Entitled to Attorney's Fees for the Hours Related to the Motion for Attorney's Fees.

Plaintiff argues that the 45.3 hours spent by Ms. Bubbles on its motion for attorney's fees is "clearly excessive" and should be reduced by at least 75 percent.

Ms. Bubbles argues that the time spent on the motion for attorney's fees was reasonable because Ms. Bubbles was required to collect and review invoices and other records for an entire year, draft multiple declarations in support of its request, and research and draft the motion and reply. Ms. Bubbles concedes that $42.00 in fees billed (for .1 of an hour billed by Ms. Sirias and .1 of an hour billed by Mr. Collins) related to work done on the pending appeal of this case should not have been included in its fee request and, thus, have been deducted from its request for $218,366.50 in attorney's fees.

The Court agrees with Ms. Bubbles. In this case, while there were no novel or unique legal or factual issues related to the attorney's fees motion, it involved substantial review and analysis of billing and other records for multiple attorneys for a one year time period, and required substantial coordination between Ms. Bubbles and Aeropostale in the preparation of the attorney's fees motion, reply, and related declarations. All of these tasks were time-consuming, and the Court's review of the billing records fails to demonstrate that the time spent by counsel was "clearly excessive" or unreasonable given the tasks involved. Accordingly, Ms. Bubbles is entitled to a full award of fees for the hours related to the motion for attorney's fees.

For all the foregoing reasons, the Court finds that $217,556.50 of the 218,366.50 in attorney's fees requested by Ms. Bubbles are reasonable.[13] Accordingly, Ms. Bubbles is entitled to an award of attorney's fees of $217,556.50.

### 2. The Majority of Hours Billed by Counsel for Aeropostale Are Reasonable.

Aeropostale requests an award of $250,027.75 for services rendered by its counsel, KMR. In addition to the issues raised by Plaintiff in the Revised Joint Report, the Court has conducted an independent review of the billing statements submitted by Aeropostale's counsel and determined that, with some exceptions, the majority of hours billed are reasonable.

### a. Aeropostale Is Not Entitled to Attorney's Fees for Hours Related to the Proposed Protective Order But Is Entitled to Attorney's Fees for Hours Related to Preparing Other Documents Plaintiff Contends Were Prepared in *L.A. Printex Industries, Inc. v. Aeropostale, Inc.,* CV 08-7085-DDP (Ex).

Plaintiff argues that Aeropostale is not entitled to an award of fees for hours spent preparing documents, including pleadings, motions, and discovery requests and responses, that Plaintiff contends were virtually identical to those prepared and filed in the *Aeropostale* action. Plaintiff argues that both actions were simple copyright infringement actions, and, thus, the fees charged by KMR related to the preparing of these documents should be significantly reduced. With respect

---

[13] The attorney's fees request of Ms. Bubbles has been reduced by $810.00 for the reasons discussed.

to Plaintiff's request to reduce the fees incurred in preparing Aeropostale's Answer, preparing the indemnity agreement between Aeropostale and Ms. Bubbles, and preparing discovery requests and responses[14], the Court finds that those hours were not duplicative of time billed in the *Aeropostale* action, and Aeropostale is entitled to an award of attorney's fees for hours spent preparing those documents.  *See, e.g., Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (2008).

However, with respect to attorney's fees for hours spent drafting the proposed protective order, the Court agrees with Plaintiff that Aeropostale should not be allowed to recover those fees. As explained above in denying Ms. Bubbles' request for fees, awarding Aeropostale attorney's fees for a proposed protective order that failed to comply with the Local Rules would be tantamount to rewarding counsel's failure to follow the Court's Local Rules.  Accordingly, the attorney's fees awarded to Aeropostale will be reduced by $1,417.05 (This reduction consists of $544.50 billed by Mr. Moddaber, and $872.55 billed by Mr. Baskin).

### b. Aeropostale Is Entitled to Attorney's Fees Related to Deposition Preparation.

Plaintiff argues that the 41.1 hours billed for deposition preparation by KMR are "disingenuous" and should be reduced by at least 75 percent.  As explained above, Plaintiff cannot cancel the deposition of Mr. Nah at the last minute on three separate occasions and now expect to be rewarded for its conduct by accusing KMR of over-billing for the obvious work entailed in preparing for the cancelled depositions.  Similarly, it is disingenuous for Plaintiff to argue that it is "perplexing" that Mr. Baskin billed time to researching, reviewing, and scheduling deposition when he did not attend any of the deposition.  As Plaintiff is well aware, it is common for the partner who plans on taking a deposition to delegate these sorts of tasks to a trusted associate with a significantly lower billing rate in order to reduce the costs to its client.  Accordingly, the Court finds that Aeropostale is entitled to an award for all attorney's fees for hours related to deposition preparation.

### c. Aeropostale Is Entitled to Its Attorney's Fees Related to Its Motion for a More Definite Statement.

Plaintiff argues that Aeropostale should not be awarded fees for any of the 32.4 hours billed to its motion for a more definite statement because it was denied by the Court.[15]

Aeropostale argues that, even though the motion for a more definite statement was denied, it allowed Aeropostale to identify key issues in the case, including what eventually became one of the primary grounds for the Court's granting of summary judgment in Aeropostale's favor, and,

---

[14]  Although Plaintiff has made "Fees Related to Discovery" a separate heading in the Revised Joint Report, Plaintiff's main argument against awarding Aeropostale these fees is that they are duplicative of fees billed in the *Aeropostale* action.

[15]  Some of the time entries refer to this motion as a motion to dismiss, but, according to KMR, all these entries describe the same motion.

thus, these fees are recoverable.

The Court agrees with Aeropostale. The Court finds that Aeropostale is entitled to all attorney's fees reasonably expended in defending the claims against it, even if a portion of those fees was incurred in pursuing ultimately unsuccessful steps. *See, e.g., Cabrales*, 935 F.2d at 1053 (holding that it "makes little sense" to "scalpel out attorney's fees for every setback, no matter how temporary, regardless of its relationship to the ultimate disposition of the case."). Accordingly, Aeropostale is entitled to an award for all attorney's fees related to its motion for a more definite statement.

### d. Aeropostale Is Entitled to Attorney's Fees for the Hours Related to the Mediation.

Plaintiff argues that the 19.0 hours billed by Aeropostale for mediation preparation is excessive and should be reduced by 75 percent because LBBS drafted and submitted the mediation brief on behalf of both Defendants.

Aeropostale argues that while LBBS took the laboring oar with respect to preparing the mediation brief, KMR provided extensive input and revisions before the mediation brief was finalized and submitted to the mediator. In addition, Aeropostale points out that the 19.0 hours billed was not exclusively related to preparing the mediation brief, but also included time spent preparing for and participating in the mediation, including gathering and reviewing key documents in support of its settlement position and outlining key points that it determined were important to make at the mediation.

In this case, the Court agrees with Aeropostale. Having reviewed the billings records, the Court finds that the time spent related to all aspects of mediation preparation – scheduling the mediation, conferring with co-defense counsel, reviewing and revising the mediation brief, and preparing client and counsel for the mediation – are entirely reasonable given the size and scope of this case. Accordingly, Aeropostale is entitled to an award for all attorney's fees related to the mediation.

### e. Aeropostale Has Waived Its Request for Fees for Hours Billed by Vasiliki Plevritis.

Aeropostale "[i]n the spirit of cooperation and as a sign of good faith" agreed to deduct from its attorney's fee request the $3,111.21 billed by Ms. Plevritis, and its fee request of $250,027.75 includes this deduction.[16]

### f. Aeropostale Is Entitled to Attorney's Fees Related to Its Motion for Attorney's Fees.

---

[16] On page 6 of the Revised Joint Report, Aeropostale states that it removed $3,456.90 in paralegal fees from its fee request, and on page 150 of the Revised Joint Report, it states that it removed $3,111.21 from its fee request. Regardless of the exact amount, the fees for hours billed by Ms. Plevritis have been removed from the $250,027.75 in fees requested by Aeropostale.

Plaintiff argues that the 31.8 hours billed by KMR in connection with its motion for attorney's fees is unreasonable and should be drastically reduced or disallowed entirely because Defendants submitted a joint motion for attorney's fees for which LBBS billed 45.3 hours.  Plaintiff also argues that some of the work, such as organizing the billing records, is clerical in nature and should not be compensated.

Aeropostale argues that, in addition to the drafting of the motion and reply briefs, KMR was also required to draft extensive declarations in support of the request for attorney's fees and to carefully review the billing and other records for completeness and accuracy.

In this case, the Court agrees with Aeropostale.  For the same reasons discussed in connection with Ms. Bubbles' fee request, while there were no novel or unique legal or factual issues related to the attorney's fees motion, it involved substantial review and analysis of billing and other records for multiple attorneys for a one year time period, and substantial coordination between Ms. Bubbles and Aeropostale in the preparation of the attorney's fees motion, reply, and related declarations.  All of these tasks were time-consuming, and the Court's review of the billing records fails to demonstrate that the time spent by counsel was "clearly excessive" or unreasonable given the tasks involved.  Accordingly, Aeropostale is entitled to a full award of fees for the hours related to the motion for attorney's fees.

### g. Aeropostale Is Entitled to Attorney's Fees In This Action For the Review of Pleadings and Papers from the *Aeropostale* Action.

Plaintiff argues that fees incurred by KMR in reviewing pleadings or other papers from the *Aeropostale* action are not properly billed to this case.

Aeropostale argues that, with the exception of .3 of an hour billed by Mr. Baskin on May 19, 2010, it has confirmed that all of the entries questioned by Plaintiff were properly billed in this case because pleadings and other papers from the *Aeropostale* action were relevant to issues in this case, and, therefore, were properly reviewed by KMR attorneys.

In this case, the Court agrees with Aeropostale.  The Court concludes that there is no evidence that it was unreasonable for counsel to review the pleadings and papers filed in a similar copyright infringement case involving many of the same parties in order to develop a strategy to properly defend against the claims in this case.  Such a review also permitted KMR to avoid duplicating work that had been previously performed in the *Aeropostale* action.  Accordingly, Aeropostale is entitled to a full award of fees for the review of pleadings and papers from the *Aeropostale* action.[17]

### h. The Award of Attorney's Fees Should be Reduced Because KMR Engaged in Block Billing.

---

[17]   Aeropostale's fee request of $250,027.75 includes a deduction of $118.00 for the erroneous May 19, 2010 time entry.

Plaintiff argues that all of the fees billed by KMR are questionable because of the "extensive use of block billing,"[18] and, thus, the fees should be reduced by at least 75 percent. In fact, in every category of fees disputed by Plaintiff, block billing is one of the major issues raised by the Plaintiff. Aeropostale disputes that KMR engages in an "extensive practice" of block billing, and points out that many of the entries that are allegedly block-billed are actually a collection of "related tasks."

Having reviewed KMR's bills, the Court agrees that many of the time entries include multiple tasks in a single billing entry. For example, most of the initial billing entries are block billed: (1) on April 8, 2009, Kristin Holland billed .4 of an hour to "[r]eview new filing by LA Printex and draft email to team regarding same; follow up regarding indemnity issues with Ms. Bubbles counsel;" (2) on April 8, 2009, Zia Modabber billed .5 of an hour to "[r]eview complaint; factual investigation and strategy re indemnity;" (3) on April 9, 2009, Zia Modabber billed .8 of an hour to "[r]eview emails; quick review of draft complaint; review draft Rule 6 letter;" and (4) on April 9, 2009, Karen Ash billed 1.8 hours to "[r]eview new Complaint filed by LA Printex for review and evaluation with client and LA counsel and in context of Ms. Bubbles obligations and indemnities. Several evaluations of exhibits suggestion for review with counsel for Ms. Bubbles and review status of other LA Printex [cases]." KMR's practice of block-billing is present in all of the bills reviewed by the Court.

KMR's "block-billing" makes it impossible for the Court to determine how much time was spent on each discrete task and prevents the Court from making an informed decision as to which specific entries are excessive, duplicative, or simply erroneous. The Court's review of the time records submitted by KMR reveals that a significant portion of the entries have been improperly block-billed. In fact, the only entries that do not appear to be block-billed are for days on which only one task was performed.

"It is reasonable for a district court to conclude that a fee applicant submitting block-billed time entries has failed to carry his burden to submit evidence which properly documents the hours expended on the litigation because block billing makes it more difficult to determine how much time was spent on particular activities." *Id.* at 948. Therefore, because of KMR's practice of block-billing and the arguments made by Plaintiff as to the excessive and duplicative nature of several specific entries, the Court concludes that KMR's block-billing has resulted in over-billing by approximately 20 percent. *See,* The State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03-01 (2003) (concluding that block billing "may increase time by 10% to 30%"); *Bonner v. Fuji Photo* Film, 2008 WL 410260, at *3-4 (N.D. Cal. Feb. 12, 2008) ("Because so much of [counsel's] work cannot be accurately audited, the Court is concerned that her bill may be inflated by as much as 30%. Accordingly, the Court will impose an across-the-board reduction of 30% to [counsel's] bill . . . .").

Accordingly, the Court applies an across-the-board reduction of 20 percent to the time billed

---

[18] "'Block billing' is the 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Welch,* 480 F.3d at 945 n.2 (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.,* 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)).

by KMR.

      For all the foregoing reasons, the Court finds that $198,888.56 of the $250,027.75 in attorney's fees requested by Aeropostale are reasonable.[19]  Accordingly, Aeropostale is entitled to an award of attorney's fees of $198,888.56.

## III.   Conclusion

      Based on the foregoing, the Court finds that Ms. Bubbles is entitled to recover attorney's fees in the amount of $217,556.50.  The Court also finds that Aeropostale is entitled to recover attorney's fees in the amount of $198,888.56.

      IT IS SO ORDERED.

---

[19]  Aeropostale's attorney's fees request has been reduced by $1,417.05, for the reasons discussed.  The resulting $248,610.70 has been further reduced by 20 percent, resulting in a total award of $198,888.56.