DEBORAH F. SIRIAS, SB# 102893
   E-Mail: sirias@lbbslaw.com
THOMAS S. KIDDE, SB# 61717
   E-Mail: kidde@lbbslaw.com
ROBERT M. COLLINS, SB# 254915
   E-Mail: rcollins@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900
Attorneys for Defendant
MS. BUBBLES, INC.

KRISTIN J. HOLLAND, SB# 187314
   E-mail: Kristin.hollnad@kattenlaw.com
CORY A. BASKIN, SB# 240517
   E-Mail: cory.baskin@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.788.4400
Facsimile: 310.788.4471
Attorneys for Defendant
AEROPOSTALE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM CARTER CO., et al,<br><br>Defendants. | CASE NO. CV09-2449 AK (FMOx)<br>*The Honorable Alex Kozinski*<br><br>**DEFENDANTS MS. BUBBLES, INC. AND AEROPOSTALE INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>PRETRIAL CONFERENCE: November 9, 2012<br>TIME: 10:00 a.m.<br>PLACE: Courtroom 16<br><br>TRIAL DATE: November 27, 2012 |

**TO THE COURT, ALL PARTIES, AND TO ALL ATTORNEYS OF RECORD:**

4826-7699-8417.1

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Defendants MS. BUBBLES, INC. and AEROPOSTALE, INC. ("Defendants") submit the following Memorandum of Contentions of Fact and Law in accordance with Local Rule 16-4:

## I. BACKGROUND

### A. The Parties

#### 1. Plaintiff L.A. Printex

L.A. Printex (Plaintiff) is a company based in Vernon, California. Its president is Jae Nah. Although Plaintiff claims to be a fabric printing company, in reality it appears to subsist on instituting multiple legal actions for copyright infringement. Plaintiff's practice appears to be to seek registration for large "compilations" and then pursue legal action if it finds a similar design on the market. These compilations contain numerous (often twenty or more) designs, and often appear to have minimal, if any, creativity or authorship for purposes of copyright protection.

#### 2. Defendants

Ms. Bubbles is a Los Angeles based wholesaler of men's and women's apparel. It purchased the design at issue from Conrad Trading which, in turn, sourced the design in China.

Aeropostale Inc. ("Aeropostale") is a mall-based retailer that purchased the apparel at issue from Ms. Bubbles and and then resold it through its stores.

### B. Product At Issue

Plaintiff claims that in or about 2002 the design at issue, internally identified as C30020, was created by one of its designers, Moon Choi. The design is a floral pattern and Plaintiff submitted it, and four (4) other textile designs, for registration to the Copyright Office on July 17, 2002. The collection of fabric designs was labeled "Small Flower Group A." The registration was for a single unpublished

collection under 37 C.F.R § 202.3(b)(4)(i)(B) and assigned registration number VAu 557-306.  (" '306 Registration").

Despite the fact that Plaintiff claimed the '306 Registration consisted of only an unpublished collection, Plaintiff actually had caused two of these designs (but not the one at issue) to be "published" prior to July 17, 2002.  Realizing that combining both "published" and "unpublished" works in a single registration invalidated the '306 Registration, Plaintiff sought to correct the '306 Registration by filing a Form CA Supplemental Registration, first attempting to add a publication date and, when it found that the protection would be lost for the published designs, electing to file a separate Form CA to remove the published works in their entirety.  That was approved by the Copyright Office and a supplementary registration for Small Flower Group A was issued, effective February 25, 2010.

### C. Defendants' Purchase of Infringing Products

Ms. Bubbles purchased the fabric with the design which allegedly infringes Plaintiff's C30020 design from Conrad Trading which, in turn, had purchased the goods from a supplier in China.  Neither Conrad Trading nor Ms. Bubbles were aware of Plaintiff's C30020 design and had not seen it before acquiring the allegedly infringing fabric design.  In June 2006 Aeropostale purchased shirts bearing the allegedly infringing design from Ms. Bubbles and such were offered for sale and sold in Aeropostale's retail stores between September and December 2006.  In 2008, Plaintiff claims to have first discovered the shirts bearing the Aeropostale Trademark and a design allegedly similar to its C30020 design.

## II. PLAINTIFF'S CLAIMS

Plaintiff plans to pursue claims for direct and vicarious copyright infringement and will assert that one or more of the Defendants willfully infringed its copyright.

A.     **SUMMARY OF CLAIMS**

Claim 1:   Copyright Infringement: Plaintiff alleges that Defendants infringed its copyright of its design, (internally designated as C30020), which was registered along with four (4) other designs (C30018, C30015, C30011 and R1154) as part of an allegedly unpublished work identified by Plaintiff as "Small Flower Group A" which was collectively assigned U.S. Copyright Registration VAu 557-306 in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. by selling a garment bearing that design;

Claim 2:   Vicarious/Contributory Copyright Infringement: Plaintiff alleges that Defendants contributed to the infringement of Plaintiff's copyright of its design C30020 as registered under U.S. Copyright Registration VAu 557-306 by knowingly inducing, participating, or aiding and abetting in the selling of a garment bearing that design;

B.     **CLAIM 1: COPYRIGHT INFRINGEMENT**

   1.   **Elements of Claim**

On Plaintiff's copyright infringement claim, Plaintiff has the burden of proving both of the following by a preponderance of the evidence that:

   1. Plaintiff is the owner of a valid copyright; and
   2. Defendants copied original elements from the copyrighted work.

(Ninth Circuit Model Jury Instructions, Civil 17.20 Derivative Liability - Vicarious Infringement (2007).)

   2.   **Evidence in Opposition to Claim**

   (a)   The design at issue is a common place unoriginal flower design taken from nature and was originally registered as

part of an unpublished compilation, although some of the designs were actually published.

(b) Defendants did not have access to Plaintiff's copyrighted works and the design used on their garments is not strikingly similar to the deposit material in the '306 Registration.

(c) Plaintiff only has thin copyright protection as the design is taken from nature and consists of unprotectable elements. Protection is limited since the work is composed of elements limited by "scenes a fair" or other limiting doctrines and thus has thin rather than broad scope of protection. *Idema v. Dreamworks, Inc.*, 162 F.Supp. 2d 1129, 1178 (C.D. Cal. 2001). C30020 is a simple flower design, which is primarily generic and unoriginal. *Satava v. Lowry*, 323 F.3d 805, 812 (9th Cir. 2003).

(d) Plaintiff's copyright registration is invalid for failure to deposit a fabric swatch with the Register of Copyrights as required by 37 C.F.R. 202.20(x) for registration of fabric designs.

(e) If infringement is found, Plaintiff is not entitled to statutory damages or attorneys' fees.  The original registration, '306 Registration, was a purported collection of unpublished works.  As noted above, in fact two of the works had been published and Plaintiff elected to file a Form CA to remove the published works, which was approved by the Copyright Office was issued effective February 25, 2010.  Accordingly, the applicable

registration, without the published works, was effective February 25, 2010, or after this action was filed, and well after the purported infringement occurred and Plaintiff is not entitled to statutory damages or attorneys' fees and, indeed, the Complaint does not even assert a claim based on the applicable registration.

    (f)    Even if there were statutory damages, both Defendants were unaware of Plaintiff's copyrighted designs and were at most innocent infringers. Aeropostale had purchased the garments from a standard supplier (Ms. Bubbles) which, in turn, and purchased same from a vendor in China. Thus, any statutory damages would be reduced to $200. 17 U.S.C. § 504(c)(2).

    (g)    No Defendant acted willfully and each was an innocent infringer so there is no basis to enhance any damages.

## C.   CLAIM 2: VICARIOUS OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

### 1.   Elements of Claim

If you find that [name of direct infringer] infringed the plaintiff's copyright in [name of allegedly infringed work], you may consider the plaintiff's claim that [name of alleged vicarious infringer] vicariously infringed that copyright. The plaintiff has the burden of proving each of the following by a preponderance of the evidence:

    1. the defendant profited directly from the infringing activity of [name of direct infringer];

    2. the defendant had the right and ability to [supervise] [control] the infringing activity of [name of direct infringer][.] [; and]

    [3. the defendant failed to exercise that right and ability.]

(Ninth Circuit Model Jury Instructions, Civil 17.20 Derivative Liability - Vicarious Infringement (2007).)

> A defendant may be liable for copyright infringement engaged in by another if [he] [she] [it] knew or had reason to know of the infringing activity and intentionally [induces] [materially contributes to] that infringing activity.
>
> If you find that [name of direct infringer] infringed the plaintiff's copyright in [allegedly infringed work], you may proceed to consider the plaintiff's claim that the defendant contributorily infringed that copyright. To prove copyright infringement, the plaintiff must prove both of the following elements...
>
>     1.    the defendant knew or had reason to know of the infringing activity...; and
>
>     2.    the defendant intentionally [induced] [materially contributed to...[the] infringing activity."

(Ninth Circuit Model Jury Instructions, Civil 17.21 Derivative Liability - Contributory Infringement (2007).)

### 2. Evidence in Opposition to Claim

(a) Defendants, and each of them, did not know and had no reason to know that the sale of the products in issue was an infringing activity.

(b) Defendants' remaining evidence in opposition to Plaintiff's claim for Vicarious or Contributory Copyright Infringement is the same as that to be offered in opposition to Plaintiff's Copyright Infringement claim.

## III. DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants have asserted and plan to pursue the following affirmative defenses: Unclean Hands; Copyright Misuse; Fraud on the Copyright Office; and Scenes A Faire.

## IV. ANTICIPATED EVIDENTIARY ISSUES

Defendants will file five (5) Motions in Limine: (1) a motion to bifurcate the liability and damages phases at trial; (2) a motion to exclude presentation of fabric swatches by Plaintiff which were not part of the original deposit materials for its Registration VAu 557-306; (3) a motion to exclude evidence relating to any other

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

copyright infringement actions brought against Defendants; (4) a motion to exclude any evidence or argument pertaining to Plaintiff's Copyright registration No. VA 1-714-186; and (5) a motion to exclude any expert testimony by Plaintiff.

## V. ISSUES OF LAW [Local Rule 16-4.1(i)]

### A. Plaintiff Was Required to Own a Valid Registration of the Subject Design Before Initiating This Suit

#### 1. Legal Argument

The Copyright Act provides that, except in circumstances that have not been alleged to apply in this case, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, __ U.S. __, 130 S. Ct. 1237, 1241 (2010) ("Subject to certain exceptions, the Copyright Act (Act) requires copyright holders to register their works before suing for copyright infringement.").

A plaintiff who lacks a valid registration at the outset of litigation has, in effect, failed to state a claim for infringement, and is barred from recovery. *Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 2011 U.S. App. LEXIS 7882, 10-12 (5th Cir. Tex. Apr. 15, 2011). *Hyperquest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 381 (7th Cir. Ill. 2011). A plaintiff will have satisfied the threshold registration requirement of § 411(a) where they have submitted a completed a valid application, deposit, and payment for registration. *Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F.3d 612 (9th Cir. 2010).

To show copyright infringement, a plaintiff like L.A. Printex must show copyright ownership and unauthorized copying by defendants. *Folio Impressions, Inc. v. Byer California*, 937 F.2d 279, 763 (2d Cir. 1991). A work must be original. *Feist Publications, Inc. v. Rural Tel. Servo Co.*, 499 U.S. 340 (1991). A certificate from the U.S. Register of Copyrights only constitutes prima facie evidence of the

validity of copyright, a rebuttable presumption. 17 U.S.C. §410(c). Indeed, if a work is not original to its author and only a slavish or mechanical copy from others then no copyright protection is accorded to it. *Folio, supra*, 937 F.2d at 763.

Here, Plaintiff's design is a flower design, an element copied from nature and a shape in the public domain. Certainly, Plaintiff cannot be claiming copyright protection to a flower design, which appears widely available in Chinese publication such as the Album of Chinese Textile Designs. Further, the arrangement of the flowers is unoriginal, a scene a fair and unprotectable under the Copyright Act.

Moreover, at the time Plaintiff initiated this action its '306 Registration was invalid as it improperly included both published and unpublished works while claiming to be a collection of unpublished works. In fact, Plaintiff's subsequent action affirms that it believed that the '306 Registration was invalid, since it sought to (1) include a new published date for all of the works - even though some were still claimed to be "unpublished" and (2) to remove the "published works" by way of a Form CA, resulting in the supplementary registration issued in February 2010.

### 2. **Relevant Evidence**

Deposit materials for VAu 557-306 and original deposit materials for that registration identified internally by L.A. Printex as "C30020". Form CA filed by Plaintiff in February 2010.

### B. **UNCLEAN HANDS**

Unclean hands arises from Plaintiff's intentional act in filing an application claiming all of the works were "unpublished" knowing that, in fact, Plaintiff had published some of the works prior to the application date.

Plaintiff also has unclean hands as it attempted to circumvent the registration requirements of the Copyright Office by (1) seeking to add a publication date when such is clearly prohibited by the regulations and (2) asserting copyright rights in an invalid registration.

Furthermore, as evidenced by the various "Albums of China Textile Patterns", Plaintiff has unclean hands due to its apparent manipulation of pre-existing flower designs to create the C30020 design, which design does not possess sufficient originality to support Plaintiff's claims to copyrights in the design.

### C.  COPYRIGHT MISUSE

Copyright misuse arises from Plaintiff's belated attempt to assert rights in its Copyright Registration for Small Flower Group A which is invalid for including both published and unpublished works, which invalidates the registration for purposes of this litigation. Plaintiff's rights, if any, arise from the supplementary registration deemed effective on February 27, 2012 which is (1) not asserted in the Complaint herein and (2) was filed after the alleged infringement, thus precluding Plaintiff from seeking statutory damages and attorneys' fees.

### D.  FRAUD ON THE COPYRIGHT OFFICE

Fraud on the Copyright Office arises from Plaintiff's filing, and seeking registration, for a collection of alleged "unpublished" works for registration knowing that some of the alleged unpublished works had, in fact, been "published" before the application date. Furthermore, as evidenced by the various "Albums of China Textile Patterns", Plaintiff may have committed a fraud on the Copyright Office by asserting copyrights in the C30020 design which design appears to be nothing more than a manipulation of pre-existing flower designs.

### E.  SCENES A FAIRE

Defendants will show that they do not infringe Plaintiff's C30020 design under the doctrine of scenes a faire. Plaintiff's C30020 design constitutes a standard or typical theme that is unoriginal and common to a large number of works and is unprotected matter that may be copied.

### F.  DAMAGES

In copyright infringement actions, 17 U.S.C. section 504(b) states in pertinent

part:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, *and any profits of the infringer that are attributable to the infringement* and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of the profits attributable to factors other than the copyrighted work. [Emphasis added]

### 1. **Actual Damages**

"Actual damages" are measured by the extent to which the market value of the copyrighted work has been injured or destroyed by the infringement. (*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.* (9th Cir. 1985) 772 F.2d 505, 512. The plaintiff must establish a causal link between the infringement and the monetary relief sought, including the actual damages and recoverable profits. (31 Bender, Cal. Forms of Pleadings and Practice (2008) Literary Property, § 349.27[5][b], p. 349-32.1.)

Under section 504(b), "any profits of the infringer" includes both direct and indirect profits. (*Mackie v. Rieser* (9th Cir. 2002) 296 F.3-day notice. 909, 914); *Frank Music Corp. v. Metro-Goldwin-Mayer Inc.* (9th Cir. 1989) *Supra*, 886 F.2d 1545, 1550.) The statute does not differentiate between "direct profits," i.e., those that are generated by selling an infringing product, and "indirect profits," i.e., "revenue that has a more attenuated nexus to the infringement." (31 Bender, *supra*, Literary Property, § 349.27[5][b], p. 349-32.1.) The plaintiff must establish a causal link in order to recover profits as well. (*Mackie v. Rieser, Supra*, 296 F.3-day notice 909, 915-916.) However, because recovery of indirect profits has been "limited to those that are non-speculative and directly attributable to the

infringement," such claims have been "frequently unsuccessful." (See, e.g., *Associated Residential Design, LLC v. Molotky* (D. Nev. 2002) 226 F.Supp.2d 1251, 1255.)

Therefore, in order to be awarded direct and indirect profits, Plaintiff must prove a causal connection between the infringement and the specific profit stream generated by the infringement. As the statute suggests, the burden is initially on the copyright owner to prove the infringer's gross revenue before the burden shifts to the infringer to prove deductions and other mitigating factors. However, the owner "must show more than the infringer's total gross revenue from all of its profit streams" before the burden shifts. (*Bonner v. Dawson* (4th Cir. 2005) 404 F.3-day notice 290, 294.) "Gross revenue" as used in section 504(b) refers only to "revenue reasonably related to the infringement." (*Ibid*.) Thus, the copyright holder has the burden of demonstrating some "causal link" between the infringement and the particular profit stream in order to shift the burden to the infringer to prove deductions. (*See*, Ninth Circuit Model Jury Instruction 17.24).

Any infringement in the instant action was "innocent' and relates to the sale and distribution of the garments by Ms. Bubbles to Aeropostale and it, in turn, to consumers. Plaintiff will need to come forward with evidence that Defendants' sales of the alleged infringing garments caused the profits that Defendants' sales generated. *Polar Bear Productions, Inc. v. Timex Corp*., 384 F.3d 700, 711 n. 10 (9th Cir. 2004). In addition, any profits on retail sales by Aeropostale must be apportioned as Plaintiff is only entitled to those profits that are directly attributable to the infringement. 17 U.S.C. § 504(b); *Cream Records, Inc. v. Joseph Schlitz Brewing Co.*, 754 F.2d 826, 828-829 (9th Cir. 1985).

The relevant Ninth Circuit case law does allow for a deduction in overhead. *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. Cal. 1985) held that the "portion of an infringer's overhead properly may be deducted

from gross revenues to arrive at profits, at least where the infringement was not willful, conscious, or deliberate." See also: *Kamar International, Inc. v. Russ Berrie & Co.,* 752 F.2d 1326, 1331 (9th Cir. 1984); *Sammons v. Colonial Press, Inc.*, 126 F.2d 341, 351 (1st Cir. 1942); 3 M. Nimmer, supra, § 14.03[B], at 14-16.1. The overhead must be "of actual assistance in the production, distribution or sale of the infringing product." *See Kamar International, Inc.* Examples of overhead have included: shipping and warehousing, selling, design, credit collection, and general administrative, and fixed overhead (if it can be directly attributed to the infringement). *Id.*

Defendants also intend to offer lay and/or expert testimony at trial concerning the insignificance of the rote C30020 flower design to the profits earned by Defendants Aeropostale as compared to the impact of the strength of the brand, customer loyalty, marketing and advertising efforts and the fit and styling of the garment, which will be cause for a significant reduction in damages attributable to any profits earned by Aeropostale through sale of the allegedly infringing design.

### 2. **Statutory Damages**

Alternatively, the plaintiff in a copyright infringement action may elect, at any time before a final judgment is rendered, to recover statutory damages rather than actual damages and profits. Statutory damages are recoverable even if there lacks adequate evidence of actual damage to the plaintiff or of profits reaped by the defendant. (31 Bender, *supra*, *Literary Property*, § 349.27[5][b], p. 349-32.2.) Statutory damages available for any one work are to be not less than $750 or more than $30,000. (17 U.S.C. §§ 504(c)(1), 511(b).)

In this matter, however, the operable valid registration is not the '306 Registration but rather the supplementary registration effective February 27, 2010 which includes only the unpublished works and not the published works removed by Plaintiff. As such, statutory damages are unavailable.

Moreover, even if statutory damages were available, the Defendants are innocent infringers and the Court may reduce any statutory damages to $200. 17 U.S.C. § 504 (c)(2).

## VI. BIFURCATION OF ISSUES (Local Rule 16-4.3)

Defendants propose bifurcation of the liability and damages phases at trial.

## VII. JURY TRIAL

Plaintiff and Defendants timely requested a jury trial.

## VIII. ABANDONMENT OF ISSUES

Defendants do not abandon any issues.

DATED: October 18, 2012              Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By: /s/Deborah F. Sirias/
Deborah F. Sirias
*Attorneys for Defendant*
MS. BUBBLES, INC.

DATED: October 18, 2012              KRISTIN L. HOLLAND
CORY A. BASKIN
KATTEN MUCHIN ROSENMAN LLP


By:      /s/ Cory A. Baskin
Cory Baskin
Attorneys for Defendant AEROPOSTALE, INC.