Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820
Facsimile:   (310) 417-3538

Attorneys for Plaintiff

LAP STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM CARTER CO.; et al.,<br><br>Defendants. | CASE NO. 09-2449 AK<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Final Pre-trial Conference:<br>Date:          November 9, 2012<br>Time:         10:00 a.m.<br>Courtroom:  TBD<br><br>Trial:           November 27, 2012 |

I.      CLAIMS AND DEFENSES

     A.      Plaintiff Will Prove Defendants' Liability for Copyright Infringement

Plaintiff, L.A. Printex Industries, Inc., ("LAP") pursues a finding of direct and vicarious copyright infringement as to Defendants AEROPOSTALE, INC. ("AEROPOSTALE"), and MS. BUBBLES, INC. ("BUBBLES").

BUBBLES is a habitual copyright infringer who has knocked off multiple designs owned by LAP and other textile design companies. BUBBLES has not presented any evidence at all that it created the design at issue, or had a license,

assignment, or any other authorization to use said design. Indeed, BUBBLES has refused to even name the artist that created/copied the design that BUBBLES used on the garments it sold to AEROPOSTALE. AEROPOSTALE also concedes that it has no independent creation evidence and that it cannot prove it had a license, assignment, or other authorization to use the design created/copied by or at the direction of BUBBLES.

Defendants argue only that the copyright should be invalid because it contains a technical error. This putative error does not concern LAP's ownership of the design, or its originality. It concerns only the publication information and as such has already been rejected by the 9th Circuit, as discussed below.

Defendants also argue without conviction that the designs at issue are not substantially similar. A review of the designs proves this false:

| L.A. PRINTEX'S C30020 DEPOSIT COPY EXCERPT | L.A. PRINTEX'S FABRIC PRODUCTION C30020 EXCERPT | DEFENDANT'S ACCUSED GARMENT EXCERPT |
|---|---|---|



BUBBLES' unauthorized copying is self-evident. The layout of the floral elements in the two designs is virtually identical. The scope, size, juxtaposition, stems, buds, and leaves are entirely the same. The interstitial leaf elements are arrayed in the same juxtaposition in both designs. The only difference between he designs is that the floral elements on the garments are less sharp and more "blotchier" given the nature of the fabric medium and the inferior printing process used by BUBBLES or it agent.

In light of the above, Plaintiff will prove its claims at trial as follows:

1. <u>Plaintiff is the Owner of the Registration for the Design</u>

Plaintiff owns copyright registration that covers the subject design. This registration was applied for and received prior to the conduct complained of herein. Under 17 U.S.C. § 410(c), the registration certificates constitute ***prima facie*** evidence of the validity of the copyright and the facts stated on the certificate, including Plaintiff's ownership of the designs. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 1140, 1144–45 (9th Cir. 2003). This presumption is buttressed by the testimony of LAP's principal, and the designer for the design at issue. The validity of this registration was affirmed by the 9th Circuit. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 853 (9th Cir. 2012) ("L.A. Printex argues that its erroneous inclusion of the two previously published designs in Small Flower Group A does not invalidate its registration because it did not intend to defraud the Copyright Office and because the Copyright Office allowed L.A. Printex to correct the error in its earlier registration through a supplementary registration. We agree with L.A. Printex.").

Moreover, there is also no question that the subject design is clearly protectable by copyright as a two-dimensional artwork. To so qualify for protection, a Plaintiff must show that "the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076 (9th Cir. 2000); quoting *Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991). It is clear that the designs at issue are possessive of the requisite creative content. As such, the subject design is suitable for copyright protection and is the exclusive property of Plaintiff.

2. <u>Defendants Infringed the Subject Design by Accessing Said Design and Creating Illegal Reproductions Thereof</u>

Plaintiff will also establish copying by proffering evidence of access and substantial similarity. Access can be shown by proving one or more of the Defendants had an "opportunity to view or copy" the subject design. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 483 (9th Cir. 2000). Because an infringed party infrequently catches the infringer in the act, "[p]roof of access requires only an opportunity to view or to copy plaintiff's work." *Kamar International v. Russ Berrie & Co.,* 657 F.2d 1059, 1062 (9th Cir. 1981).

BUBBLES operates in the same market as LAP and has knocked off LAP and its neighbors' designs in the past. In addition, LAP has presented evidence that it sold thousands of yards of fabric that was lawfully printed with the subject design prior to the infringement. The 9th Circuit has confirmed that LAP's evidence of access is sufficient for a jury to find access. *L.A. Printex Indus., Inc.*, 676 F. 3d 841 at 857. "We must decide whether L.A. Printex's sale of more than 50,000 yards of fabric bearing C30020 creates a genuine dispute of material fact as to whether C30020 was widely disseminated. We conclude that it does.").

Access can also be properly inferred in cases where, as here, the infringing design is so similar to the design at issue, that independent creation is impossible. *Three Boys Music Corp.*, 212 F.3d at 485. The more exact the reproduction, the less of a showing of access is necessary. Access need not be shown if Plaintiff's copyrighted work and the infringing work are "strikingly similar" *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987). The designs at issue are so strikingly similar that independent creation is not a reasonable explanation. To establish "striking similarity," "plaintiffs must demonstrate that `such similarities are of a kind that can only be explained by copying, rather than by coincidence, independent creation, or prior common source.'" *Testa v. Janssen*, 492 F.Supp. 198, 203 (W.D.Pa.1980) (quoting *Stratchborneo v. Arc Music Corp.*, 357 F.Supp. 1393, 1403 (S.D.N.Y.1973)); see also *Stewart v. Wachowski*, 574 F. Supp. 2d 1074

(C.D.C.A. 2005)("to prove that certain similarities are `striking,' plaintiff must show that they are the sort of similarities that cannot satisfactorily be accounted for by a theory of coincidence, independent creation, prior common source, or any theory other than that of copying. The similarities should be sufficiently unique or complex as to make it unlikely that both pieces were copied from a prior common source...or that the defendant was able to compose the accused work as a matter of independent creation"). In this case, Defendants concede that there is no evidence of independent creation or prior common source, and the designs are too similar to be a result of coincidence.

In addition to access, Plaintiff can show substantial similarity and copying. To make this showing, Plaintiff will advance evidence that the designs are so similar that it is improbable the allegedly infringing design was independently created, and more likely than not that the design is an illegal copy. After this showing, the burden shifts to the infringing party to show that the design at issue was independently created. *Three Boys Music Corp.*, 212 F.3d at 486. In comparing textile designs for infringement, if an "average lay observer would recognize the alleged copy as being appropriated from the copyrighted work," then the requisite similarity exists to establish infringement. *Novelty Textile Mills v. Joan Fabrics Corp.,* 558 F.2d 1090, 1093 n.4 (2d Cir. 1977). Such similarity clearly exists in regard to the designs at issue. Certain elements of the designs are virtually identical, and the overall motif and total look and feel of the designs is substantially similar. In addition, not only do each of the designs printed on the infringing garments present the same "total look and feel" as each other, but examination easily reveals that Defendants closely copied virtually all elements of each of LAP's designs, and added nothing of their own.

This is infringement, as the allegedly infringing design appears more likely than not to have been "appropriated from the copyrighted work[…]" *Original*

5

*Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir.1982). Similarly, given the similarities, the only conclusion a trier of fact can reach after reviewing the designs at issue in this case is that the "feel" and "expression" of the works undoubtedly "evoke a feeling of sameness." *JBJ Fabrics, Inc. v. Mark Indus., Inc.*, No. 86-4881 FFF, 1987 U.S. Dist. LEXIS 13445, at *9 (C.D. Cal. Nov. 4, 1987).

Moreover, where garments are concerned, Courts have ruled that small differences should be disregarded given the equalizing effect of human wear. *See Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc.,* 490 F.2d 1092, 1094 (2d Cir. 1974) (finding that "although small differences between the designs might be found to exist under courtroom scrutiny, those differences fade away within a few feet or absent sharp scrutiny"); *Just in Materials Designs, Ltd. v. Arise Textile, Inc.*, 1980 U.S. Dist. LEXIS 10822, *4-5 (S.D.N.Y. 1980) (finding that differences identified by defendant between prints used on women's dresses were not likely to attract attention from the average person when examined from four feet away and seen on a female body).

Indeed, the 9th Circuit found ample evidence of copying. *L.A. Printex Indus. v. Aeropostale, Inc.*, 676 F.3d at 851-852. In light of the above showings of access and substantial similarity, Defendants are liable for copyright infringement.

Finally, Defendants concede that they have no evidence to establish independent creation, which dooms their case. *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1110 (9th Cir. 1970) ("the absence of any countervailing evidence of creation independent of the copyrighted source may well render clearly erroneous a finding that there was not copying.").

B.      Plaintiff Will Prove Secondary Liability

Defendants are also secondarily liable for copyright infringement.

6

An action for vicarious liability lies when a defendant benefits financially from an infringement, has the ability to oversee the infringing conduct, and fails to exercise that ability. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764, 2776 n.9 (2005). Liability may be imposed on a party even if said party was initially unaware that the conduct was infringing. Id. In this case, all Defendants benefitted financially by selling fabric or garments bearing the knock-off of the subject design. AEROPOSTALE had the ability to oversee BUBBLES's conduct, and BUBBLES had the ability to oversee the conduct of its overseas supplier, yet no party took steps to remedy the infringing conduct. As such, vicarious liability should be found.

C. <u>Plaintiff Will Prove Willful Copyright Infringement as to Defendants</u>

Plaintiff must show that one or more of the Defendants recklessly[1] disregarded the possibility that the design it obtained from overseas, and which it

---

[1] A finding of "willfulness" in the context of an action for copyright infringement can be based on either "intentional" behavior, or merely "reckless" behavior. *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). This standard was reaffirmed as an "accurate reflection of the law" by a panel including Your Honor, less than one year ago. *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011)  (further stating that, "[t]o prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights."). Indeed, as Your Honor is likely to recall, the appellants in *Louis Vuitton* contended that jury instructions providing said standard was made in error, and this court disagreed, affirming the district court's award of statutory damages for copyright infringement. *Id*. at 944-947.  The same standard has been recognized in sister circuits. *Viz.*, *In re Seagate Tech., LLC,* 497 F.3d 1360, 1370 (Fed.Cir.2007)(en banc); *Island Software & Computer Serv., Inc., v. Microsoft Corp.,* 413 F.3d 257, 263 (2d Cir.2005); *Superior Form Builders, Inc., v. Dan Chase Taxidermy Supply Co.,* 74 F.3d 488, 496 (4th Cir.1996); *Wildlife Express  Corp., v. Carol Wright Sales, Inc.,*18 F.3d 502, 511 (7th Cir.1994); *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.,* 845 F.2d 773, 779 (8th Cir.1988).

obtained with no inquiry as to the ownership or authorship of said design, was infringing. "Reckless disregard" fulfills the knowledge requirement, and supports a finding of willful infringement. *See, e.g., Dolman v. Agee*, 157 F.3d 708, 711, 715 (9th Cir. 1998); *Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 112 (2d Cir. 2001) (willfulness found when "the defendant recklessly disregarded the possibility that its conduct represented infringement."). Plaintiff will show that BUBBLES and AEROPOSTALE, both of which are sophisticated market participants[2], recklessly disregarded the very real possibility that the design it was obtaining from overseas, which was obtained without any due diligence and without any documentation related to intellectual property righs, was a knock-off.  Indeed, BUBBLES turned a blind eye to the copyright issues relevant to this design when obtaining it from overseas. Moreover, Defendants failed to present a single piece of evidence that establishes that they had a good faith belief that their use of the design was lawful.

Plaintiff will also present a comparison of the design and garment at issue to establish the exactitude of the copying, which militates in favor of finding willful infringement. *Lanard Toys Ltd. V. Novelty, Inc.,* 375 Fed. Appx. 705 (9th Cir. 2010) (unpublished) (the "exactitude" of copying was evidence upon which a jury could base a finding of willfulness).  It will also present evidence through testimony and interrogatory responses that Defendants failed to engage in copyright checks before importing the good at issue, which is also evidence of infringement.  Id.

---

[2] Bella D, Inc., a sister company to BUBBLES with the same owner, has previously been found by a Court in this District to be liable for infringement of a fashion industry competitor's copyrights under circumstances similar to those at bar. *See Double Zero, Inc. v. The TJX Companies, Inc*., CV-10-5241 CBM (JCGx) (C.D. Cal. 2011), July 21, 2011 Order, U.S.D.C. Dkt. No. 106.

Finally, Plaintiff will show the attempts by Defendants to camouflage the infringement, which is also evidence of willfulness. *Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.,* 409 F.2d 1315 (2d Cir. 1969) ("While the trial court placed great emphasis on the minor differences between the two design patterns, we feel that the very nature of these differences only tends to emphasize the extent to which the defendant has **deliberately copied** from the plaintiff.") (emphasis added); accord *Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 619 (7th Cir. 1982) (defendant's "superficial changes . . . may be viewed as an attempt to disguise an intentional appropriation of [Plaintiff's] expression."), *superseded on other grounds*. LAP will prove willful infringement.

C. Plaintiff Will Seek Its Actual Damages and Infringer's Profits.

Plaintiff is entitled to its actual damages as well as the profits of the infringing parties. The owner of an infringed copyright is entitled to recover two types of damages: (1) the actual damages suffered by him or her as a result of the infringement, and (2) any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. 17 U.S.C. § 504(b). Plaintiff will establish that it should receive its actual damages and the profits that were unlawfully gained by the two Defendants.

1. Actual Damages:

Plaintiff should recover the actual damages it suffered as a result of the infringement. 17 U.S.C. § 504(b). Here, BUBBLES purchased fabric bearing the infringing design from an overseas supplier. Had it purchased the fabric directly from Plaintiff, instead of violating Plaintiff's rights, Plaintiff would have realized substantial profits. The decision made by BUBBLES to purchase the fabric from overseas denied Plaintiff these rightful sales. In addition, Plaintiff lost additional profits from lost sales to third parties, and was stripped of the value of the market for the subject design after expending significant resources to create, develop and

9

market product bearing same. As such, Plaintiff is entitled to recover damages in the amount of its lost profits, and other actual damages, at time of trial.

### 2. Infringer's Profits:

Plaintiff is also entitled to recover the profits of Defendants. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work. 17 U.S.C. § 504(b). Where there is a commingling of gains, it is the burden of the copyright infringer to prove the separation of the profits and what portion of total profits is attributable to non-infringing elements. *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 406 (1940). If infringed portions are so suffused and intertwined with non-infringing portions as to render an apportionment impossible no apportionment is appropriate. *Business Trends Analysts, Inc. v. Freedonia Group, Inc.*, 887 F.2d 399, 407 (2d Cir. 1989); *see also Belford v. Scribner*, 144 U.S. 488, 508 (1892).

Plaintiff will seek to disgorge all profits realized by Defendants through their respective sales of the fabric and garments at issue. Once Plaintiff presents proof "of the infringer's gross revenue," it has carried its burden; at which point "the infringer is required to prove . . . deductible expenses" and "what percentage of the infringer's profits" were not attributable to copying the infringed work. *Three Boys Music Corp.*, 212 F.3d at 487; 17 U.S.C. § 5-4(b). In this Circuit, "[t]he rule is that one deducts from the gross sales price the costs that are directly attributable to the items in question. But general overhead, such as management, rent, telephones, designers, and the like are not to be deducted, since they are, by hypothesis, there whether the particular item is sold or not. Only if a particular "overhead" item can be specifically related to the goods in question can it be deducted. This is true even if overhead increases losses or decreases gains for the enterprise as a whole." *JBJ*

*Fabrics, Inc. v. Mark Industries, Inc.*, 1987 U.S. Dist. LEXIS 13445, *15; 5 U.S.P.Q.2D (BNA) 1414; Copy. L. Rep. (CCH) P26, 233; See Judge Posner's discussion in *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983); 3 Nimmer on Copyright § 14.02 (1987); and Farnsworth, Contracts § 12.10 (1982). "The Ninth Circuit is in accord with this view." *JBJ Fabrics*, *supra*, citing *Kamar International, Inc. v. Russ Berrie & Co., Inc.*, 752 F.2d 1326, 1333 (9th Cir. 1984).

   As such, Defendant argument that the disgorgeable profits should be lessened because overhead reduced their profit margin fails because the overhead would have been incurred even in the absence of the infringement. Such costs should not be deducted "because by definition they cannot be avoided by curtailing the profit-making activity." *Taylor*, 712 F.2d at 1121*; see Roulo v. Russ Berrie & Co., Inc.*, 886 F.2d 931, 941 (7th Cir.1989) ("Fixed costs are not deducted from the profit calculation."), *cert. denied*, 493 U.S. 1075, 110 S.Ct. 1124, 107 L.Ed.2d 1030 (1990); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 516 (9th Cir.1985) ("defendant additionally must show that the categories of overhead actually contributed to sales of the infringing work"); *Hamil Am., Inc. v. SGS Studio, Inc.*, 45 U.S.P.Q.2d 1699, 1998 WL 19991, at *2-3 (S.D.N.Y. Jan.21, 1998) (allowing deduction only for overhead expenses that are incremental); Playboy *Enterprises, Inc. v. Dumas*, 831 F.Supp. 295, 318 (S.D.N.Y.1993), *opinion modified not in relevant part*, 840 F.Supp. 256 (S.D.N.Y. 1993), (denying deduction of expenses which did not increase as a result of the infringement); *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, No. IP 89-844-C, 1992 WL 597841, at *4 (S.D.Ind. Aug.13, 1992) (fixed costs are not deductible), aff'd, 18 F.3d 502 (7th Cir.1994).

   If Defendants attempt to introduce evidence of overhead costs like rent, utilities, and labor, they should be rejected. *Wildlife Express*, 1992 WL 597841, at *4 ("Fixed costs like rent, utilities, and the like, here lumped together by Defendant

11

as `overhead' are not deductible."); *JBJ Fabrics*, 1987 WL 47381, at *6 (management, rent, and telephone expenses treated as fixed costs and therefore not deducted); *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 508 F.Supp. 798, 801 (S.D.N.Y.1981) (denying deductions for "management fee, legal and professional fees, certain salaries, certain telephone expenses"), *decision modified not in relevant part*, 722 F.2d 988 (2d Cir.1983). A disgorgement of the true gross profit figure should be awarded in this case.

### 3. Statutory Damages:

As the owner of a valid copyright in the subject design, Plaintiff may, in the alternative, seek statutory damages. 17 U.S.C. § 504(c)(1). Upon a showing of infringement, such damages are proper even without evidence of actual damages or defendants' profits. *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1337 (9th Cir.1990). In this case, Plaintiff may elect to seek statutory damages of up to $150,000.000 at any point prior to the case going to the jury.

### D. Plaintiff Is Entitled to Costs and Attorneys' Fees.

Plaintiff is also entitled to recover its fees and costs. Section 505 of the Copyright Act specifically authorizes an award of attorneys' fees to the prevailing party as part of the costs. 17 U.S.C. § 505. A number of factors are considered in assessing fees and costs, including: "(1) the degree of success of obtained, (2) frivolousness, (3) motivation, (4) the objective unreasonableness of the losing party's factual and legal arguments, and (5) the need, in particular circumstances, to advance considerations of compensation deterrence." *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997), *cert. denied* 523 U.S. 1021 (1998).

All of these factors militate in favor of an award of costs and attorneys' fees to Plaintiff. Plaintiff's motivation was positive in that it sought to protect its proprietary design, while Defendants motivation was poor, in that it knocked-off

12

the subject design through an overseas mill and has refused to produce the name of the copier. BUBBLES also need a strong deterrent, given that it is a repeat infringer that has failed to abide by the cease and desist demands.

Also, it is worth noting that Defendants requested and were awarded $416,445.06 in fees in this case prior to the 9th Circuit appeal. Finally, a finding of willfulness is not required to justify an award of attorney's fees. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1997) (upholding award of $1.3 million in attorneys' fees to prevailing party); *McCullough v. Albert E. Price, Inc*., 823 F.2d 316, 322 (9th Cir. 1987)(fees to a prevailing plaintiff are the norm). This issue will be briefed after trial.

E.  Evidentiary Issues

There are a small number of evidentiary issues to address:

One, AEROPOSTALE has attempted to name as a witness an individual, Lindsay Friedman Sword, that was not disclosed at all during this case (her name was first mentioned after hours on October 17, 2012), and who has no personal knowledge of anything relevant. This is improper under the Fed.R.Civ.P. 37(c)(1), and she must be excluded. Likewise, it produced for the first time certain documents on October 17, 2012 that it seeks to introduce at trial. This would also violate Fed.R.Civ.P. 37(c)(1). Given the late disclosure, LAP has not had the opportunity to review the documents, and reserves its rights in this regard.

Two, there is an issue regarding whether LAP should be allowed to present the design at issue as it was used in commerce; i.e, printed on fabric. Defendants argue that LAP should only be allowed to introduce it on paper. This argument fails, as set forth in the relevant motions in limine.

Other evidentiary issues are likewise addressed in the motions in limine.

F.  Bifurcation

Plaintiff does not request bifurcation.

13

G. <u>Jury Trial</u>

Plaintiff has requested a jury trial.

H. <u>Attorneys' Fees</u>

As noted above, Plaintiff will seek reimbursement of the costs and fees it has incurred prosecuting this meritorious action for copyright infringement.

I. <u>Abandonment of Issues</u>

Plaintiff will not pursue its claim of contributory infringement as to Defendants, but will not abandon any other claims.

Respectfully submitted,

Date: <u>October 18, 2012</u>       By: <u>/S/ Scott A. Burroughs</u>
                                   Scott A. Burroughs, Esq.
                                   Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28