Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM CARTER CO.; et al.,<br><br>Defendants. | CASE NO. 09-2449 AK<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE ALL TESTIMONY, ARGUMENT, AND EVIDENCE OF PROFIT APPORTIONMENT; BURROUGHS DECLARATION**<br><br>*[[Proposed] Order Submitted Concurrently Herewith]*<br><br>Hearing Date: November 16, 2012<br>Time: 10:00 a.m.<br>Location: 16<br><br>Final Pre-trial Conference:<br>Date:         November 9, 2012<br>Time:         10:00 a.m.<br>Courtroom: 16 – Spring Street<br><br>Trial:           November 27, 2012 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL:**

PLEASE TAKE NOTICE THAT at the date and time set forth above, or as soon thereafter as the Court will hear this Motion, Plaintiff L.A. Printex Industries, Inc. ("Printex") will move this Court to exclude any questioning, testimony, or argument regarding profit apportionment by Defendants. The hearing will take place in Courtroom 16 of the United States District Court, Central District, located at 312 N. Spring Street, Los Angeles, CA 90012.

This motion is brought pursuant to Federal Rules of Evidence and is made on the grounds that no evidence related to apportionment was disclosed during discovery, and any testimony regarding the basis upon which consumers chose to buy the offending garments at issue in this case would be either lacking in foundation and speculative, or would constitute an improper expert opinion.

Plaintiff bases this Motion in Limine No. 1 on this Notice, the attached points and authorities, the documents on file in this matter, and any argument presented at the time of hearing. Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 1 to exclude all testimony, argument, and evidence of Defendants' profit apportionment.

This Motion is brought following the meet and confer between counsel. Defendants would not stipulate to the relief requested.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: October 11, 2012 | DONIGER / BURROUGHS APC |
|   | By:   /s/ Scott A. Burroughs<br>         Scott A. Burroughs, Esq.<br>         Annie Aboulian, Esq.<br>         Attorneys for Plaintiff |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff respectfully requests that the Court exclude any testimony, argument, and evidence of any apportionment of the profits derived from the sales of the infringing garments at issue in this case. Specifically, the Defendants should be precluded from entering any argument, testimony or evidence that retailers or consumers purchased the infringing items at issue for any reason other than the aggregated totality of the product's features. In addition, Defendants should not be allowed to argue that that a portion of the profits it made from selling the goods at issue were attributable to anything other than the totality of the garment.

## II. ARGUMENT

Defendants cannot introduce any evidence of profit apportionment because they have produced no such evidence during discovery and have identified no witness competent to testify in regard to this subject.

### *A. Defendants Failed to Carry Their Burden in Proving Apportionment*

Defendants have provided no competent evidence in support of apportionment, so any testimony or evidence in that regard must be excluded. In a copyright infringement action, once Plaintiff shows the profits derived from the sales of the illegally sold copyrighted goods, the burden of proving apportionment (i.e., the contribution to profits of elements other than the infringed property) is the defendant's. *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 518 (9th Cir. 1985) (citing *Sheldon v. Metro-Goldwyn Pictures, Inc.*, 309 U.S. 390, 405-06 (1939) ("*Sheldon II*")). Any doubt as to the apportionment of costs or profits is to be resolved in favor of the plaintiff. *Id.* at 514. Further, where portions of a copyrighted work are so intermingled with the rest of the work that they cannot be distinguished from it, the entire profits from the work will go to the owner of the copyright. *Sheldon II*, 309 U.S. at 401-02.

In this case, the textile design displayed on the garments at issue, which is the only

novel and copyrightable element of those garments, is inseparable from the other elements of the garment. The 9th Circuit has clearly stated that "where infringing and non-infringing elements of a work cannot be readily separated, all of a defendant's profits should be awarded to a plaintiff." *Nintendo of America, Inc. v. Dragon Pacific Intern.*, 40 F.3d 1007, 1012 (9th Cir.1994). Defendants have proffered no evidence in contravention of the fact that the elements are inseparable. Given this failure to carry their burden, and prevailing authority in this Circuit, no such testimony or evidence may be introduced.

Not only was there no evidence of apportionment provided in discovery, but, even if such evidence was produced, it would necessarily be speculative and lacking foundation. When the party offering the testimony has no first-hand knowledge of the content of the testimony and has undertaken no scientific investigation, study or survey to support an expert opinion, that information amounts to speculation and conjecture. Fed. R. Evid. 602 & 703 explicitly preclude the introduction of evidence—specifically witness and expert testimony—based on speculation or conjecture. Here, testimony concerning why consumers purchase a particular item and the percentage of consumer interest which should be attributed to each component of an article of clothing would lack foundation, be conjecture and speculation, and improperly influence the jury. Because the jury is likely to rely heavily on "experts" to reach its decision, testimony lacking an appropriate foundation is highly prejudicial and should be rejected. Fed. R. Evid. 104(b).

*B.     Admitting the Dubious Apportionment "Evidence" Would Prejudice Plaintiff*

Allowing any employee of Defendants to testify as to why they thought consumers purchased certain items instead of other items would be highly prejudicial. Federal Rule of Evidence 403 states that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Defendants failed in discovery to provide any evidence that they have a credible claim to apportionment, so Plaintiff was unable to challenge same. Allowing Defendants to enter unchallenged, self-serving testimony in

regard to an issue on which they carry the burden would be prejudicial and misleading to the jury.

No credible evidence of apportionment was produced because the elements of the garments are inseparable – it's the total look and feel of the garment, not one particular element, that spurs sales – and Defendants should not be allowed to mislead the jury into ruling otherwise. If any one particular element motivated sales, it would be the textile design, which is the only element that the United States has found to be worthy of copyright protection. As such, the Motion must be granted.

### C. *No Testimony Should be Allowed by Defendants' Employees in Regard to Why Consumers Purchase a Particular Item*

Defendants may not introduce as a putative expert its buyer to provide self-serving testimony as to why consumers buy a certain item, and what percentage of that consumer interest is attributable to the design, relative to, say, the color of the garment. While a buyer may arguably know which of Defendants' items sell best, he or she has no knowledge as to why these items sell better than others. This individual has no first-hand knowledge of why consumers purchase certain items, and is not qualified to offer an expert opinion as to these motivations.

An expert may testify as to matters not within his or her firsthand knowledge if said expert is qualified to opine on that topic. Of course, the expert's opinion will have a reliable basis in the knowledge and experience of his discipline.  Fed.R. Evid. 701, 702, 703. There is an absolute insistence that the jury hear only reliable information. Fed. R. Evid. 702

Fed. R. E. 702, governing expert testimony, provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." This knowledge must have a grounding in a reliable and trustworthy set of methods and procedures. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

4852-3388-5201.1                                                     - 3 -

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF APPORTIONMENT

Proposed testimony must be supported by appropriate validation. *Id.* at 590. Similarly, the word "knowledge" connotes more than subjective belief or unsupported speculation. *Id.* at 589. The term applies to any body of known facts or to any body of ideas inferred from such facts or accepted as truths on good grounds. *Id.* (internal quotations omitted). In this case, Defendants buyers are not qualified experts in consumer buying patterns, there is no data or body of facts from which to draw an expert opinion, there is no validation for any of the proposed testimony, which would amount to no more than the "subjective belief" of the buyer. As such, the testimony should be excluded.

Improper expert testimony should be excluded if the expert had failed to conduct any research connecting the evidence to the opinion. *Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1422 (9th Cir. 1998). The expert in *Cabrera* could not produce documentation of his research nor point to any objective source to demonstrate that he had followed the scientific method; therefore, his opinion lacked validity. *Id.* Similarly, there is no evidence here from which Defendants' employees can draw to support their testimony.

Finally, the putative expert's testimony must touch the specific issue raised by the moving party. *TDM Partners v. Rolm Corp.*, N. C-89-20387, 1991 U.S. Dist. LEXIS 14295, at *17 (N.D. Cal. Sept. 26, 1991). In *TDM*, an expert with special knowledge in the development of technologies was not qualified to testify regarding the valuation of those technologies because he did not have expertise in the marketing of those technologies. *Id.* Similarly, in this case, though Defendants' buyers may know what sells, they are wholly uninformed as to why those items sell. As in *TDM*, they must be excluded.

The staff of Ms. Bubbles, Inc. and Aeropostale, Inc. have no basis whatsoever to testify as to what factors drove consumers to purchase the infringing goods at issue. Any testimony on this subject would be unfounded, confusing, and prejudicial. No evidence of any sort was produced during trial to establish what factors drove sales, and what percentage of those factors were attributable to factors other than the designs. This motion should be granted.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court prevent all Defendants from introducing testimony, evidence or argument concerning Defendants' deductions of overhead costs. This improper material would be reflected in the testimony of Anil Chugh of Ms. Bubbles, Inc. and Karen Klimkiewicz, and to a certain extent, the David Nolte expert report.

Respectfully submitted,

Dated: October 11, 2012     DONIGER / BURROUGHS APC

By:    /s/ Scott A. Burroughs
       Scott A. Burroughs, Esq.
       Annie Aboulian, Esq.
       Attorneys for Plaintiff

## DECLARATION OF SCOTT A. BURROUGHS, ESQ.

I, Scott A. Burroughs, Esq., am a shareholder in DONIGER / BURROUGHS APC, and am competent to testify from my personal knowledge and review of my records as set forth below:

1. This declaration is brought to preclude Defendants from offering material related to apportionment. There is no such evidence in the record and the testimony of Defendants makes clear that apportionment is not appropriate in this case.

2. I met and conferred with defense counsel in relation to this motion, and she indicated that Defendants intended to present evidence on this issue.

3. Our client will suffer prejudice if this material is proffered because it will present unfounded, legally untenable statements, and may mislead or confuse the jury. Specifically, it may lead the jury to apportion the profits and reduce damages in a way that is not supported by law or the evidentiary record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 18, 2012, in Culver City, California.

By: /S/ Scott A. Burroughs
Scott A. Burroughs, Esq.

# DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1

Defendants Ms. Bubbles, Inc. and Aeropostale, Inc. ("Defendants") hereby oppose the Motion in Limine No. 1 of Plaintiff L.A. Printex Industries, Inc. ("Plaintiff").

## I. INTRODUCTION

Through its Motion in Limine No. 1, Plaintiff seeks to inappropriately preclude Defendants from offering evidence or testimony concerning the proper apportionment of profits derived by Defendants from the sale of their garment upon which the allegedly infringing design was printed. Plaintiff's Motion seeks to completely brush aside factors decisive to a given consumers decision to purchase garments from Aeropostale including, but not limited to: 1) the quality and price of Aeropostale garments; 2) the "cool" factor associated with the Aeropostale brand among teens and young adults; and 3) the unique retail selling environment in Aeropostale retail stores and on its website. The design on a given article of Aeropostale clothing bears a minimal connection to the above factors which are responsible for driving sales at Aeropostale stores.

Plaintiff has been aware of Defendants' intentions to proffer expert witness testimony on the proper apportionment of Defendants' profits derived from the sale of the allegedly infringing garment at issue since at least April of 2010.[1] The Defendant Aeropostale's

---

[1] On April 29, 2010, Aeropostale identified Karen Klimkiewicz as an expert and percipient witness who would provide expert testimony at trial concerning the Aeropostale brand, market appeal, marketing strategy and customer base. Ms. Klimkiewicz was subsequently deposed by counsel for Plaintiffs on June 3, 2010. Ms. Klimkiewicz is no

expert who will provide testimony at trial, Lindsay Friedman Sword, is a graduate of the University of Virginia, and has been an employee of Aeropostale since 2009 where she is employed as the Women's Short Sleeve and Long Sleeve Merchant. While working at Aeropostale, Ms. Sword has managed men's and women's clothing lines that generate annual sales in excess of $250 million. Ms. Sword's expertise is centered on her ability to recognize consumer trends and working with designers to design, market and manufacture clothing to take advantage of those trends. (*See* Declaration of Lindsay Sword ("Sword Decl."), ¶¶3-5 filed concurrently herewith). Ms. Sword has received awards from Aeropostale for her abilities to recognize those apparel items which will be most successful in Aeropostale stores and for her strengths in growing product lines and exceeding financial goals. (*Id.* at ¶7). Her recognitions have included receipt of the 2012 Partner in Profits Award for Men's Merchandising and the Aeropostale Innovation Award for innovation.

Based on her extensive experience and expertise, Ms. Sword will proffer expert testimony at trial concerning considerations made by Aeropostale in selecting its product lines, the consumer purchasing patterns and motivations that inform her choice of apparel items to include in given product lines, and the impact of the Aeropostale brand on consumer purchasing decisions. (Sword Decl.,¶¶9-12).

---

longer employed by Aeropostale and thus Defendants will offer the testimony of Lindsay Friedman Sword who has the same extensive experience in fashion merchandising, and is currently employed as Women's Senior Merchant- Short Sleeve and Long Sleeve by Aeropostale, a position formerly held by Karen Klimkiewicz. Ms. Friedman's proffered expert opinion will be the same as that which was to be proffered through Ms. Klimkiewicz.

4852-3388-5201.1                                                    - 8 -

Plaintiff has had a full and fair opportunity to conduct discovery on the expert opinions that will be proffered by Defendant Aeropostale regarding proper apportionment of the profits derived from the sale of the allegedly infringing garments and Plaintiff cannot now be permitted to exclude such evidence. As a just and fair resolution of this matter requires that the trier of fact be presented with all facts and evidence influencing purchasing of the allegedly infringing garments at issue in this matter, Plaintiff's Motion in Limine No. 1 should be denied.

## II.   **ARGUMENT**

A copyright holder "must proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated indirectly from such an infringement." *Mackie v. Rieser*, 296 F.3d 909, 915-916 (9th Cir. 2002). The Ninth Circuit has held that where "it is clear . . . that not all of the profits are attributable to the infringing material," there is a duty to apportion damages so long as "'. . . the evidence suggests some division which may rationally be used as a springboard'" for apportionment. *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828-29 (9th Cir. 1985) (*quoting Orgel v. Clark Boardman Co.*, 301 F.2d 119, 121 (2d Cir. 1962)). Apportionment does not have to be mathematically exact. Only a reasonable approximation is required, to be attained "through the testimony of experts and persons informed by observation and experience." *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 404 (1940). Copyright Act does not require perfection in apportioning profits. "As to the amount of profits attributable to the infringing material, 'what is required is . . . only a reasonable

approximation." *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828-29 (9th Cir. 1985). A witness who is qualified by knowledge, experience and training may provide expert witness testimony at trial so long the testimony is helpful, is based on sufficient data and facts, is based on reliable principals and methods, and the principles are properly applied to the case. Fed. Rule Evid. 702.

In *Mackie*, a Seattle-based artist (Mackie) sued the Seattle Symphony Orchestra and a graphic artist retained by the symphony for copyright infringement alleging that the Symphony's promotional brochure used Mackie's artwork without authorization. *Mackie*, 296 F.3d at 911-912. As part of his alleged damages, Mackie sought to recover profits that the Symphony generated for the 1996-97 season that the allegedly infringing brochure was used, as well as profits for future seasons. *Id.* at 913. Following discovery, the Symphony moved for partial summary judgment on Mackie's demand for indirect profits. After setting forth the governing rule that in order to survive summary judgment, a copyright claimant must first satisfy his threshold burden to establish a causal nexus between the alleged infringement and the defendant's gross revenue, the court found that Mackie had not met his burden and awarded summary judgment to defendants. *Id.* at 915-916. In concluding that Mackie had not proffered sufficient non-speculative evidence to create a triable issue of fact as to causation, the court observed: "we can surmise virtually endless permutations to account for an individual's decision to subscribe to the Pops series, reasons that have nothing to do with the [infringed promotional] artwork in question. For example, was it because of the Symphony's reputation, or the conductor, or a specific musician, or the dates

4852-3388-5201.1                                   - 10 -

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF APPORTIONMENT

of the concerts, or the new symphony hall, or the program, or the featured composers, etc." *Id.* at 916.

As in *Mackie*, L.A. Printex has no evidence to support any causal nexus between its allegedly copyrighted design and Aeropostale's profits from its sales of garments bearing a similar design to the general public.  Furthermore, L.A. Printex has not retained any expert witness to opine as to the relationship between the C30020 design and Aeropostale's sales. On the other hand, Ms. Sword is prepared to provide expert testimony concerning a variety of consumer purchasing motivations responsible for the decision to purchase a given article of clothing including, but not limited to: (i) operation of retail stores, (ii) brand creation, management, and related marketing/advertising, (iii) and design of the apparel." (*See* Sword Decl., ¶¶9-12).  Stated another way, Aeropostale's consumers bought the garments in question because of Aeropostale's brand name, the fit of the garment, the garment's color, the texture and feel of the garment's fabric, the convenience of the Aeropostale store location, and numerous other factors, each of which have nothing to do with the commonplace flower pattern C30020 allegedly copyrighted by L.A. Printex.

As stated above, Defendant Aeropostale's expert has extensive experience in fashion merchandising and as a Senior Merchant at Aeropostale tasked with making merchandising decisions and understanding consumer behavior, she is unquestionably qualified to provide testimony concerning how the Aeropostale brand, reputation for product quality and marketing influences consumers to purchase Aeropostale products, and the allegedly infringing garments at issue in this matter. (Sword Decl., ¶¶2-7).  Moreover, her testimony

will be helpful to the trier of fact in determining what portion of Defendants' profits should be attributable to the allegedly infringing design should Plaintiff prevail on liability. Plaintiff has been on notice of Defendants' intentions to offer expert testimony on the issue of apportionment of profits since at least April 2010 and thus has had a complete opportunity to conduct any discovery it deemed appropriate on this disclosed testimony. (*See* Declaration of Deborah F. Sirias, ¶4 filed concurrently herewith).

As Defendants' proffered expert Lindsay Sword is highly qualified to provide expert testimony on the issue of apportionment, Plaintiff's Motion in Limine No. 1 should be denied.

## III.   CONCLUSION

Based on the foregoing, Defendants respectfully submit that Plaintiff's Motion in Limine No. 1 should be denied.

1 DATED: October 18, 2012            DEBORAH F. SIRIAS
                                     ROBERT M. COLLINS
2                                    LEWIS BRISBOIS BISGAARD & SMITH LLP

5                                    By:      /s/ Deborah F. Sirias
                                            Deborah F. Sirias
6                                           Attorneys for Defendant Ms. Bubbles, Inc.

8 DATED: October 18, 2012            KRISTIN L. HOLLAND
                                     CORY A. BASKIN
9                                    KATTEN MUCHIN ROSENMAN LLP

12                                   By:      /s/ Cory A. Baskin
                                            Cory A. Baskin
13                                          Attorneys for Defendant Aeropostale, Inc.

4852-3388-5201.1                        - 13 -

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF APPORTIONMENT