Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM CARTER CO.; et al., <br><br> Defendants. | CASE NO. 09-2449 AK <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE ALL TESTIMONY, ARGUMENT, AND EVIDENCE OF OVERHEAD COSTS; BURROUGHS DECLARATION** <br><br> *[[Proposed] Order Submitted Concurrently Herewith]* <br><br> Hearing Date: November 16, 2012 <br> Time: 10:00 a.m. <br> Location: 16 <br><br> Final Pre-trial Conference: <br> Date: November 9, 2012 <br> Time: 10:00 a.m. <br> Courtroom: 16 – Spring Street <br><br> Trial: November 27, 2012 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL:**

PLEASE TAKE NOTICE THAT on or about the date and time set forth above, or as soon thereafter as the Court will hear this Motion, Plaintiff hereby move this Court to exclude any questioning, testimony, or argument concerning Defendants' deductions of overhead costs. The hearing will take place in Courtroom 16 of the United States District Court, Central District, located at 312 N. Spring Street, Los Angeles, CA.

Plaintiff bases this Motion in Limine No. 2 on this Notice, the attached points and authorities, the documents on file in this matter, and any argument presented at the time of hearing. Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 2 to Exclude All Testimony, Evidence and Argument Concerning Defendants' deductions of overhead costs.

This Motion is brought following the meet and confer between counsel. Defendants would not stipulate to the relief requested.

Respectfully submitted,

Dated: October 11, 2012        DONIGER / BURROUGHS APC

By:   /s/ Scott A. Burroughs
      Scott A. Burroughs, Esq.
      Annie Aboulian, Esq.
      Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff respectfully requests that the Court exclude any testimony, evidence and argument concerning Defendants' deductions of overhead costs for the reason that it would be unduly prejudicial, irrelevant, and entirely improper.

## II. ARGUMENT

Defendants may not present any evidence of overhead costs at time of trial. The burden of establishing overhead costs is borne by the Defendants, and they have not provided any competent evidence in this regard.  As such, any arguments or evidence that Defendants may deduct overhead from the gross profits earned on their sales of the infringing goods must be excluded.

When calculating damages in an action for copyright infringement, a plaintiff bears the initial burden of providing the "total" revenue the defendant has derived from selling infringing goods.  *17 U.S.C. § 504(b).*  Once this figure is presented, defendants may reduce this recoverable revenue by presenting evidence of specific costs incurred during their sales process.  *Id.*  A defendant's expenses may be deducted from the total sum initially presented by the plaintiff only if the costs were directly related to, and of actual assistance in, the creation and sale of the infringing goods. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir.2000).  Because *defendants* carry this burden, and are in exclusive control of their financial records, "[a]ny doubts as to the correctness of the profit calculation should … be resolved in favor of the Plaintiff." *Eales v. Envtl. Lifestyles, Inc.*, 958 F.2d 876, 881 n. 4(9th Cir.)

Even if Defendants had proffered proof of overhead expenses, they must be denied in this case because such overhead expenses have not been shown to be directly related to the sales of the goods at issue. This district has directly addressed the issue of whether overhead may be deducted by Defendants in a case alleging infringement of a textile

design, finding "[t]he rule is that one deducts from the gross sales price the costs that are directly attributable to the items in question. But general overhead, such as management, rent, telephones, designers, and the like are not to be deducted, since they are, by hypothesis, there whether the particular item is sold or not. Only if a particular "overhead" item can be specifically related to the goods in question can it be deducted. This is true even if overhead increases losses or decreases gains for the enterprise as a whole." *JBJ Fabrics, Inc. v. Mark Industries, Inc.*, 1987 U.S. Dist. LEXIS 13445, *15; 5 U.S.P.Q.2D (BNA) 1414; Copy. L. Rep. (CCH) P26, 233; *See Judge Posner's discussion in Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983). See also, 3 Nimmer on Copyright § 14.02 (1987), and Farnsworth, Contracts § 12.10 (1982). "The Ninth Circuit is in accord with this view." Id., citing *Kamar International, Inc. v. Russ Berrie & Co., Inc*., 752 F.2d 1326, 1333 (9th Cir. 1984).

In this case, the only costs that can be deducted (if they can be proven at trial) are the costs paid by Aeropostale, Inc. to Ms. Bubbles for the garments at issue, and the costs paid by Ms. Bubbles, Inc. to its supplier in China for the purchase of the goods at issue. There has been no evidence adduced by Defendants in support of any other deductions from the gross profit number.

So owing, Defendants may not introduce evidence of any overhead costs because (a) no such evidence was produced in discovery despite a request therefor, and (b) Defendants have failed to establish the direct correlation between the expense and the sale of the good. As such, all evidence in this regard must be excluded.

In addition, Federal Rule of Evidence 403 excludes evidence whose "probative value is substantially outweighed by the danger of unfair prejudice." Evidence of a fully-allocated percentage of the company's entire overhead to the sales at issue have no probative value, and will unfairly prejudice Plaintiff in that the jury might adopt the calculations of these large corporate entities.

During the deposition of FedR.Civ.P. 30(b)(6) deposition of Aeropostale, Inc., it

admitted that it had no evidence that its overhead costs actually contributed to the sales of the infringing products, and that the overhead deduction amount it sought to take from its gross profits was simply a raw percentage of the total overhead costs of the company. It is well-settled in the Ninth Circuit that a Copyright defendant may not simply proffer "evidence of their total overhead costs allocated on a reasonable basis," but must show that the claimed costs "actually contributed to sales of the infringing work." *Frank Music Corp. v. Metro Goldwyn-Mayer, Inc.,* 772 F.2d 505, 523-24 (9th Cir. 1985). Given that, as discussed below, Defendants have done no more than allocate their total overhead costs, this evidence must be excluded.

Aeropostale, Inc. has conceded that it was unable to produce the evidence necessary to establish that any of its overhead costs were related to the sales of the goods at issue. Instead, Defendants admit they deduct a fully-allocated amount, after it "lumped" its costs together, and allocated a percentage of those costs to the sales of the infringing goods. No evidence was provided as to how these costs "actually contributed to the loss of sales," or how they were calculated. Specifically, the witness testified:

> Q: So if you wanted to find out the total revenues that were derived from Aéropostale from the sale of a particular item, how would you do that?
>
> A.  Well, we do have our certain sales -- we have sales reporting systems in the company that do track sales by item. So sales we could track.  But we can't -- we don't do a separate P&L-separate profit and loss statement that tracks all of the costs associated with that one item.  You know, we lump that all together on a consolidated basis on those expenses.
>
> Hernon Depo. 13:12-24; Ex. 1.

The amount sought to be deducted by Defendants for overhead not only did not "actually contribute" to the sales of the goods at issue, it is also unreliable. It is unreliable because the same percentage of overhead is applied to the sales of the goods at issue as would be applied to any other product, regardless of the type of product, when it was sold,

or its profitability[1].

Because Defendants have not provided Plaintiff any admissible evidence to support any deductions for overhead costs, Plaintiff has been unduly prejudiced in its ability to investigate and challenge these numbers. Plaintiff simply should not be charged with the task of ensuring that the jury does not rely on such misleading and improper evidence. *Coursen v. A.H. Robins Co., Inc.,* 764 F.2d 1329, 1333-35 (9th Cir. 1985) (trial court authorized to exclude evidence that was collateral, confusing, and prejudicial). Because the proffering of such evidence would unduly prejudice Plaintiff, this Motion must be granted

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court prevent all Defendants from introducing testimony, evidence or argument concerning Defendants' deductions of overhead costs. Such evidence and testimony would be reflected in the testimony of Robert Hernon and Anil Chugh and potentially in portions of Aeropostale, Inc. documents numbered 109 and 110, and to a certain extent, the David Nolte expert report.

Respectfully submitted,

Dated: October 11, 2012          DONIGER / BURROUGHS APC

By:   /s/ Scott A. Burroughs
      Scott A. Burroughs, Esq.
      Annie Aboulian, Esq.
      Attorneys for Plaintiff

---

[1] Q. Well, would it be the cost associated with selling that particular product, or would it be the cost associated with selling all of the Aéropostale profits or products?
A. We don't do it -- we don't separate the cost of freight by that one item.
Q. So it was; correct?
A. Yeah, regardless of the item and regardless of when it was sold during the year, sure.
Hernon Depo. 19:19-20:4. See Ex. 1.

4843-0556-7761.1                          - 6 -

## **DECLARATION OF SCOTT A. BURROUGHS, ESQ.**

I, Scott A. Burroughs, Esq., am a shareholder in DONIGER / BURROUGHS APC, and am competent to testify from my personal knowledge and review of my records as set forth below:

1. I have attached as Exhibit 1 a true and correct copy of the applicable portions from the deposition transcript of Robert Hernon.

2. This declaration is brought to preclude Defendants from offering material related to overhead. There is no such evidence in the record and the testimony of Defendants makes clear that overhead was never properly calculated, and has no basis, and should be excluded.

3. I met and conferred with defense counsel in relation to this motion, and she indicated that Defendants intended to present evidence on this issue.

4. Our client will suffer prejudice if this material is proffered because it will present unfounded, legally untenable statements, and may mislead or confuse the jury. Specifically, it may lead to the jury providing deductions that are not supported by the evidence of allowed by law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 18, 2012, in Culver City, California.

                                        By:    /S/ Scott A. Burroughs
                                                     Scott A. Burroughs, Esq.

# DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2

Defendants Ms. Bubbles, Inc. and Aeropostale, Inc. ("Defendants") hereby oppose the Motion in Limine No. 2 of Plaintiff L.A. Printex Industries, Inc. ("Plaintiff").

## I. INTRODUCTION

Through its Motion in Limine No. 2, Defendant Ms. Bubbles, Inc. seeks to inappropriately limit Defendants' evidence of costs to "costs paid by Aeropostale, Inc. to Ms. Bubbles for the garments at issue, and the costs paid by Ms. Bubbles, Inc. to its supplier in China for the purchase of the goods at issue." However, Defendants have substantially more evidence to be proffered regarding its costs which were of assistance and/or were directly related to the production, distribution and sale of the allegedly infringing garment at issue. These deductible expenses were set forth in the report of Defendants' expert, David Nolte, and/or were produced to Plaintiff during discovery.

As Defendants are prepared to proffer testimony and provide evidence at trial establishing their costs and also demonstrating how those costs contributed to the production, distribution and sale of the allegedly infringing garments at issue, Plaintiff's Motion in Limine No. 2 should be denied.

## II. ARGUMENT

Plaintiff argues in its Motion in Limine No. 2 that Defendants should be precluded from offering any evidence of costs representing overhead in at trial in this matter because

the allocation of a percentage of total overhead to the sales of the infringing goods is improper.  Indeed, Plaintiffs Motion seems to be principally dedicated to an attack on the accounting methods under which Defendants, and specifically Defendant Aeropostale, calculated its deductible costs.  Plaintiff further argues that Defendants' deductible costs should be limited to the amount Defendant Aeropostale paid Defendant Ms. Bubbles for the allegedly infringing garments, and those costs paid by Ms. Bubbles to its Chinese supplier for the purchase of the goods at issue.  Plaintiff's position is not in keeping with prevailing Ninth Circuit law and thus its Motion in Limine No. 2 should be denied.

Section 504(b) of the Copyright Act provides that in determining the profits derived through the infringement of a copyrighted work, "the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work."  17 U.S.C. §504(b).  It is thus incumbent upon the copyright owner to demonstrate gross revenue and for the alleged infringer to establish its deductible costs in order for a proper determination of profits to be calculated. In *Kamar Int'l, Inc. v. Russ Berrie & Company, Inc.*¸ the Ninth Circuit observed that allocation of overhead costs in the same proportion over a group of goods sold was an acceptable means of calculating overhead costs, and to the extent a district court holds that it such method of accounting is not proper it clearly errs.  752 F.2d 1326, 1333 (9th Cir. 1984).  The *Kamar* Court further observed that "courts have approved of such percentage allocations in other cases where actual variations in cost seem difficult to prove."  *Id.* (*citing  Wilkie v. Santly Bros., Inc.*,

139 F.2d 264 (2d Cir. N.Y. 1943); *Sheldon v. Metro-Goldwyn Pictures*, 106 F.2d 45 (2d Cir. N.Y. 1939); *Neal v. Thomas Organ Co.*, 241 F. Supp. 1020 (S.D. Cal. 1965). Further the *Kamar* Court stated, "[t]here isn't any hard and fast rule except that in an accounting for profits by an infringer they must be determined as fairly and as accurately as the circumstances of the case will permit." *Id.* (*citing Wilkie*, 139 F.2d at 265). Thus, based on prevailing Ninth Circuit law, Plaintiff's argument that the method by which Defendants have calculated their overhead costs is somehow improper is a non-starter.

Defendants recognize that they must demonstrate how categories of its deductible costs were of assistance in the creation, sale and distribution of the infringing goods at issue (*Three Boys Music Corp. v.* Bolton, 212 F.3d 477, 487 (9th Cir. 2000)), and, if Plaintiff can successfully establish liability, Defendants are prepared to provide testimony at trial linking their deductible costs to the sale of the allegedly infringing goods at issue.

The deductible costs of Defendant Ms. Bubbles include costs of the purchase of the goods product chargebacks, shipping, buying commissions, variable costs of goods sold, factor charges, factor interest, selling commissions, and variable general and administrative expenses. Defendant Aeropostale's deductible expenses will include costs of the allegedly infringing goods sold, average store related expenses and income taxes paid on the sales of the allegedly infringing goods.[2] These costs will be attested to by Defendants' various

---

[2] The documents supporting Defendants' deductible expenses have been produced to Plaintiff with an "Attorneys' Eyes Only" Designation. As no protective order has been entered in this matter, Defendants respectfully submit that they will submit these documents

percipient witnesses and their damages expert David Nolte, who Plaintiff has indicated it wishes to also rely on to establish its alleged damages.

As Defendants' calculated deductible expenses are supported by sound accounting measures approved of by the Ninth Circuit and will be properly attributed to the alleged infringing garments at issue in this matter, Plaintiff's Motion in Limine No. 2 should be denied.

## III. CONCLUSION

Based on the foregoing, Defendants respectfully submit that Plaintiff's Motion in Limine No. 2 should be denied.

for in camera review if such will assist the Court in issuing its ruling on this motion in limine.

| | | |
|---|---|---|
| DATED: October 18, 2012 | | DEBORAH F. SIRIAS<br>ROBERT M. COLLINS<br>LEWIS BRISBOIS BISGAARD & SMITH LLP |
| | By: | /s/ Deborah F. Sirias<br>Deborah F. Sirias<br>Attorneys for Defendant MS. BUBBLES, INC. |
| DATED: October 18, 2012 | | KRISTIN L. HOLLLAND<br>CORY A. BASKIN<br>KATTEN MUCHIN ROSENMAN LLP |
| | By: | /s/ Cory A. Baskin<br>Cory A. Baskin<br>Attorneys for Defendant AEROPOSTALE, INC. |