Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

L.A. PRINTEX INDUSTRIES, INC.,

Plaintiff,

vs.

WILLIAM CARTER CO.; et al.,

Defendants.

CASE NO. 09-2449 AK

**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO ALLOW EVIDENCE, ARGUMENT, AND TESTIMONY RELATING TO ALL ITERATIONS OF THE SUBJECT DESIGN USED IN COMMERCE**

*[[Proposed] Order Submitted Concurrently Herewith]*

Hearing Date: November 16, 2012
Time: 10:00 a.m.
Location: 16

Final Pre-trial Conference:
Date:          November 9, 2012
Time:          10:00 a.m.
Courtroom:  16 – Spring Street

Trial:          November 27, 2012

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL:**

PLEASE TAKE NOTICE THAT on or about the date and time set forth above, or as soon thereafter as the Court will hear this Motion, Plaintiff hereby move this Court to allow Plaintiff to introduce evidence of fabric swatches depicting all iterations of the infringed design at issue to the extent they were used in commerce.  The hearing will take place in Courtroom 16 of the United States District Court, Central District, located at 312 N. Spring Street, Los Angeles, CA.

Plaintiff bases this Motion in Limine No. 3 on this Notice, the attached points and authorities, the documents on file in this matter, and any argument presented at the time of hearing. Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 3 to allow evidence of all iterations of the infringed design as used in commerce.

This Motion is brought following the meet and confer between counsel. Defendants would not stipulate to the relief requested.

Respectfully submitted,

Dated: October 11, 2012          DONIGER / BURROUGHS APC

By:     /s/ Scott A. Burroughs
        Scott A. Burroughs, Esq.
        Annie Aboulian, Esq.
        Attorneys for Plaintiff

PLAINTIFF'S MOTION IN LIMINE TO ALLOW EVIDENCE OF DESIGN ITERATIONS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff respectfully requests a ruling that Plaintiff may introduce evidence, argument, and testimony as to all iterations of the infringed design at issue, including on fabric swatches. Plaintiff marketed and sold the infringed design in a number of colorways, on different fabrics, and with and without a background screen. Plaintiff should be allowed to introduce these other iterations if it can show that it used them in commerce by marketing or selling fabric bearing the iterations.

## II. ARGUMENT

Plaintiff seeks a ruling that it should be allowed to offer the different iterations of the design and specimens of the fabric that were actually used in commerce. Plaintiff produced during discovery a number of swatches of fabric and design images reflecting iterations of the design that were used in commerce[1]. These should be allowed into evidence at trial, as follows.

### A.    The Fabric Swatches of C3002 are "Copies" of the Deposited Design and Should be Admitted

The 9th Circuit, when remanding this matter, stated:

"[O]n remand, the district court — and the jury — may consider fabric swatches of C30020 in applying our two-part test for substantial similarity, so long as the district court determines that the digital prints that L.A. Printex deposited with the Copyright Office constitute "one complete copy" of C30020, and that the fabric swatches are also "copies" of C30020. See 17 U.S.C. § 101 (defining copies as "material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device"); id. § 113(a) ("[T]he exclusive right to reproduce a copyrighted pictorial, graphic, or sculptural work in copies under section 106 includes the right to reproduce the work in or on any kind of article, whether useful or otherwise."); id. § 408(b)(1) (requiring deposit of "one complete copy" for

---

[1] Defendants falsely state that the fabrics swatches were not produced in discovery. See Plaintiff's response to Defendants' Motion in Limine No. 2.

registration); Three Boys Music, 212 F.3d at 486 (stating that "our definition of a `complete copy' is broad and deferential")."

*L.A. Printex Industries, Inc. v. Aeropostale, Inc*., 676 F. 3d 841, 850 fn. 3 (9th Cir. 2012).

It is undisputed that the deposit copy contains all elements of the C30020 design, and the fabric swatches bearing the C30020 design are "copies" as required by the 9th Circuit. The printing of ink on fabric is a "method" in which a "work is fixed" in such a way that it can "perceived, reproduced or otherwise communicated." 17 U.S.C. § 101. As such, the fabric swatches in various colorways produced by Plaintiff in discovery and provided to the Court should be given to the jury for review and comparison.

This is in line with established precedent, as Courts have long found that a plaintiff should be able to present any close iteration of a work that has been infringed, not just the one that has deposited with the Copyright Office. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. Cal. 2000) ("[a]lthough the 1909 Copyright Act requires the owner to deposit a "complete copy" of the work with the copyright office, our definition of a "complete copy" is broad and deferential[…]").

The *Three Boys Music Corp.* case is directly on point here. There, defendants argued that the District Court did not have jurisdiction over one version of the copyrighted song because the deposit copy of the copyrighted song differed from the recorded version of the song. Id. at 486. There was no evidence of intent to defraud or prejudice, and testimony at trial revealed that the deposit copy included all of the same elements as the recorded version of the song. Id. So owing, it was found that suit on the recorded version was proper despite the variances with the deposit copy. Id. at 486-87.

The facts here are virtually the same. Certain versions of the design sought to be offered by trial differs in small respects from the deposit copy (color and background screen), but the versions sought to be offered include all the same elements as the deposit copy, and there is no evidence of fraud. The various fabric swatches should be allowed at trial.

   B. *Only the "Best Edition" is Required to be Deposited.*

The Copyright Act and case law both state that minor variations in a registered work are protectable so long as the "best edition" of a work is deposited. 17 U.S.C. § 407(a) (the owner of a copyrighted work "shall deposit, within three months after the date of such publication… copies of the best edition […]"); *see also* 17 U.S.C. § 101 ("[t]he 'best edition' of a work is the edition, published in the United States at any time before the date of deposit, that the Library of Congress determines to be most suitable for its purposes."). In interpreting the deposit requirement, Professor Nimmer writes:

> Best Edition. The deposit requirement of the best edition means "the edition, published in the United States at any time before the date of deposit, that the Library of Congress determines to be most suitable for its purposes." This standard is to be applied "regardless of the quantity or quality of other U.S. editions that may also have been published before the time of deposit." On the other hand, "best edition" does not require any arbitrary standard of quality if in fact the work has not been published in an edition of such quality. **Moreover, if a better edition is published after registration and deposit, such better edition need not be deposited. Thus, no additional deposit is required by reason of the fact that new editions differ in size, color and inconsequential detail from the work deposited.**

Melville B. Nimmer And David Nimmer, 2-7 Nimmer On Copyright, § 7.17 (Matthew Bender, Rev. Ed.)(emphasis added, internal citations omitted); accord *F. W. Woolworth Co. v. Contemporary Arts, Inc.*, 193 F.2d 162, 164 (1st Cir. Mass. 1951)(regarding variations between the plaintiff's reproductions of sculpture as inconsequential with respect to copyright coverage); *First American Artificial Flowers, Inc. v. Joseph Markovits, Inc.*, 342 F. Supp. 178 (S.D.N.Y. 1972)(finding that a copyright owner's failure to obtain protection for an "adaptation…or other version" of a copyrighted rose would not diminish its copyright protection in that other version); *Goldman-Morgen, Inc. v. Dan Brechner & Co.*, 411 F. Supp. 382, 390 (S.D.N.Y. 1976)(finding that any "possible differences between the copy of the item submitted to the Copyright Office and the item actually sold by plaintiff resulted from the mechanical technique involved in producing the item") (superseded on other grounds).

The iterations of C30020 sought to be offered at trial were both "published after registration and deposit," and differ from the deposit copy only in "color and

inconsequential detail from the work deposited." Id. As such, they are suitable for presentation to the jury.

### C.    The Deposit is Only Required to Identify the Work at Issue

The deposit required for registration merely acts as an "identifier," and need not contain an exhaustive example of every variation protectable under the copyright registration. In *F.W. Woolworth Co. v. Contemporary Arts, Inc*. 193 F.2d 162 (1st Cir. 1951), a case that squarely addresses this issue, defendant sought review of a decision in which the district court found that it had infringed upon plaintiff's copyright in a porcelain statuette of a cocker spaniel. The plaintiff, Contemporary Arts, Inc. ("Contemporary Arts"), had sold three different sizes of the copyrighted sculptural work, and in different colors. On appeal, the accused infringer, F.W. Woolworth Co., argued that Contemporary Arts failed to show which of its three models, if any, were protected under its copyright registration. The First Circuit dismissed this argument as without merit, stating the following:

> It is the well established rule that a copyright on a work of art does not protect a subject, but only the treatment of a subject… It means the proportion, form, contour, configuration, and conformation, perhaps the latter in details too subtle for appreciation by anyone but a fancier, of the dog represented by the sculptured work of art.  And in these respects the plaintiff's three models are exactly alike except for **the elimination in the two higher priced models of undercuts, so called, which was required by the mechanical technique of casting in porcelain and other ceramic clays from a plaster master model.**

Id. at 165 (emphasis added).  In so holding, the Court finds that any discrepancies in those reproductions were "merely factors of the mechanical process of reproduction in ceramics."   Id. Any "differences between the plaintiff's plaster and its ceramic reproductions in size (are) inconsequential so far as the coverage of the copyright is concerned."   Id.   This is also true here: L.A. Printex's protection for C30020 is not limited to the deposit copy, and encompasses the appearance of the design on fabric, in additional colors, and with or without the minor background element, and regardless of which type of machinery prints the design on fabric.

In *Goldman-Morgen, Inc. v. Dan Brechner & Co.*, 411 F. Supp. 382, 390 (S.D.N.Y. 1976)(superseded on other grounds), defendants made a similar argument, except with respect to the plaintiff copyright holder's subsequent reproductions of its copyright-protected novelty coin bank. Citing to the deposit provisions under 17 U.S.C. § 1331, that court dismissed this argument as "untenable":

> Any possible differences between the copy of the item submitted to the Copyright Office and the item actually sold by plaintiff, result from the mechanical technique involved in producing the item. These differences have no appreciable significance upon the artistic conception of the work and I find them to be inconsequential.

Id. (internal citations omitted).

In this case, Printex will offer, if allowed, its copyright registration application deposits, which were high-quality, full-sized digital prints on paper of C30020's electronic design file. Although the design was originally created through use of a computer-aided graphic software program, after its creation, Printex marketed and sold fabric bearing C30020, printed with a textile screen printing machine. The inevitable differences that resulted from the mechanical process of printing C30020 on fabric (e.g., lines that are not as clear, colors which have a "blotchier" appearance) cannot be allowed to limit the scope of protection afforded to Printex. In other words, Plaintiff is entitled to protection for the appearance of C30020 when it is printed on fabric as well as paper.

Moreover, as addressed above, Printex will offer at trial, if allowed, fabric swatches of C30020's various color combinations on fabric as evidence that the quality would be significantly diminished in comparison to what was shown in its CAD printout. Also, Printex president Jae Nah will testify, if allowed, that, in the printing process, C30020 was printed on fabric through either a four- or five-screen printing process – therefore, fabric versions of C30020 would not have the multiple shades of a single color present on the electronic print.

Given the above, Printex should be allowed to introduce the fabric swatches.

D.    *Depositing Fabric Images is Sufficient to Protect Clothing; Constituent*

*Elements Protected.*

Printex, in depositing the images of the C30020 design, satisfied the deposit requirements and did not have to submit fabric specimens. *See Blue Fish Clothing, Inc. v. Kat Prints*, 1991 WL 71113 at *3 (E.D.Pa. 1991) (clothing designs displayed in clothing catalogs properly registered). As such, the Court should allow the fabric swatches at trial.

In addition, when a claimant registers a work with many elements, the copyright protection can also extend to each constituent part of that work. *See Szabo v. Errisson*, 68 F.3d 940, 943 (5th Cir.1995); *see also Blue Fish Clothing, Inc.*, 1991 WL 71113 at *3. So owing, Printex should be able to present fabric swatches that do not reflect the background screen because such a design reflects only constituent parts of the work.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court allow Printex to proffer at trial fabric swatches in colorways other than that deposited, and without the background screen. The evidence is in the form of fabric swatches and images of fabric printed with the C30020 design in multiple colors, and without the background screen.

Respectfully submitted,

Dated: October 11, 2012          DONIGER / BURROUGHS APC

By:    /s/ Scott A. Burroughs
Scott A. Burroughs, Esq.
Annie Aboulian, Esq.
Attorneys for Plaintiff

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF APPORTIONMENT

## DECLARATION OF SCOTT A. BURROUGHS, ESQ.

I, Scott A. Burroughs, Esq., am a shareholder in DONIGER / BURROUGHS APC, and am competent to testify from my personal knowledge and review of my records as set forth below:

1.      This declaration is allow the introduction of fabric swatches reflecting Plaintiff's designs as it marketed and sold them to the public.

2.      I met and conferred with defense counsel in relation to this motion, and she indicated that Defendants would challenge such evidence.

3.      Our client will suffer prejudice if this material is proffered because the jury will be denied the opportunity to compare the infringing design sold by Defendants with the actual fabric marketed and sold by Plaintiff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 18, 2012, in Culver City, California.


By:     /S/ Scott A. Burroughs
        Scott A. Burroughs, Esq.

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF APPORTIONMENT

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3

Defendants Ms. Bubbles, Inc. and Aeropostale, Inc. ("Defendants") hereby oppose the Motion in Limine No. 3 of Plaintiff L.A. Printex Industries, Inc. ("Plaintiff").

## I.     INTRODUCTION

Through its Motion in Limine No. 3, Plaintiff seeks the right to admit into evidence all alleged "iterations" of the purportedly copyrighted C30020 design at issue in this matter. However, despite Plaintiff's false representations to the contrary, to date <u>no fabric swatches have been produced by Plaintiff to the Defendants in this action</u> although Defendants specifically requested production of all versions of the C30020 design, and L.A. Printex had an obligation to produce all "tangible things" it intended to use at trial in support of its claims under Federal Rules of Civil Procedure Rule 26.

Plaintiff's failure to comply with its discovery obligations has prevented Defendants from examining or conducting other necessary discovery of any fabric swatch which Plaintiff intends to offer into evidence and to determine if the swatches indeed are copies of the C30020 actually deposited by L.A. Printex with the Copyright Office.  Thus, Plaintiff must be precluded from offering any fabric swatch "iteration" of its alleged C30020 in the at trial in this matter and must be precluded from offering any version not produced in discovery.

In addition, Plaintiff also failed to deposit a swatch of its C30020 design with its registration for the design although they were required to do so under the Code of Federal

Regulations governing registration of fabric designs.  When L.A. Printex has failed to deposit a swatch as required, it cannot now be permitted to present a swatch at trial.

Prejudice will result if fabric swatches that Defendants were not permitted to inspect during discovery, which were not submitted to the Copyright Office and which were fabricated after this litigation was instituted to look like the design on the allegedly infringing garments are shown to the jury.  Plaintiff must be bound by the deposit it made with its application which forms the basis for this action.

## II.    ARGUMENT

### 1.  Plaintiff Must be Precluded from Offering Any Iterations of Its C30020 Design Not Produced in Discovery

Plaintiff L.A. Printex must be precluded from offering into evidence any alleged "iteration" of its C30020 design which was not produced to Defendants during discovery pursuant to Defendants production requests or as required under L.A. Printex's Rule 26 disclosure obligations.

Federal Rules of Civil Procedure Rule 37 provides:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

(Federal Rules of Civil Procedure Rule 37(c)(1)).

L.A. Printex failed to disclose its possession of, or intent to use at trial, any fabric swatches allegedly depicting the C30020 design as required by Rule 26.

Rule 26 provides in relevant part:

> (a) Required Disclosures.
>
> (1) Initial Disclosure.
>
> (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> (ii) **a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment**;

Federal Rules of Civil Procedure Rule 26(a)(1)(A)(ii) (Emphasis added).

Plaintiff did made several disclosures under Rule 26 during the course of discovery in this matter.  The first on July 31, 2009, the second on April 15, 2010 and the third on May 6, 2010.  Notably, L.A. Printex did not identify any fabric swatches it intended to use in support of its claims in its initial disclosures, or in either of its supplemental disclosures.  Rather, under the category of "documents and tangible things" which it intended to use in support of its claims, L.A. Printex simply repeated the following in all three of its disclosures.

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF APPORTIONMENT

**B.  Documents**

(1) Documents reflecting Plaintiff's creation and registration of the designs at issue.

(2) Documents showing receipts and bar code scan tags on various print designs in the possession of Plaintiff;

(3) Invoices and purchase orders for the print designs at issue in the possession of Plaintiff;

(4) Other miscellaneous documents related to the print designs at issue in the possession of Plaintiff;

(5) Documents showing the substantial similarity between the design on the infringing garments, and Plaintiff's design;

(6) Documents showing the offering for sale of the print design at issue;

(7) Sales documents related to the print design at issue in the possession of Plaintiff;

(8) Documents relating to Defendants' manufacture, importation and sale of product at issue;

(9) Documents relating to Defendants' access to the design at issue; and

(10) Cease and Desist letters sent to Defendants providing notice that said Defendants are transacting in certain products of which infringe upon Plaintiff's intellectual property rights.

(*See* Plaintiff's Rule 26 Disclosures attached as Ex. "B" to the Declaration of Deborah F. Sirias ("Sirias Decl.") filed concurrently herewith).

Plaintiff's failure to disclose its alleged fabric swatches under Rule 26 precludes its use of any such swatches at trial in this matter.

In addition, Plaintiff must also be precluded from use of any fabric swatches at trial because it failed to produce any such swatches in response to Defendants' production requests.  For example, on or around July 31, 2009, Defendants requested that Plaintiff L.A. Printex produce all versions of its C30020 design used in commerce over the previous five (5) year period as follows:

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF APPORTIONMENT

<u>**"REQUEST FOR PRODUCTION NO. 33:**</u>

**Exemplars of all versions of SUBJECT DESIGN A, licensed, marketed
or sold by YOU within the last five (5) years."**

(*See* Excerpts of Defendant Ms. Bubbles, Inc.'s First Set of Requests for Production of Documents attached as Ex. "C" to the Sirias Decl.).

The definitions to MBI's document request defined SUBJECT DESIGN A as follows:

"As used herein, "SUBJECT DESIGN A" means PLAINTIFF'S allegedly original two-dimensional artwork bearing PLAINTIFF's Internal Design Number C30020, and bearing copyright registration No. Vau 557-306."

(*See id.*).

L.A. Printex's failure to produce any fabric swatch version of its C30020 design in response to MBI's production request during discovery also precludes it from offering any such swatch into evidence at trial.

Plaintiff's representations that it produced "a number of swatches of fabric" to Defendants during discovery in this matter is simply not accurate.  (Sirias Decl., ¶7).  As Defendants have been precluded from conducting appropriate discovery of any alleged fabric swatch iteration of Plaintiff's C30020 design, it must be precluded from offering any swatch into evidence at trial in this matter.

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF APPORTIONMENT

## 2. Plaintiff Should Also Be Precluded from Offering Any Fabric Swatch Into Evidence At Trial As It Failed To Deposit Any Swatch With its Application for Small Flower Group A

In addition to its failure to produce any fabric swatches during discovery in this matter, Plaintiff must also be precluded from offering any fabric swatches into evidence at trial because it failed to deposit any such swatch with its application for registration of C30020 as required.  As such, Plaintiff has failed to satisfy the registration requirements under section 411 of the Copyright Act which require the submission of a complete application, deposit and payment before a copyright owner may pursue a claim for copyright infringement.  *Cosmetic Ideas, Inc. v. IAC/InteractiveCorp,* 606 F.3d 612. 621 (9th Cir. Cal. 2010).

In order for the registration to be complete, however, the deposit copy of the fabric design at issue must be complete, that is, the entire work to be protected as of the claimed date of the work's publication must be submitted to the Copyright Office with the application for copyright registration and the appropriate fee.  *Cosmetic Ideas, Inc. v. IAC/InteractiveCorp,* 606 F.3d 612. 621 (9th Cir. Cal. 2010).

The deposit requirements for fabric designs are subject to specific regulation.  37 C.F.R. 202.20(x) provides in relevant part:

> "In the case of any unpublished work that is fixed, or any published work that is published, only in the form of a two-dimensional reproduction on sheet like materials such as textiles and other fabrics. . ., the deposit shall consist of one copy in the form of an actual swatch or piece of such material sufficient to show all elements of the work in which copyright is claimed and the copyright notice appearing on the work, if any.  If the work

consists of a repeated pictorial or graphic design, the complete
design and at least part of one repetition must be shown."

Additionally, 410(a) of the Copyright Act provides that a copyright shall be granted

and a certificate of copyright registration issued when the work sought to be registered has

complied with the statutory provisions for registration, i.e., copyrightability and the legal

and formal requirements of the copyright statute. And while Section 410(c) also affords a

registration certificate an assumption of prima facie validity if made within five years after

that publication of the work, this section further vests the court with discretion to accord

evidentiary weight to the certificate of registration. *See* 17 U.S.C. §410(a)-(c).

Defendants will present evidence at trial demonstrating that L.A. Printex's copyright

registration did not comply with the statutory requirement of Section 410 and the

requirements set forth in *Cosmetic Ideas* because they did not submit an appropriate fabric

swatch as deposit material, nor did they submit a complete application.

Moreover, the two-dimensional deposit copy submitted with Plaintiff's Small Flower

Group A depicts a different design than L.A. Printex has asserted was infringed in this

matter. (*See* Complaint Exhibit "A" (ECF 1); *see also* Deposit Copy of C30020 attached as

Ex. "E" to the Sirias Decl.). Defendants' design is neither the same nor substantially

similar to L.A. Printex's deposited C30020, as the flower lacks the same level of detail and

the design does not include the background lace flower design at all and the alleged copy of

C30020 attached to L.A. Printex's Complaint as Exhibit "1" also lacks the flower detail

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF APPORTIONMENT

present in the C30020 deposited with the Copyright Office and omits entirely the background flower design.

In light of the foregoing, there is a strong likelihood of jury confusion and prejudice to Defendants if L.A. Printex is not precluded from presenting fabric swatches at trial, especially swatches that do not match the deposit materials upon which this action is based. Accordingly, L.A. Printex must be precluded from offering any fabric swatch iteration of its C30020 design at trial.

## III.    CONCLUSION

Due to the great likelihood of jury confusion and prejudice, Defendants respectfully request that L.A. Printex be precluded from presenting fabric swatches at trial as such do not match the deposit materials upon which this action is based.

DATED: October 18, 2012              DEBORAH F. SIRIAS
                                     ROBERT M. COLLINS
                                     LEWIS BRISBOIS BISGAARD & SMITH LLP


                                     By:      /s/ Deborah F. Sirias
                                     Deborah F. Sirias Attorneys for Defendant
                                     MS. BUBBLES, INC.

1

DATED: October 18, 2012            KRISTIN L. HOLLAND
2                                   CORY A. BASKIN
                                    KATTEN MUCHIN ROSENMAN  LLP
3

4

5                                   By:        /s/ Cory A. Baskin
                                          Cory A. Baskin Attorneys for Defendant
6                                         AEROPOSTALE, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF APPORTIONMENT