Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., | CASE NO. 09-2449 AK |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 FOR AN ORDERING OF PROOF AND/OR ADVERSE INFERENCE; DECLARATION OF BURROUGHS** |
| vs. | |
| WILLIAM CARTER CO.; et al., | |
| Defendants. | Hearing Date: November 16, 2012<br>Time: 10:00 a.m.<br>Location: 16 |
| | ***[[Proposed] Order Submitted Concurrently Herewith]*** |
| | Final Pre-trial Conference:<br>Date:          November 9, 2012<br>Time:          10:00 a.m.<br>Courtroom:  16 – Spring Street |
| | Trial:          November 27, 2012 |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL:**

PLEASE TAKE NOTICE THAT on or about the date and time set forth above, or as soon thereafter as the Court will hear this Motion, Plaintiff will hereby move this Court for an ordering of proof whereby Plaintiff will not be required to produce any data relating to sales details, including total sales revenues, of Aeropostale, Inc. ("Aeropostale") other than the number of units obtained by Aeropostale and the ticket price for the garments in the marketplace. This is proper due to Aeropostale's refusal to provide that information, which was in its exclusive control, in discovery. Plaintiff also seeks an adverse inference instruction from the Court relating to this discovery failure. The hearing will take place in Courtroom 16 of the United States District Court, Central District, located at 312 N. Spring Street, Los Angeles, CA.

Plaintiff bases this Motion in Limine No. 4 on this Notice, the attached points and authorities, the documents on file in this matter, and any argument presented at the time of hearing. Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 4.

This Motion is brought following the meet and confer between counsel. Defendants would not stipulate to the relief requested.

Respectfully Submitted,

Dated: October 11, 2012          DONIGER / BURROUGHS APC

By:   /s/ Scott A. Burroughs
      Scott A. Burroughs, Esq.
      Annie Aboulian, Esq.
      Attorneys for Plaintiff

PLAINTIFF'S MOTION IN LIMINE FOR AN ORDERING OF PROOF AND/OR ADVERSE INFERENCE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff respectfully requests that the Court order that Plaintiff should not be required to prove the sales details, including total sales revenues, of Aeropostale other than offering proof of the number of units obtained and the ticket price for the garments. Similarly, Aeropostle should not be allowed to introduce any evidence that its sales revenue is a lower number. Also, Plaintiff requests an adverse inference instruction whereby the jury will be instructed that they may draw a negative inference from Aeropostale's failure to provide the requested evidence.

In reviewing the totality of the documents produced by Aeropostale and its vendor for the infringing goods, Ms. Bubbles, Inc., and the Defendants' expert report, it became clear that Aeropostale failed to produce sales documents for close to half of the units at issue. So owing, this motion should be granted.

## II. ARGUMENT

### A.    The Requested Relief is Proper Because Defendants Failed to Provide Requested Information Regarding Sales

This Court has discretion to order the burden of proof and provide adverse inferences based on discovery conduct. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*. 259 F. 3d 1101, 1106 (9th Cir. 2001). As indicated above, Defendants failed to properly respond to Plaintiff's discovery requests regarding sales records; indeed, it appeared to have concealed all documents relating to approximately *half* of the infringing units at issue. As a result, Plaintiff should be allowed to establish the total sales revenues[1] of Aeropostale by introducing evidence establishing the number of units of the offending garments obtained by Aeropostale, and the ticket price for the garments as found in the marketplace, and

---

[1] At trial, a copyright plaintiff bears the burden of establishing the total revenues realized by the infringers through sales of the infringing product. *17 U.S.C. § 504(b).*

multiplying these two values. In addition, Defendants should not be able to introduce any evidence regarding their sales except for multiplying the ticket price by the number of units sold.

This Court may issue any order it sees fit for discovery abuse, and is constrained only by reasonable discretion, finding of fault and a nexus between the complained-of act and the sanction. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991); *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp*., 982 F.2d 363, 368 (9th Cir. 1992); *Halaco v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988). The Defendants failure to produce the requested documents constitutes discovery abuse, and has denied Plaintiff the ability to pursue its claims and establish damages.

As such, the relief requested herein should be granted as a sanction for Defendants' discovery abuse, and the prejudice that resulted to Plaintiff. This Court has considerable authority grant sanctions in response to discovery abuse. *Wanderer v. Johnston,* 910 F.2d 652, 655-656 (9th Cir. 1990). Moreover, a finding of bad faith is not necessary to issue sanctions under Fed. R. Civ. P. 37(c)(1). *Hein v. Cuprum, S.A., de C.V.,* 53 Fed.Appx. 134, 137 (2nd Cir. 2002) ("Rule 37(c)(1) by its terms does not require a showing of bad faith, we now hold that such a requirement should not be read into the Rule.").

No evidence was produced by Aeropostale regarding Aeropostale's sales revenues for approximately *half* of the units at issue in this case. This concealment was discovered after reviewing the discovery responses of Aeropostale and the party that sold it the garments at issue – Ms. Bubbles, Inc., and the parties expert disclosures.  In light of the this, Plaintiff should be found to have satisfied its burden as to establishing Aeropostale's total revenues when it proffers materials reflecting the total number of units obtained by Aeropostale, and the ticket price for a garment sold by Aeropostale as discovered in the marketplace. Similarly, Aeropostale should be precluded from arguing that its revenues number is lower due to its failure to produce evidence of same in discovery.

B.      *Burden-Shifting is Appropriate*

Plaintiff's burden in establishing the sales revenues of Aeropostale should be limited as discussed above because Aeropostale had exclusive dominion over evidence relating to revenues and refused to produce it. This warrants the burden-shifting requested by Plaintiff. See *Campbell v. U.S.,* 365 U.S. 85, 81 S.Ct. 421 (1961)(litigant does not have burden of proof of establishing facts peculiarly within knowledge of adversary); *U.S. v. New York, N.H. & H.R. Co*., 355 U.S. 253, 256, 78 S.Ct. 212, 214, 2 L.Ed.2d 247 (1957)(fairness dictates that litigant does not bear burden of establishing facts primarily within knowledge of opposing party); *G.E.J. Corporation v. Uranium Aire, Inc.,* 311 F.2d 749, 751 (9th Cir. 1962), citing Wigmore, Evidence § 749, at 467, and 3A Corbin, Contracts § 749, at 467 (1960)(although burden usually lies with party asserting claim, burden is shifted if opposing party has sole access to evidence that would prove claim); see also *Johnson v. City of New York*, 756 N.Y.S. 2d 67 (N.Y.A.D. 2 Dept. 2003)("It is generally inappropriate to place the burden of proof on a party in the case where the facts governing the resolution of the controversy are within the exclusive knowledge of the opposing party"), citing *Tenkate v. Moore*, 711 N.Y.S.2d 587 (2000), *Spiers v. Not Fade Away Tie Dye Co*., 654 N.Y.S.2d 638. As Defendants are in sole possession of the knowledge regarding the number of units sold, how much each unit was sold for, and their costs, and refused to produce that material, Plaintiff should be allowed to establish such revenues under a lessened burden.

This approach has been applied in this circuit in a case involving alleged misuse of loan funds. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995 (N.D. Cal. 2000).  In that case, the Court found that "[a]lthough the burden of proving each element generally lies with the party asserting the claim, the burden of proving a fact may be shifted to the party who has sole access to evidence which would prove the claim false." *Id.* So owing, the Court shifted the burden to the defendant to prove how much of the business loan had **not** been misused. *Id*., citing *G.E.J. Corporation,* 311 F.2d at 751, Wigmore, Evidence §749, *Selma, R. & D.R. Co. v. United States*, 139 U.S.  560, 567-568, 11 S.Ct. 638, 35 L.Ed. 266 (1891), *Healey v. Coury*, 162 Ariz. 349, 783 P.2d 795, 800-801

(1989)("generally, a party must establish a fact that is essential to his claim […] however, the burden of proof as to a matter which is peculiarly within the knowledge or control of the opposite party is placed on that party").  Similarly, the burden on establishing the total sales revenues should shift to Aeropostale, and given Aeropostale's failure to discharge it, the requested relief should be granted.

It is proper to shift the burden when the evidence at issue, like in this case, is the amount of product in the marketplace. In *Thomas v. Gusto Records*, the Court found that Defendants conceded that "there exist[ed] no reliable record of the [']universe[']" of products at issue. 939 F.2d 395(6th Cir. 1991), *401; 1991 U.S. App. LEXIS 16662, **17. The Court in that case recognized that it was not the fault of the plaintiff in that case that the "universe" of products had not been identified, because such information was in the exclusive control of Defendants, and Defendants refused to provide it to the plaintiff, or contained insufficient records to supply same[2]. *Id.* at **18. That is exactly the case we have here. Plaintiff requested information regarding Aeropostale's sales records, and Aeropostale refused to provide same. The burden of establishing revenues should be shifted, and the jury should be instructed that an adverse inference may be drawn from Aeropostale's refusal to produce the documents.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order that Plaintiff can meet its burden of establishing Aeropostale's total revenues by proffering evidence of the number of garments Aeropostale obtained, and the market ticket price for the items. Similarly, Aeropostale should be precluded from arguing that the revenues are lower than the amount of the above. Also, Plaintiff requests that the Court, under its

---

[2] "[B]ecause of Gusto's grossly inadequate inventory records, the data on the

"pay cards" cannot be supported by the kind of documentation upon which a reputable accountant would normally insist." *Id.*

1  inherent powers, instruct the jury that it may draw an adverse inference from

2  Aeropostale's refusal to produce the sales documents.

3

4                                             Respectfully submitted,

   Dated: October 11, 2012                   DONIGER / BURROUGHS

5

6                                    By:     /s/ Scott A. Burroughs

7                                            Scott A. Burroughs, Esq.

8                                            Annie Aboulian, Esq.
                                             Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF SCOTT A. BURROUGHS, ESQ.</u>

I, Scott A. Burroughs, Esq., am a shareholder in DONIGER / BURROUGHS APC, and am competent to testify from my personal knowledge and review of my records as set forth below:

1.     This declaration is brought for an order lessening the burden of proof regarding sales revenues due to discovery misconduct. It also seeks an adverse inference instruction. The relief is predicated upon Aeropostale's discovery misconduct.

2.     I met and conferred with defense counsel in relation to this motion, and she indicated that Defendants intended to present evidence on this issue.

3.     Our client will suffer prejudice if this material is proffered because it will be forced to prove facts that can be proven with evidence that is exclusively in the control of Aeropostale, which will be difficult if not impossible. It will also reward Aeropostale's concealment of documents that were requested in discovery and which are highly probative.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 18, 2012, in Culver City, California.


By:    <u>/S/ Scott A. Burroughs</u>
       Scott A. Burroughs, Esq.

1
2

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4

3
4
5

Defendants Ms. Bubbles, Inc. and Aeropostale, Inc. ("Aeropostale") hereby oppose the Motion in Limine No. 4 of Plaintiff L.A. Printex Industries, Inc. ("Plaintiff").  Ms.

6

Bubbles, Inc. and Aeropostale shall be collectively referred to herein as "Defendants".

7

## I.    INTRODUCTION

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Through their Motion in Limine No. 4, Plaintiff seeks to preclude Defendant Aeropostale from offering any evidence to offset its gross sales of the garment which Plaintiff contends infringes its C30020 design and further requests a negative inference instruction.  However, the issues raised in Plaintiff's Motion in Limine No. 4 are now moot as Aeropostale has produced the requested sales records.  (*See* October 17, 2012 E-mail correspondence from counsel for Aeropostale, Cory Baskin attached as Ex. "E" to the Declaration of Deborah F. Sirias ("Sirias Decl.") filed concurrently herewith).  Moreover, Plaintiff will suffer no prejudice in connection with the late production of these sales records since they bear no relationship to the burden that Plaintiff must carry in this action to establish its claims.  Indeed, as Plaintiff indicates, it is only required to prove Defendants purported gross sales of the allegedly infringing product at issue, and then it is up to Defendants to offer evidence supporting deductible expenses.  As such, the late production of Aeropostale's sales and records has no bearing on Plaintiff's burden to establish gross sales and Plaintiff will have a full opportunity to review Aeropostale's sales records in advance of trial and to cross-examine Aeropostale.  As Aeropostale's late production of its

28

sales records has resulted in no appreciable harm to Plaintiff, its Motion in Limine No. 4 should be denied.

In addition to harmlessness Aeropostale's late production was substantially justified as Aeropostale undertook diligent efforts to locate and produce all documents reflecting its costs and sales information when such was requested by Plaintiff during discovery in this matter.  Unfortunately, despite the diligence of its efforts it was unable to locate the entirety of the documents reflecting its sales of the allegedly infringing design.  Aeropostale is a large company, with numerous product lines, and literally hundreds of styles of clothing sold throughout the United States and abroad.  Gathering and producing the sales records of the allegedly infringing garment at issue, which was purchased by Plaintiff from a retailer not approved by Aeropostale, and which was sold by Aeropostale over a very brief period six (6) years ago, was an arduous task which occupied significant resources of the company. As such, Aeropostale's late production of its sales records was substantially justified.

Furthermore, as Plaintiff is well aware, Defendant Ms. Bubbles, Inc. has agreed to indemnify Aeropostale in this matter.  Accordingly, precluding Aeropostale from offering evidence supporting its sales and costs will potentially cause harm to Ms. Bubbles in the form of a larger indemnity obligation when Ms. Bubbles had absolutely no role or responsibility for the late document production.  As such, to the extent Defendants are found liable for copyright infringement in this action, a just and equitable resolution of this matter requires that Aeropostale be permitted to offer evidence concerning its sales and

4837-8449-1281.1

PLAINTIFF'S MOTION IN LIMINE FOR BURDEN-SHIFTING AND/OR ADVERSE INFERENCE

costs associated with its marketing and sale of the allegedly infringing garment at issue in this matter.

Finally, in light of Aeropostale's production of the requested sales information, there are no grounds for a negative inference instruction to the jury as such an instruction requires the destruction or spoliation of evidence which clearly has not occurred here as the documents have been produced.

As Aeropostale has now produced the documents supporting its sales and costs as requested by Plaintiff, and Plaintiff has suffered no harm by the production, Plaintiff's Motion in Limine No. 4 should be denied.

## II.   <u>ARGUMENT</u>

A party should not be precluded from offering information at trial not produced pursuant to Rule 26(a) or (e) where the failure to produce was harmless or substantially justified. Fed. Rule Civ. Pro. Rule 37(c)(1). An adverse inference instruction may only issue where spoliation or destruction of evidence has occurred. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. Or. 1993).

As set forth above, Aeropostale has now produced the requested sales and cost information reflecting substantially all of its sales of the allegedly infringing design at issue in this matter and thus the instant motion is moot. Moreover the late production will cause no harm to Plaintiff, who has had in its possession since very early in discovery the sales figures necessary to establish the gross revenues of the Defendants. Aeropostale also submits that its production of sales records now is substantially justified as it thoroughly

4837-8449-1281.1

- 11 -

searched for the requested sales records and was only recently able to ascertain and produce them.  Defendant Ms. Bubbles also submits that the sales records and costs of Aeropostale should be admitted at trial, because as indemnitor for Aeropostale, Ms. Bubbles has the potential to be forced to take responsibility for a larger indemnity obligation if proper costs are not deducted from Aeropostale's gross revenues when Ms. Bubbles played no role in the production of Aeropostale's sales records.

As Aeropostale has now produced its sales records, Plaintiff's Motion in Limine No. 4 to exclude information and for an adverse inference instruction should be denied.

## III.   **CONCLUSION**

Based on the foregoing, Defendants respectfully submit that Plaintiff's Motion in Limine No. 4 should be denied.

DATED: October 18, 2012            DEBORAH F. SIRIAS
                                   ROBERT M. COLLINS
                                   LEWIS BRISBOIS BISGAARD & SMITH LLP


                                   By:        /s/ Deborah F. Sirias
                                        Deborah F. Sirias Attorneys for Defendant Ms.
                                        Bubbles, Inc.

1

DATED: October 18, 2012

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRISTIN L. HOLLAND
CORY A. BASKIN
LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____Cory A. Baskin_____
Cory A. Baskin Attorneys for Defendant
Aeropostale, Inc.

4837-8449-1281.1                                    - 13 -

PLAINTIFF'S MOTION IN LIMINE FOR BURDEN-SHIFTING AND/OR ADVERSE INFERENCE