1  DEBORAH F. SIRIAS, SB# 102893
     E-Mail: sirias@lbbslaw.com
2  THOMAS S. KIDDE, SB# 61717
     E-Mail: kidde@lbbslaw.com
3  ROBERT M. COLLINS, SB #254915
     E-Mail: rcollins@lbbslaw.com
4  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   221 North Figueroa Street, Suite 1200
5  Los Angeles, California  90012
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendant
   MS. BUBBLES, INC.
8
   **KATTEN MUCHIN ROSENMAN LLP**
9  Kristin L. Holland (State Bar No. 187314)
   kristin.holland@kattenlaw.com
10 Cory A. Baskin (State Bar No. 240517)
   cory.baskin@kattenlaw.com
11 2029 Century Park East, Suite 2600
   Los Angeles, CA 90067-3012
12 Telephone:  310.788.4400
   Facsimile:  310.788.4471
13
   Attorneys for Defendant
14 AEROPOSTALE, INC.

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 17 L.A. PRINTEX INDUSTRIES, INC., a California corporation, | CASE NO. CV09-2449 AK (FMOx) *The Honorable Alex Kozinski* |
| 18 | |
| 19            Plaintiff, | |
| 20       v. | **DEFENDANTS' MOTION IN LIMINE NO. 1 TO BIFURCATE LIABILITY AND DAMAGES PHASES OF TRIAL** |
| 21 WILLIAM CARTER CO.,  et al, | |
| 22            Defendants. | |
| 23 | DATE:          November 16, 2012 TIME:          10:00 a.m. CTRM.:        16 |
| 24 | |
| 25 | Pre-Trial Conf.:    November 9, 2012 |
| 26 | Trial Date:         November 27, 2012 |
| 27 | Action Filed:       April 8, 2009 |
| 28 | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## IDENTIFICATION OF MATTERS IN DISPUTE

Defendants Ms. Bubbles, Inc. and Aeropostale, Inc. (collectively "Defendants") hereby move the Court for an Order:

1. Bifurcating the liability and damage phases of this lawsuit pursuant to Federal Rule of Civil Procedure Rule 42(b);

2. Precluding all parties, counsel, and witnesses from making any reference to the fact that this Motion has been filed and/or granted for any purpose other than to enforce the Court's Order on this Motion; and

3. Granting such other and further relief as the Court may deem proper.

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

At issue in this lawsuit is the alleged copyright infringement by Defendants of a textile design allegedly owned by plaintiff L.A. Printex Industries, Inc. ("L.A. Printex") that Defendants allegedly printed on a garment sold in retail stores.  L.A. Printex describes this design as its "Internal Design Number C30020" (hereinafter "C30020").  C30020 was registered by L.A. Printex with the United States Copyright Office on July 17, 2002, along with four (4) other designs entitled C30018, C30015, C30011, and R1154, as part of an unpublished collective work identified by L.A. Printex as "Small Flower Group A."  Small Flower Group A was collectively assigned U.S. Copyright No. VAu 557-306.  VAu 557-306 is the sole copyright registration at issue in this lawsuit.

The interests of judicial economy and avoiding undue prejudice are best served by the bifurcation of the liability and damage phases of trial in this matter.  In determining Defendants' liability, the fact finder must evaluate, among other things: (1) the lack of originality in C30020; (2) the lack of substantial or striking similarity between C30020 and Defendants' allegedly infringing design; (3) the dearth of evidence of Defendants' access to C30020; (4) the potential invalidity of its copyright registration in C30020; and (5) L.A. Printex's unclean hands in obtaining

4836-9464-2449.1
2
DEFENDANTS' MOTION IN LIMINE NO. 1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   its copyright.   These issues can be dealt with expeditiously and may prove

2   dispositive, obviating the need to analyze the damages allegedly suffered by L.A.

3   Printex.

4       Conversely, the damages determination is far more complicated and will

5   likely involve the presentation of substantial evidence and testimony related to gross

6   profits, expenses to be deducted such as operating and overhead costs, exploration

7   of the fair market value of Defendants' use of C30020, and a determination of a

8   causal relationship between Defendants' use of C30020 and Defendants' profits.

9   Moreover, the introduction of evidence of L.A. Printex's alleged damages would be

10  prejudicial to Defendants as it may color the jury's factual determinations regarding

11  liability.

12      Combining the liability and damages phases of trial would be an inefficient

13  use of judicial resources (as the issue of damages is moot if no liability lies) and will

14  result in prejudice to Defendants.  Accordingly, Defendants respectfully submit that

15  the liability and damages phases of the trial should be bifurcated to promote judicial

16  economy and to avoid prejudice to Defendants.

17  **II.    THE LIABILITY AND DAMAGES PHASES OF THE TRIAL**

18  **SHOULD BE BIFURCATED IN THE INTEREST OF JUSTICE**

19  **AND JUDICIAL ECONOMY**

20      Rule 42(b) of the Federal Rules of Civil Procedure grants courts the authority

21  to order separate trials on issues or causes of action.  Rule 42(b) states in relevant

22  part:

23          "For convenience, to avoid prejudice, or to expedite and

24          economize, the court may order a separate trial of one or

25          more separate issues, claims, crossclaims, counterclaims,

26          or third-party claims."

27  Federal Rule of Civil Procedure Rule 42(b). .

28  Bifurcation of the liability and damages phases of trial is proper ". . . in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy . . ." *Quintanilla v. City of Downey*, 84 F.3d 353, 355-356 (9th Cir. 1996). Bifurcation of liability and damages issues has been ordered to promote convenience or avoid undue prejudice. *See In re Ampicilin Antitrust* Litigation, 88 F.R.D. 174, 178-79 (D.D.C. 1980), and requests for bifurcation of liability and damages issues, with the former to be tried before the latter, are frequently granted. *See M2 Software, Inc. v. Madacy*, 421 F.3d 1073, 1088 (9th Cir. 2005).

In the interest of economy, bifurcation of the liability and damage phases of trial is appropriate as resolution of the issue of Defendants' liability for copyright infringement may prove to be dispositive of the entire action thereby precluding any need for exploration of L.A. Printex's alleged damages. In addition to serving the interests of judicial economy, bifurcation will avoid potential confusion of the jury and any prejudice Defendants might be subjected to by way of the presentation of an inflated damages figure by L.A. Printex during the liability phase of trial. Moreover, as the issues of liability and damages involve entirely separate presentations of evidence and testimony, bifurcation will not result in the duplication of effort or undue consumption of time.

Therefore, Defendants submit that bifurcation of the liability and damage phases of trial is proper to promote economy and alleviate prejudice to Defendants.

## III.   CONCLUSION

Based on the foregoing, Defendants respectfully request an order bifurcating the issues of liability and damages.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    DATED: October 18, 2012          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

2

3                                     By:      /s/Deborah F. Sirias

4                                              Deborah F. Sirias
                                               Attorneys for Defendant
5                                              MS. BUBBLES, INC.

6

7    DATED: October 18, 2012          **KATTEN MUCHIN ROSENMAN LLP**

8

9                                     By:      /s/Cory A. Baskin

10                                             Cory A. Baskin
                                               Attorneys for Defendant
                                               AEROPOSTALE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## L.A. PRINTEX'S MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant's request that the Court bifurcate the issues of liability and damages at trial should be denied.  Bifurcating the trial will not promote judicial economy or overwhelm the jury with documents or prejudicial issues.  Rather, bifurcating the trial will do the exact opposite – it will be inefficient and squander the time and resources of the Court and jury.

## II. THE LIABILITY AND DAMAGES PORTIONS OF THIS CASE SHOULD NOT BE BIFURCATED BECAUSE IT WILL NOT PROMOTE JUDICIAL EFFICIENCY

Defendant's request to bifurcate the issues of liability and damages should not be granted.  Federal Rule of Civil Procedure 42 (b) allows for the bifurcation of a trial if doing so would be, "in furtherance or to avoid prejudice, or when separate trials will be conducive to expedition and economy. . . ."  In the Ninth Circuit, bifurcation is the exception rather than the rule.  *In re Sortwell, Inc.*, 2011 WL 4896475 at 2 (N.D. Cal. 2011).  Defendant cites to *M2 Software, Inc. v. Madacy*, and improperly contends that requests of bifurcation of liability and damages are "frequently granted." 421 F.3d 1073, 1088 (9th Cir. 2005).  This is simply untrue.

That case does not say that requests for bifurcation are "frequently granted," but rather the Court granted the bifurcation specifically based on the facts in the case, including that neither party objected to the possibility of bifurcation.  In fact, bifurcation is "not to be routinely ordered," but should be used sparingly. *See* Fed. R. Civ. P. 42(b) Advisory Committee's Note 1966. This case, which will include a short jury trial on the overlapping issues of damages and liabilities, is not suitable for bifurcation.

In *William Hablinski Architecture v. Amir Construction, Inc.*, the District Court dealt with a nearly identical situation and declined the Defendant's motion to bifurcate liability and damages. 2005 WL 4658149 at 6-7 (C.D. Cal. 2005).  IN that

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   case, also a copyright action, Defendant argued that "allowing liability to be tried

2   first may render a trial on damages unnecessary." *Id.* at 6.  Defendants also argued

3   that the trial on damages would introduce thousands of pages of documents relating

4   to cost, the evidence would not substantially overlap, and that it would create undue

5   prejudice by allowing the jury to know the amount of damages Plaintiff was

6   seeking.  *Id.*  The Court was not convinced by Defendant's arguments, but instead

7   was persuaded that "much of the same evidence on liability... will be presented to

8   the jury on damages" and reasoned that separating the two issues "would cause

9   delay rather than expedite the trial." *Id.* at 7.

10        The same applies here. A copyright infringement action related to a single

11   infringement should not be bifurcated for trial. *See Cranston Print Works Co. v. J.*

12   *Mason Products,* 1998 WL 799171 at 3 (S.D.N.Y. 1998) (finding a copyright

13   infringement of a single fabric design and damages is "quite simple and best

14   resolved in a single proceeding"); *Creative Home Designs, Inc. v. Fred Francis*

15   *Builders,* 2006 WL 2469379 at 3 (M.D. Ten. 2006) (holding in a copyright lawsuit,

16   bifurcation of liability and damages is improper).

17        *A.  The Issues of Liability and Damages Are Intertwined and Bifurcating the*

18        *Trial Will Not Promote Judicial Economy.*

19        Defendant argues that the issue of liability can be determined "expeditiously"

20   and that the issue of damages will be "far more complicated."  This is false.  First,

21   much of the evidence that will be presented to the fact-finders will be used for

22   determining both liability and damages.  For example, the sales reports and data will

23   be presented on the issue of liability to prove that Defendant sold the garments at

24   issue, the extent of their sales, potential issues relative to willfulness, etc…  The

25   same sales data will be presented in determining damages in the form of

26   Defendant's disgorgeable profits.

27        Further, bifurcation will likely require much of the same evidence to be

28   presented twice to establish a foundation of the facts. This is inefficient.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-9464-2449.1

7

DEFENDANTS' MOTION IN LIMINE NO. 1

1   Second, the trial should last three to four days.  Bifurcating the proceedings

2   would actually prolong the trial and further tax the Court and jury pool.  This motion

3   should be denied.

4     *B.  The Presentation of Damages Evidence Will Not Be Complicated,*

5     *Voluminous, Or Prejudice the Fact Finder.*

6     Defendant's argue that the damages evidence may confuse the fact finders,

7   "color" the jury's determinations regarding liability, and involve the presentation of

8   substantial evidence. This is unfounded speculation. First, Defendant fails to sate

9   how the damages evidence may "confuse" the jury's determinations. This is because

10   it will not do so. There should be far less than 50 exhibits presented at trial (most of

11   which are simple purchase and sales documents that will prove not only liability but

12   also damages), and the jury instructions will clearly state the role of the jury in

13   parsing the evidence.  Indeed, as set forth more fully in Plaintiff's *in limine* motions

14   filed concurrently, Defendants have not actually provided any documents in

15   discovery to justify deductible expenses, and are instead simply (and imporoperly)

16   seeking a "fully allocated" overhead approach to determine their deductions.  If this

17   Court follows prior Ninth Circuit and Central District authority to disallow

18   Defendant's improper "fully allocated overhead" claims, the damage phase of trial

19   will be extremely short.  And even if it does not, the damage phase is not

20   complicated.  Therefore, bifurcation is not warranted and this motion should be

21   denied.

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-9464-2449.1

8

DEFENDANTS' MOTION IN LIMINE NO. 1

1    **III. CONCLUSION**

2        Based on the foregoing reasons, Plaintiff respectfully requests that the Court

3    deny Defendant's motion to bifurcate the trial on the issues of liability and damages.

4

5

6

7    DATED: October 18. 2012          **DONIGER /BURROUGHS APC**

8

9                                     By:  /s/ Scott A. Burroughs

10                                        Scott A. Burroughs
                                          Attorneys for Plaintiff L.A. Printex
11                                        Industries. Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4836-9464-2449.1                         9
                        DEFENDANTS' MOTION IN LIMINE NO. 1