DEBORAH F. SIRIAS, SB# 102893
    E-Mail: sirias@lbbslaw.com
THOMAS S. KIDDE, SB# 61717
    E-Mail: kidde@lbbslaw.com
ROBERT M. COLLINS, SB #254915
    E-Mail: rcollins@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
MS. BUBBLES, INC.

**KATTEN MUCHIN ROSENMAN LLP**
Kristin L. Holland (State Bar No. 187314)
kristin.holland@kattenlaw.com
Cory A. Baskin (State Bar No. 240517)
cory.baskin@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Defendant
AEROPOSTALE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM CARTER CO., et al,<br><br>Defendants. | CASE NO. CV09-2449 JFW (FMOx)<br>*The Honorable John F. Walter*<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE PRESENTATION OF FABRIC SWATCHES**<br><br>Date:             November 16, 2012<br>Time:            10:00 a.m.<br>Courtroom:  16<br><br>Pre-Trial Conf.:   November 9, 2012<br>Trial Date:          November 27, 2012<br>Action Filed:       April 8, 2009 |

**IDENTIFICATION OF MATTERS IN DISPUTE**

By this Motion in Limine, Defendants seek an Order:

(1) precluding the presentation of fabric swatches by L.A. Printex at trial that were not deposited with the Copyright Office as part of its original deposit materials in connection with Registration No. VAu 557-306;

(2) instructing the jury that, in conducting any substantial (or striking) similarity analysis, it is only to compare the computer printout of C30020 actually deposited by L.A. Printex with its registration application to the design on Defendants' allegedly infringing garment;

(3) precluding all parties, counsel, and witnesses from making any reference to the fact that this Motion has been filed and/or granted for any purpose other than to enforce the Court's Order on this Motion; and

(4) granting such other and further relief as the Court may deem proper.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

At issue in this lawsuit is the alleged copyright infringement by Defendants of a textile design allegedly owned by L.A. Printex that Defendants allegedly printed on a garment sold in retail stores. L.A. Printex describes this design as its "Internal Design Number C30020" (hereinafter "C30020"). C30020 was registered by L.A. Printex with the United States Copyright Office on July 17, 2002, along with four (4) other designs entitled C30018, C30015, C30011, and R1154, as part of an unpublished collective work identified by L.A. Printex as "Small Flower Group A." Small Flower Group A was collectively assigned U.S. Copyright No. VAu 557-306. VAu 557-306 is the sole copyright registration at issue in this lawsuit.

Prejudice will result to Defendants if fabric swatches that were not submitted to the Copyright Office and which were fabricated after this litigation was instituted to look like the design on the allegedly infringing garments are shown to the jury.

1 Plaintiff must be bound by the deposit it made with its application which forms the
2 basis for this action.

### II.   L.A. PRINTEX SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE OF FABRIC SWATCHES AT TRIAL

The Copyright Act, 17 U.S.C. § 407(a)(1), mandates deposit at the Copyright Office of two complete copies of a published work to be registered. If only a fragment or portion of the work is deposited, the deposit is statutorily incomplete and the work should not register. *Nimmer on Copyright* § 7.17(E)(1)(a) (hereinafter *"Nimmer"*). Inasmuch as the Copyright Office normally does not examine applications, and the application appeared complete on its face, the Certificate of Registration as to VAu 557-306 issued.

In order for the registration to be complete, however, the deposit copy of the fabric design at issue must be *complete*, that is, the entire work to be protected as of the claimed date of the work's publication must be submitted to the Copyright Office with the application for copyright registration and the appropriate fee. 15 U.S.C. § 407; *Nimmer* § 7.17(E)(1)(a) (emphasis in treatise).[1]

Fabric designs, in particular, are subject to specific regulation. 37 C.F.R. 202.20 provides: "In the case of any unpublished work that is fixed, or any published work that is published, only in the form of a two-dimensional reproduction on sheet like materials *such as textiles and other fabrics*. . ., the deposit shall consist of one copy in the form of an actual swatch or piece of such material *sufficient to show all elements of the work in which copyright is claimed* and the copyright notice appearing on the work, if any. *If the work consists of a repeated pictorial or graphic design, the complete design and at least part of one repetition must be shown*. . . . (emphasis added).

---

[1] Here, the registration date on the initial application was July 17, 2002.



4810-7746-2289.1

DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE PRESENTATION OF FABRIC SWATCHES

1    Additionally, 410(a) of the Copyright Act provides that a copyright shall be
2    granted and a certificate of copyright registration issued when the work sought to be
3    registered has complied with the statutory provisions for registration, i.e.,
4    copyrightability and the legal and formal requirements of the copyright statute.
5    The evidence in this case is undisputed that L.A. Printex's copyright
6    registration did not comply with the statutory requirement of Section 410.
7    Specifically:
8    (1) L.A. Printex did not deposit any fabric swatches of the C30020 design in
9    conjunction with its registration application.
10   (2) The computer printout of C30020 deposited by L.A. Printex with its
11   registration application depicted a different design than that depicted on the fabric
12   swatches prepared by L.A. Printex in the course of this litigation. The computer
13   printout contains a background lace flower design; the fabric swatches do not. The
14   design on the computer printout is far more detailed than the muddled design on the
15   fabric swatches.
16   (3) The computer printout of C30020 deposited by L.A. Printex with its
17   registration application consisted of a repeated pictorial or graphic design, but
18   appears to not depict the complete design and at least part of one repetition.
19   (4) The alleged copy of C30020 attached to L.A. Printex's Complaint as
20   Exhibit "1" lacks the flower detail present in the C30020 computer printout
21   deposited with the Copyright Office and omits entirely the background lace flower
22   design present on the deposited C30020.
23   (5) L.A. Printex filed another application with the Copyright Office for a
24   registration for a design it calls C30020 on May 12, 2010; and the C30020 filed by
25   L.A. Printex on May 12, 2010, is different than the C30020 it registered with Small
26   Flower Group A. (See, ECF Doc. No. 72-1, SS#'s 19, 20, 22, 23, 24, 34 and 35).
27   In light of the foregoing, there is a strong likelihood of jury confusion and
28   prejudice to Defendants if L.A. Printex is not precluded from presenting fabric

4810-7746-2289.1
4
DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE PRESENTATION OF FABRIC SWATCHES

1 swatches at trial that do not match the deposit materials upon which this action is
2 based.

### III. CONCLUSION

Due to the great likelihood of jury confusion and prejudice, Defendants respectfully request that L.A. Printex be precluded from presenting fabric swatches at trial as such do not match the deposit materials upon which this action is based. Defendants further request that an order issue instructing the jury that, in conducting any substantial (or striking) similarity analysis, it is only to compare the deposit copy of C30020 – i.e., the computer printout of C30020 deposited by L.A. Printex with its registration application – with the design on Defendants' allegedly infringing garment.

DATED: October 18. 2012        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                               By:   /s/Deborah F. Sirias
                                     Deborah F. Sirias
                                     Attorneys for Defendant
                                     MS. BUBBLES. INC.

DATED: October 18. 2012        **KATTEN MUCHIN ROSENMAN LLP**

                               By:   /s/Cory A. Baskin
                                     Cory A. Baskin
                                     Attorneys for Defendant
                                     AEROPOSTALE. INC.



4810-7746-2289.1

5

DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE PRESENTATION OF FABRIC SWATCHES

# L.A. PRINTEX'S MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants' request fails. In asking that Plaintiff be constrained to the image submitted as a deposit with the registration, Defendants attempt to improperly limit the protections afforded by the Copyright Act. This motion must be denied.

## II. THE COPYRIGHT IN QUESTION IS PRESUMED VALID AND DEFENDANTS HAVE NOT REBUTTED THAT PRESUMPTION

### A. *L.A. Printex Produced Fabric Swatches in Discovery*

Plaintiff has filed a motion that is the inverse of this motion, seeking to allow all iterations of the design on fabric at issue that were used in commerce. Plaintiff's Motion in Limine No. 3. Defendants argue, in their opposition to L.A. Printex's motion in limine to *allow* the fabric swatches to be introduced at trial, that the fabric swatches should not be allowed into evidence because the swatches were not produced in discovery. Plaintiff's Motion in Limine No. 3, p 8. ("However, despite Plaintiff's false representations to the contrary, to date no fabric swatches have been produced by Plaintiff to the Defendants in this action although Defendants specifically requested production of all versions of the C30020 design, and L.A. Printex had an obligation to produce all "tangible things" it intended to use at trial in support of its claims under Federal Rules of Civil Procedure Rule 26.") This statement is false and a misrepresentation to the Court.

At the deposition of Plaintiff's principal, Mr. Jae Nah, Plaintiff *produced the actual fabric samples for inspection and photographing by Defendants*. Burroughs Decl. ¶3. Defendants apparently forgot that they had submitted a brief to the Court that <u>admitted</u> that these swatches had been produced for inspection, as they now deny ever having the chance to review the material. Burroughs Decl. ¶1, Ex. 1.

1  Defendants' claims that Plaintiff did not produce the fabric swatches in discovery is
2  at best irresponsible and at worst sanctionable under Rule 11.
3      Similarly, images of the fabric swatches that were published and sold in
4  commerce by Plaintiff were produced in discovery. Burroughs Decl. ¶2, Ex. 2.
5  These images clearly reflect fabric bearing the subject design in the exact colorway
6  that was used by Defendants for their unauthorized garments.
7      In reality, Defendants had ample opportunity to review, inspect and take
8  photographs of the fabric at issue. Any argument to the contrary fails.
9      *B. The 9th Circuit Opinion States the Swatches May be Introduced*
10     Defendants cite no case, and none exist, to stand for the proposition that a
11  fabric swatch must be deposited in order to compare that swatch with the garments
12  at issue. To the contrary, when the 9th Circuit considered this argument, it stated:

> "[O]n remand, the district court — and the jury — may consider fabric swatches of C30020 in applying our two-part test for substantial similarity, so long as the district court determines that the digital prints that L.A. Printex deposited with the Copyright Office constitute "one complete copy" of C30020, and that the fabric swatches are also "copies" of C30020. See 17 U.S.C. § 101 (defining copies as "material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device"); id. § 113(a) ("[T]he exclusive right to reproduce a copyrighted pictorial, graphic, or sculptural work in copies under section 106 includes the right to reproduce the work in or on any kind of article, whether useful or otherwise."); id. § 408(b)(1) (requiring deposit of "one complete copy" for registration); *Three Boys Music*, 212 F.3d at 486 (stating that "our definition of a `complete copy' is broad and deferential")."

*L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F. 3d 841, 850 fn. 3 (9th Cir. 2012).

Indeed, Courts have routinely allowed the introduction of fabric swatches in similar cases. *See, e.g., United Fabrics International, Inc. v. Lane Bryant, Inc.; et al.*,

U.S.D.C. CV08-6865 ODW (2011). Likewise, in an unpublished decision involving the two parties to this case, the 9th Circuit *rejected this same argument* and found that Plaintiff was not required to deposit a fabric swatch to fully enforce its rights in the work at issue. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 466 F. App'x 590, 592 n.1 (9th Cir. 2012) (unpublished), citing 37 C.F.R. § 202.20(c)(2)(x); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir.2000) ("Defendants' other arguments are not persuasive. Because L.A. Printex offered G70132 for sale on paper as well as fabric, deposit of a paper copy of the design 'sufficient to show all elements of the work in which copyright is claimed' satisfies the Copyright Act's deposit requirement.").

The 9th Circuit, in stating that Plaintiff need only show that the deposit copy is "one complete copy" in order to introduce the fabric at trial, makes clear that Plaintiff is not required to also show that it deposited a fabric swatch in order to do so. There is simply no such requirement.

As to the 9th Circuit's requirement that the deposit copy constitutes "one complete copy" of the C30020 design: *it is undisputed that it does*. The deposit copy contains all elements of the C30020 design, and the fabric swatches bearing the C30020 design are "copies" as required by the 9th Circuit. The printing of ink on fabric is a "method" in which a "work is fixed" in such a way that it can "perceived, reproduced or otherwise communicated." 17 U.S.C. § 101. As such, the fabric swatches in various colorways produced by Plaintiff in discovery and provided to the Court should be given to the jury for review and comparison.

This is in line with established precedent, as Courts have long found that a plaintiff should be able to present any close iteration of a work that has been infringed, not just the one that has deposited with the Copyright Office. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. Cal. 2000) ("[a]lthough the 1909 Copyright Act requires the owner to deposit a "complete copy" of the work with the copyright office, our definition of a "complete copy" is broad and deferential[…]").

The *Three Boys Music Corp.* case is directly on point here. There, defendants argued that the District Court did not have jurisdiction over one version of the copyrighted song because the deposit copy of the copyrighted song differed from the recorded version of the song. Id. at 486. There was no evidence of intent to defraud or prejudice, and testimony at trial revealed that the deposit copy included all of the same elements as the recorded version of the song. Id. So owing, it was found that suit on the recorded version was proper despite the variances with the deposit copy. Id. at 486-87.

The facts here are virtually the same. Certain versions of the design sought to be offered by trial differs in small respects from the deposit copy (color and background screen), but the versions sought to be offered include all the same elements as the deposit copy, and there is no evidence of fraud. The fabric swatches should be allowed at trial.

B.     Only the "Best Edition" is Required to be Deposited.

The Copyright Act and case law both state that minor variations in a registered work are protectable so long as the "best edition" of a work is deposited. 17 U.S.C. § 407(a) (the owner of a copyrighted work "shall deposit, within three months after the date of such publication… copies of the best edition […]"); *see also* 17 U.S.C. § 101 ("[t]he 'best edition' of a work is the edition, published in the United States at any time before the date of deposit, that the Library of Congress determines to be most suitable for its purposes."). In interpreting the deposit requirement, Professor Nimmer writes:

> Best Edition. The deposit requirement of the best edition means "the edition, published in the United States at any time before the date of deposit, that the Library of Congress determines to be most suitable for its purposes." This standard is to be applied "regardless of the quantity or quality of other U.S. editions that may also have been published before the time of deposit." On the other hand, "best edition" does not require any arbitrary standard of quality if in fact the work has not been published in an edition of such quality. **Moreover, if a better edition is published after registration and deposit, such better edition need not be**

**deposited. Thus, no additional deposit is required by reason of the fact that new editions differ in size, color and inconsequential detail from the work deposited.**

Melville B. Nimmer And David Nimmer, 2-7 Nimmer On Copyright, § 7.17 (Matthew Bender, Rev. Ed.)(emphasis added, internal citations omitted); accord *F. W. Woolworth Co. v. Contemporary Arts, Inc*., 193 F.2d 162, 164 (1st Cir. Mass. 1951)(regarding variations between the plaintiff's reproductions of sculpture as inconsequential with respect to copyright coverage); *First American Artificial Flowers, Inc. v. Joseph Markovits, Inc*., 342 F. Supp. 178 (S.D.N.Y. 1972)(finding that a copyright owner's failure to obtain protection for an "adaptation…or other version" of a copyrighted rose would not diminish its copyright protection in that other version); *Goldman-Morgen, Inc. v. Dan Brechner & Co*., 411 F. Supp. 382, 390 (S.D.N.Y. 1976)(finding that any "possible differences between the copy of the item submitted to the Copyright Office and the item actually sold by plaintiff resulted from the mechanical technique involved in producing the item") (superseded on other grounds).

The fabric swatches sought to be offered at trial were both "published after registration and deposit," and differ from the deposit copy only in "color and inconsequential detail from the work deposited." Id. As such, they are suitable for presentation to the jury.

C. *The Deposit is Only Required to Identify the Work at Issue*

The deposit required for registration merely acts as an "identifier," and need not contain an exhaustive example of every variation protectable under the copyright registration. In *F.W. Woolworth Co. v. Contemporary Arts, Inc*. 193 F.2d 162 (1st Cir. 1951), a case that squarely addresses this issue, defendant sought review of a decision in which the district court found that it had infringed upon plaintiff's copyright in a porcelain statuette of a cocker spaniel. The plaintiff, Contemporary Arts, Inc. ("Contemporary Arts"), had sold three different sizes of the copyrighted sculptural work, and in different colors. On appeal, the accused infringer, F.W.

Woolworth Co., argued that Contemporary Arts failed to show which of its three models, if any, were protected under its copyright registration. The First Circuit dismissed this argument as without merit, stating the following:

> It is the well established rule that a copyright on a work of art does not protect a subject, but only the treatment of a subject… It means the proportion, form, contour, configuration, and conformation, perhaps the latter in details too subtle for appreciation by anyone but a fancier, of the dog represented by the sculptured work of art.  And in these respects the plaintiff's three models are exactly alike except for **the elimination in the two higher priced models of undercuts, so called, which was required by the mechanical technique of casting in porcelain and other ceramic clays from a plaster master model.**

Id. at 165 (emphasis added).  In so holding, the Court finds that any discrepancies in those reproductions were "merely factors of the mechanical process of reproduction in ceramics."  Id. Any "differences between the plaintiff's plaster and its ceramic reproductions in size (are) inconsequential so far as the coverage of the copyright is concerned."  Id.  This is also true here: L.A. Printex's protection for C30020 is not limited to the deposit copy, and encompasses the appearance of the design on fabric, in additional colors, and with or without the minor background element, and regardless of which type of machinery prints the design on fabric.

In *Goldman-Morgen, Inc. v. Dan Brechner & Co.*, 411 F. Supp. 382, 390 (S.D.N.Y. 1976)(superseded on other grounds), defendants made a similar argument, except with respect to the plaintiff copyright holder's subsequent reproductions of its copyright-protected novelty coin bank.  Citing to the deposit provisions under 17 U.S.C. § 1331, that court dismissed this argument as "untenable":

> Any possible differences between the copy of the item submitted to the Copyright Office and the item actually sold by plaintiff, result from the mechanical technique involved in producing the item.  These differences have no appreciable significance upon the artistic conception of the work and I find them to be inconsequential.

Id. (internal citations omitted).

Printex should be allowed to offer fabric swatches bearing the design both with and without the background latticework, as it deposited the "best copy" of that

design, and later published it on fabric that it sold in commerce. Printex president Jae Nah will testify that in the printing process C30020 was printed on fabric through either a four- or five-screen printing process – therefore, fabric versions of C30020 would not have the multiple shades of a single color present on the electronic print.

Given the above, Printex should be allowed to introduce the fabric swatches.

D. *Depositing Fabric Images is Sufficient to Protect Clothing; Constituent Elements Protected.*

Printex, in depositing the images of the C30020 design, satisfied the deposit requirements and did not have to submit fabric specimens. *See Blue Fish Clothing, Inc. v. Kat Prints*, 1991 WL 71113 at *3 (E.D.Pa. 1991) (clothing designs displayed in clothing catalogs properly registered). As such, the Court should allow the fabric swatches at trial.

In addition, when a claimant registers a work with many elements, the copyright protection can also extend to each constituent part of that work. *See Szabo v. Errisson*, 68 F.3d 940, 943 (5th Cir.1995); *see also Blue Fish Clothing, Inc.*, 1991 WL 71113 at *3. So owing, Printex should be able to present fabric swatches that do not reflect the background screen because such a design reflects only constituent parts of the work.

E. *The Fabric Swatches Should be Introduced*

The swatches should be allowed because they are highly probative as it is likely that Defendants *copied the design from fabric* it obtained (as opposed to the paper copy of the design deposited with the copyright office). Plaintiff produced in discovery evidence that it sold to one of its customers fabric bearing the disputed design in the *same color combination* that was later used by Defendant to create the unauthorized copies. *L.A. Printex Indus., Inc.,* 676 F. 3d 851("the color arrangement of C30020 in white/berry is markedly similar to the color arrangement of Defendants' design. Though mere variations of color are not copyrightable, and L.A. Printex's copyright in C30020 is for the design rather than a specific color

arrangement, the similarities in color arrangements are probative of copying."). Note that the 9th Circuit is comparing the design on the Defendants' garments with the fabric bearing the design that L.A. Printex sold in commerce.

Given that BUBBLES copied not only the design, but also the color, from fabric created and sold by L.A. Printex, it is highly probable that BUBBLES or its agent copied the design from fabric, and not a paper image of the design. As such, the fabric swatch must be allowed for comparison at time of trial.

In addition, the fabric swatches should be produced because there is no prejudice to Defendants. In order to exclude relevant evidence due to prejudice, said prejudice must substantially outweigh the relevant evidence's probative value and the prejudice must be unfair. FRE 403. The swatches were provided to Defendants for review, so no prejudice exists in that regard. Also, absent intent to defraud, errors in copyright registrations do not bar actions for infringement. *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir.1984). Specifically, unintentional and minor discrepancies between deposit copies and copies offered for sale likewise do not bar actions for infringement. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486-87 (9th Cir. 2000). To the extent that an image of the design was deposited instead of fabric, that is a minor issue that should not bar or limit any claims, and does not prejudice Defendants.

### III. CONCLUSION

Based on the foregoing, Plaintiff should not be prohibited from introducing fabric swatches into evidence and Defendants' motion should be denied.

1 DATED: October 18. 2012      **DONIGER /BURROUGHS APC**

2

3                            By: /s/ Scott A. Burroughs

4                                Scott Burroughs
                               Attorneys for Plaintiff L.A. Printex Industries. Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



4810-7746-2289.1

14

DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE PRESENTATION OF FABRIC SWATCHES

# DECLARATION OF SCOTT A. BURROUGHS, ESQ.

I, Scott A. Burroughs, Esq., am a shareholder in DONIGER / BURROUGHS APC, and am competent to testify from my personal knowledge and review of my records as set forth below:

1. I have attached as Exhibit 1 a true and correct copy of the motion filed by Defendants wherein they concede that they were given the opportunity to review the fabric swatches.

2. I have attached as Exhibit 2 a true and correct copy of documents produced in discovery that reflect images of fabric swatches that were sold by Plaintiff in commerce. wherein they concede that they were given the opportunity to review the fabric swatches.

3. During the deposition of Jae Nah in this case, the Defendants were given the opportunity to review and photograph swatches of the fabric at issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 18, 2012, in Culver City, California.

By:   /S/ Scott A. Burroughs
       Scott A. Burroughs, Esq.



4810-7746-2289.1