DEBORAH F. SIRIAS, SB# 102893
E-Mail: sirias@lbbslaw.com
THOMAS S. KIDDE, SB# 61717
E-Mail: kidde@lbbslaw.com
ROBERT M. COLLINS, SB #254915
E-Mail: rcollins@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California  90012
Telephone: 213.250.1800
Facsimile: 213.250.7900
Attorneys for Defendant
MS. BUBBLES, INC.

**KATTEN MUCHIN ROSENMAN LLP**
Kristin L. Holland (State Bar No. 187314)
kristin.holland@kattenlaw.com
Cory A. Baskin (State Bar No. 240517)
cory.baskin@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471
Attorneys for Defendant
AEROPOSTALE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM CARTER CO., et al,<br><br>Defendants. | CASE NO. CV09-2449 AK (FMOx)<br>*The Honorable Alex Kozinski*<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 3 TO PRECLUDE EVIDENCE OR TESTIMONY RELATING TO OTHER ACTIONS BROUGHT AGAINST DEFENDANTS**<br><br>Date:           November 16, 2012<br>Time:           10:00 a.m.<br>Courtroom:  16<br><br>Pre-Trial Conf.:   November 9, 2012<br>Trial Date:          November 27, 2012<br>Action Filed:       April 8, 2009 |

**IDENTIFICATION OF MATTERS IN DISPUTE**

Defendants Ms. Bubbles, Inc. and Aeropostale, Inc. (collectively "Defendants") hereby move the Court for an Order:

(1) precluding evidence or argument relating to other copyright infringement actions other than those involving these same Defendants;

(2) precluding all parties, counsel, and witnesses from making any reference to the fact that this Motion has been filed and/or granted for any purpose other than to enforce the Court's Order on this Motion; and

(3) granting such other and further relief as the Court may deem proper.

## I.   INTRODUCTION

At issue in this lawsuit is the alleged copyright infringement by Defendants of a textile design allegedly owned by L.A. Printex that Defendants allegedly printed on a garment sold in retail stores. L.A. Printex describes this design as its "Internal Design Number C30020" (hereinafter "C30020"). C30020 was registered by L.A. Printex with the United States Copyright Office on July 17, 2002, along with four (4) other designs entitled C30018, C30015, C30011, and R1154, as part of an unpublished collective work identified by L.A. Printex as "Small Flower Group A." Small Flower Group A was collectively assigned U.S. Copyright No. VAu 557-306. VAu 557-306 is the sole copyright registration at issue in this lawsuit.

Plaintiff, L.A. Printex Industries, Inc. ("LAP") has indicated that it intends to present evidence at trial that Defendant Ms. Bubbles, Inc. ("MBI") is a habitual intellectual property infringer. In another action entitled *L.A. Printex Industries, Inc. v. Aeropostale, et al.*, United States District Court, Central District of California, Case No. CV08-7085 DDP (Ex), Doc. 67, p. 4 (filed April 12, 2010), LAP has stated in Court filings that:

"In fact, in addition to this lawsuit Bubbles has been sued in two other lawsuits for infringing three other L.A. Printex designs, has been sued for infringing

designs of another textile company, Star Fabrics, Inc., has other copyright infringement claims pending against it, and has been sued for trademark infringement, all in the past 3 years (footnote omitted). While many apparel companies actually create their own designs and steer clear of infringement lawsuits, Bubbles' business appears to be based on selling knock-offs of the intellectual property of other Los Angeles-based companies."

Evidence or testimony of other lawsuits involving Defendants other than the Defendants herein is irrelevant and more importantly, highly prejudicial and must be excluded pursuant to Evidence Code Sections 402 and 403.

## II. L.A. PRINTEX MUST BE PRECLUDED FROM PRESENTING EVIDENCE INVOLVING OTHER PARTIES OTHER THAN THE SAME DEFENDANTS IN THIS CASE

Evidence or testimony of other lawsuits involving parties other than the same Defendants herein is irrelevant and more importantly, highly prejudicial and must be excluded pursuant to Evidence Code Sections 402 and 403.

Federal Rule of Evidence ("FRE") 402 provides:

> **Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible**
>
> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.
>
> Evidence which is not relevant is not admissible.

FRE 403 provides:

> **Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger



1  <u>of unfair prejudice</u>, confusion of the issues, or misleading
2  the jury, or by considerations of undue delay, waste of
3  time, or needless presentation of cumulative evidence.
4  (Emphasis supplied)

5  Defendants submit that evidence of other copyright infringement actions other
6  than those actions involving the same Defendants is irrelevant. In any event, the
7  admission of such evidence would mislead the jury, and cause unfair prejudice to
8  Defendants as it implies that Defendants are in the habit of committing copyright
9  infringement. As such, L.A. Printex must be precluded from presenting any
10 evidence of other copyright infringement lawsuits involving the same Defendants.

### III.  CONCLUSION

Based on the foregoing, Defendants submit that L.A. Printex must be precluded from offering any evidence at trial of other lawsuits other than those involving the same Defendants herein.

DATED: October 18. 2012     **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                            By:   <u>/s/Deborah F. Sirias</u>
                                  Deborah F. Sirias
                                  Attorneys for Defendant
                                  MS. BUBBLES. INC.

DATED: October 18. 2012     **KATTEN MUCHIN ROSENMAN LLP**

                            By:   <u>/s/Cory A. Baskin</u>
                                  Cory A. Baskin
                                  Attorneys for Defendant
                                  AEROPOSTALE. INC.



4834-2601-0385.1

4

DEFENDANTS' MOTION IN LIMINE NO. 3 TO PRECLUDE EVIDENCE OR TESTIMONY RELATING TO
OTHER COPYRIGHT INFRINGEMENT ACTIONS BROUGHT AGAINST DEFENDANTS

## L.A. PRINTEX'S MEMORANDUM OF POINTS AND AUTHORITIES

Although the sister company of Ms. Bubbles, Inc. (Bella D, Inc.) was adjudicated liable for copyright infringement recently in Case No. CV10-05241 CBM, *and* Ms. Bubbles, Inc. has been sued a shocking number of times for copyright infringement such that the misappropriation of designs appears to be a pattern and practice, Plaintiff stated that it would stipulate to the relief sought when the parties met and conferred over this motion, as long as Defendants agreed that in turn they would not seek to introduce evidence of other unrelated litigation that Plaintiff has been involved in either. As Plaintiff's counsel understood it, Defendants agreed. As such, Plaintiff is unsure why this motion has been filed.

This Court should preclude reference to any litigation other than litigation involving the same parties at issue in this case. Plaintiff agrees that testimony or evidence regarding other litigation filed against Defendants by parties other than Plaintiff will tend to cause prejudice and undue consumption of time with collateral issues. Similarly, testimony or other evidence regarding litigation that Plaintiff is involved in that does not concern the Defendants in this case risks the same. As such, Plaintiff does not oppose Defendants' motion, but notes that it must be mutual.

DATED: October 18. 2012          **DONIGER /BURROUGHS APC**

By: /s/ Scott A. Burroughs
Scott Burroughs
Attorneys for Plaintiff L.A. Printex
Industries. Inc.