1  DEBORAH F. SIRIAS, SB# 102893
      E-Mail: sirias@lbbslaw.com
2  THOMAS S. KIDDE, SB# 61717
      E-Mail: kidde@lbbslaw.com
3  ROBERT M. COLLINS, SB #254915
      E-Mail: rcollins@lbbslaw.com
4  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   221 North Figueroa Street, Suite 1200
5  Los Angeles, California 90012
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900
   Attorneys for Defendant
7  MS. BUBBLES, INC.

8  **KATTEN MUCHIN ROSENMAN LLP**
   Kristin L. Holland (State Bar No. 187314)
9  kristin.holland@kattenlaw.com
   Cory A. Baskin (State Bar No. 240517)
10 cory.baskin@kattenlaw.com
   2029 Century Park East, Suite 2600
11 Los Angeles, CA 90067-3012
   Telephone: 310.788.4400
12 Facsimile: 310.788.4471
   Attorneys for Defendant
13 AEROPOSTALE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM CARTER CO., et al,<br><br>Defendants. | CASE NO. CV09-2449 JFW (FMOx)<br>*The Honorable John F. Walter*<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OR ARGUMENT PERTAINING TO L.A. PRINTEX'S UNITED STATES COPYRIGHT REGISTRATION VA 1-714-186**<br><br>DATE:  November 16, 2012<br>TIME:  10:00 a.m.<br>CTRM.: 16<br><br>Pre-Trial Conf.: November 9, 2012<br>Trial Date: November 27, 2012<br>Action Filed: April 8, 2009 |

4850-0326-5297.1

## IDENTIFICATION OF MATTERS IN DISPUTE

Defendants Ms. Bubbles, Inc. and Aeropostale, Inc. (collectively "Defendants") hereby move the Court for an Order:

1. Precluding evidence or argument pertaining to United States Copyright Office Copyright Registration VA 1-714-186 for the individual work titled C30020, registered May 13, 2010, pursuant to Federal Rules of Evidence 402 and 403;

2. Precluding all parties, counsel, and witnesses from making any reference to the fact that this Motion has been filed and/or granted for any purpose other than to enforce the Court's Order on this Motion; and

3. Granting such other and further relief as the Court may deem proper.

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND PERTINENT FACTS

At issue in this lawsuit is the alleged copyright infringement by Defendants of a textile design allegedly owned by L.A. Printex that Defendants allegedly printed on a garment sold in retail stores. L.A. Printex describes this design as its "Internal Design Number C30020" (hereinafter "C30020"). C30020 was registered by L.A. Printex with the United States Copyright Office on July 17, 2002, along with four (4) other designs entitled C30018, C30015, C30011, and R1154, as part of an unpublished collective work identified by L.A. Printex as "Small Flower Group A." Small Flower Group A was collectively assigned U.S. Copyright No. VAu 557-306. VAu 557-306 is the sole copyright registration at issue in this lawsuit.

In its Complaint, L.A. Printex has claimed infringement of only its registration for Small Flower Group A, VAu 557-306, of which the design C30020 is a part. (*See* Complaint (ECF 1)). There is no other copyright registration at issue in this lawsuit.

Despite VAu 557-306 being the only copyright registration at issue, on May 13, 2010, on the eve of summary judgment, L.A. Printex submitted an expedited

1  application to the United States Copyright Office for another design which it calls
2  "C30020", and was issued registration number VA 1-714-186 by the Copyright
3  Office ("May 2010 C30020"). (*See* Ex. "A" to the Declaration of Deborah F. Sirias
4  ("Sirias Decl.") filed concurrently herewith). L.A. Printex created the May 2010
5  C30020 after filing this lawsuit and the design differs appreciably from the C30020
6  originally registered with Small Flower Group A. (*See* the C30020 deposited by
7  L.A. Printex with its July 17, 2002 "Small Flower Group A", United States
8  Copyright Office Reg. No. VAu 557-306 attached as Ex. "C" to the Sirias Decl.).
9  This *new* C30020 has been substantially modified by L.A. Printex in an apparent
10 attempt to make it look more like the design appearing on Defendants' allegedly
11 infringing garment.
12      Defendants anticipate that L.A. Printex may attempt to introduce the May
13 2010 C30020 at trial in an effort to bolster its copyright infringement claims.
14 However, as infringement of this design has not been alleged in the operative
15 Complaint (ECF 1), the May 2010 version of C30020 is irrelevant to these
16 proceedings and should be barred pursuant to Federal Rule of Evidence ("FRE")
17 402. In addition, even if the May 2010 C30020 had any relevance to this matter, its
18 probative value is "…substantially outweighed by the danger of unfair prejudice,
19 confusion of the issues, [and] misleading the jury…", and is thus also barred under
20 FRE 403.
21      As the May 2010 C30020 is irrelevant to these proceedings, and its use as
22 evidence at trial will only serve to confuse the issues and mislead the jury, L.A.
23 Printex should be barred from making any reference or argument pertaining to the
24 May 2010 C30020.
25  **II.   L.A. PRINTEX SHOULD BE BARRED FROM MAKING ANY**
26  **REFERENCE OR ARGUMENT PERTAINING TO THE MAY**
27  **2010 C30020.**
28      "Evidence which is not relevant is inadmissible." FRE 402. Furthermore,

1  even relevant evidence could be excluded if it creates the risk of undue prejudice, or
2  the risk of confusing or misleading to the jury.
3       Pursuant to FRE 403, this Court has discretion to exclude otherwise relevant
4  evidence.  FRE 403 provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

FRE 403.

     As set forth above, the May 2010 C30020 is not at issue in this lawsuit. Rather, L.A. Printex has only brought suit for infringement of its copyright registration for Small Flower Group A, VAu 557-306.  As such, the registration for small Flower Group A is the only registration relevant to these proceedings and the May 2010 C30020 must be barred as irrelevant.  FRE 402.

     Even if it were somehow relevant, the presentation of the May 2010 C30020 will unquestionably confuse and mislead the jury as to which design is really at issue in this lawsuit and thus it should also be barred under FRE 403 as unduly prejudicial, confusing, and misleading.

     Although the May 2010 C30020 is completely irrelevant to this matter and must be precluded, Defendants anticipate that L.A. Printex will argue that it may assert infringement of its May 2010 C30020 pursuant to the recent Ninth Circuit decision *Cosmetic Ideas, Inc., v. IAC/InteractiveCorp*, 606 F.3d 612 (9th Cir. 2010). However, *Cosmetic Ideas* in no way supports a claim for infringement by L.A. Printex for a copyright that was not named in the operative Complaint in this matter, and that was registered over a year after this lawsuit was filed.

     However, in the event the May 2010 C30020 is admitted into evidence and LA. Printex is allowed to assert infringement of this registration, it should be

afforded no presumption of validity and L.A. Printex must be barred from seeking statutory damages or attorneys' fees. Section 410(c) of the Copyright Act provides that "the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence ... of the facts stated in the certificate." 17 U.S.C. § 410(c). However, "[t]he evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court." *Id.* Here, the May 2010 C30020 registration is dated February 25, 2010. The undisputed evidence in the summary judgment record reveals publication of the C30020 design at issue as of October 2002. Since this publication occurred more than five years before the supplemental registration date, Plaintiff should not be afforded any rebuttable presumption of validity in the May 2010 C30020.

Moreover, a plaintiff may not seek statutory damages or attorney's fees as part of its copyright infringement action unless registration occurred before (or within three months) of the alleged infringement. 17 U.S.C. § 412(2); *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008). Here, the alleged infringement took place in 2006. Although Plaintiff's original registration of the "unpublished" collection containing the design at issue, VAu 557-306, is dated July 17, 2002, this registration is defective due to its inclusion of published designs. Recognizing this deficiency, Plaintiff registered the May 2010 C30020, and has sought to lodge it with the Court. This supplemental registration, however, bears a completely new registration number, VAu 757-257, and new registration date of February 25, 2010. Since this registration post-dates the alleged infringing activity, to the extent Plaintiff seeks any recovery based thereon, it is precluded from obtaining an award of statutory damages or attorney's fees.

The May 2010 C30020 lacks any relevance to this matter and should be excluded. To the extent it bears any relevance, its probative value is substantially outweighed by the danger of misleading and confusing the jury. Accordingly, L.A.



4850-0326-5297.1

5

DEFENDANTS' MOTION IN LIMINE NO. 4

Printex must be precluded from making any reference or argument pertaining to the May 2010 C30020 at trial in this matter. However, if the May 2010 C30020 is admitted, the registration should be given no presumption of validity and L.A. Printex should not be permitted to seek attorneys' fees or statutory damages for its alleged infringement.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that L.A. Printex be precluded from making any reference to the May 2010 C30020 at trial in this matter.

DATED: October 18. 2012      **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:   /s/Deborah F. Sirias
      Deborah F. Sirias
      Attorneys for Defendant
      MS. BUBBLES. INC.

DATED: October 18. 2012      **KATTEN MUCHIN ROSENMAN LLP**

By:   /s/Cory A. Baskin
      Cory A. Baskin
      Attorneys for Defendant
      AEROPOSTALE. INC.

## L.A. PRINTEX'S MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant's Motion *In Limine* No. 4 is borderline unintelligible. It repeatedly refers to "the May 2010 C30020" when there is no such thing. As the evidence at trial will show, there is only one C30020 design, and it was the same design that was being offered by Plaintiff since it was created in 2002. Admittedly Plaintiff's C30020 Design was sometimes printed with background lattice work and sometimes printed without that work (either through removing a "screen" or having the lattice work printed in the same color as the background such that it effectively disappears), but that does not make the C30020 without the lattice work (which was submitted to the Copyright Office in a new registration application in May of 2010) different artwork than the version of C30020 that contains the lattice work and was submitted as the deposit copy in 2002. Indeed, the exemplar of C30020 submitted to the Copyright in May of 2010 does not add anything to the exemplar submitted to the Copyright Office in 2002, but rather removes one element – and thus is completely subsumed in and covered by the earlier registration and deposit submission.

Defendants' suggestion of impropriety in filing the May 2010 registration application is baseless. Plaintiff had originally registered C30020 along with four other textile designs as a single work titled "Small Flower Group A" in 2002, under the registration number VAu 557-306. Ninth Circuit Courts have held that where a copyright is awarded to a compilation of works, as long as registrant of the compilation work would be a valid claimant to register the individual parts, then the copyright can extend to each of the individual works. *Bean v. McDougal Littell,* 669 F.Supp.2d 1031, 1034 (D. Ariz. 2010). After Defendants in this case challenged the propriety of registering five designs on a single Form VA application, Plaintiff registered the design C30020 independently on May 13, 2010, under registration number VA 1-714-186, in an abundance of caution.

## II. EVIDENCE REGARDING THE MAY 2010 REGISTRATION MAY BE RELEVANT AT TRIAL.

Defendants have repeatedly expressed their intention to advance the argument at trial that Plaintiff has committed Fraud on the Copyright Office in procuring its copyright registrations.  It is inconceivable that Defendants could make this claim and then seek to exclude evidence of Plaintiff's communications with the Copyright Office regarding design C30020, including the May 2010 registration application and the deposit material submitted therewith.   As such, the evidence Defendants seek to exclude is plainly relevant and does not risk undue prejudice.

Defendant argues "the presentation of the May 2010 C30020 will unquestionably confuse and mislead the jury as to which design is really at issue ...[and is therefore] unduly prejudicial, confusing, and misleading."  But again, there is "May 2010 C30020" – just the one and only C30020 that was printed by Plaintiff for its customers in limited iterations between 2002 and 2009.  If anything, evidence of the 2010 *registration* for C30020 will clarify the issues for trial and avoid confusion since that registration does not include any reference to the other 4 designs that were included on the 2002 registration , thus eliminating any confusion as to which design is really at issue.

Since the May 2010 registration was not filed within five years of its first publication of C30020 in 2002, Plaintiff concedes that it is not afforded the rebuttable presumption of validity of its copyright.  But that fact neither affects the relevance of the registration to other issues in this case, nor does it establish any undue prejudice to Defendants.

Based on the foregoing reasons, Defendant's request to exclude evidence relating to the individual C30020 registration and design should not be granted.

## III.  DEFENDANTS' ATTORNEY FEE'S AND STATUTORY DAMAGES ARGUMENTS PROVIDE NO BASIS FOR GRANTING THIS MOTION.

1  The prevailing party in this case will be entitled to seek attorneys' fees, but
2  those fees are from the Court, not the jury. As such, whether or not attorneys' fees
3  are available under the May 2010 registration is irrelevant to this motion. Plaintiff
4  can, however, elect statutory damages from the jury based on a timely registration.
5  But again, Defendants' argument that statutory damages are not available under the
6  May 2010 registration does not justify this motion.
7  Defendant argument that Plaintiff's should not be allowed to introduce
8  evidence of Copyright Registration VAu 557-306 because it does not allow statutory
9  damages must be rejected for three reasons. First, the jury will be properly
10 instructed on when and under what circumstances statutory damages are available,
11 and therefore no likelihood of confusion exists. Second, Plaintiff's Copyright VAu
12 557-306 registration (covering C30020 and 4 other designs) issued in 2002 allows
13 Plaintiff to seek statutory damages in this case if it chooses – thus (again), it is
14 inconceivable that defendants could suffer prejudice from the introduction of the
15 later registration. And third, as set forth above, the later registration is relevant to
16 Defendants' claims of fraud on the Copyright Office and therefore should be
17 allowed at trial. Of course, in the event that Defendants could show any undue
18 prejudice form that admission, it would appear that a limiting instruction could
19 easily remedy the same.
20 To be clear, Plaintiff's 2002 registration remains in full force and effect, as
21 already decided by the Ninth Circuit. *L.A. Printex, Inc. v. Aeropostale, Inc.*, 676
22 F.3d 841, 853 (9th Cir. 2012); *see also e.g., Jules Jordan Video, Inc. v. 144942*
23 *Canada, Inc.,* 617 F.3d 1146, 1156 (9th Cir. 2010) ("inadvertent mistakes on the
24 registration certifications do not invalidate a copyright and thus do not bar
25 infringement actions, unless the alleged infringer has relied to its detriment on the
26 mistake, or the claimant intended to defraud the Copyright Office...."). Moreover,
27 "'[t]he information contained in a supplementary registration augments but does not
28 supersede that contained in the earlier registration,' 17 U.S.C. § 408(d), and the

Case 2:09-cv-02449-AK-FMO   Document 190   Filed 10/18/12   Page 10 of 10   Page ID #:4998

1  earlier registration is not 'expunged or cancelled,' 37 C.F.R. § 201.5 (d)(2)." *L.A.*
2  *Printex,* 676 F.3d at 853.   Thus, Defendants cannot argue the 2002 registration was
3  invalid and superseded by the 2010 registration application.
4       Based on the foregoing, the May 2010 copyright registration certificate
5  should not be precluded from evidence on an *in limine* basis, and this motion should
6  be denied.
7
8  **IV. CONCLUSION**
9       As such, Plaintiff respectfully requests that the Court deny Defendant's
10 request to preclude any evidence relating to Plaintiff's individual Subject Design
11 C30020 and allow for attorney fee's and statutory damages to be awarded at trial.
12
13 DATED: October 18. 2012          **DONIGER /BURROUGHS APC**
14
15                                  By: /s/ Scott A. Burroughs
                                        Scott A. Burroughs
16                                      Attorneys for Plaintiff L.A. Printex
                                        Industries. Inc.
17
18
19
20
21
22
23
24
25
26
27
28



4850-0326-5297.1

10

DEFENDANTS' MOTION IN LIMINE NO. 4