DEBORAH F. SIRIAS, SB# 102893
    E-Mail: sirias@lbbslaw.com
THOMAS S. KIDDE, SB# 61717
    E-Mail: kidde@lbbslaw.com
ROBERT M. COLLINS, SB #254915
    E-Mail: rcollins@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900
Attorneys for Defendant
MS. BUBBLES, INC.

**KATTEN MUCHIN ROSENMAN LLP**
Zia F. Modabber (State Bar No. 137388)
zia.modabber@kattenlaw.com
Kristin L. Holland (State Bar No. 187314)
kristin.holland@kattenlaw.com
Cory A. Baskin (State Bar No. 240517)
cory.baskin@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471
Attorneys for Defendant
AEROPOSTALE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM CARTER CO.,  et al,<br><br>　　　　　Defendants. | CASE NO. CV09-2449 AK (FMOx)<br>*The Honorable Alex Kozinski*<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE EXPERT TESTIMONY BY PLAINTIFF**<br><br>DATE:　　　　November 16, 2012<br>TIME:　　　　10:00 a.m.<br>CTRM.:　　　　16<br><br>Pre-Trial Conf.:　　November 9, 2012<br>Trial Date:　　　　November 27, 2012<br>Action Filed:  April 8, 2009 |

4835-6009-7041.1

JOINT MOTION IN LIMINE NO. 5 TO EXCLUDE EXPERT TESTIMONY BY PLAINTIFF

## IDENTIFICATION OF MATTERS IN DISPUTE

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure ("FRCP") Defendants Ms. Bubbles, Inc. and Aeropostale, Inc. (collectively "Defendants") hereby move the Court for an Order:

(1)   precluding Plaintiff L.A. Printex Industries, Inc. ("Plaintiff") from presenting expert testimony at trial, on the issue of damages, design comparisons, or any other issue based upon Plaintiff's failure to designate any expert as required by FRCP Rule 26;

(2)   precluding all parties, counsel, and witnesses from making any reference to the fact that this Motion has been filed and/or granted for any purpose other than to enforce the Court's Order on this Motion; and

(3)   granting such other and further relief as the Court may deem proper.

## I.   INTRODUCTION

At issue in this lawsuit is the alleged copyright infringement by Defendants of a textile design allegedly owned by L.A. Printex that Defendants' allegedly printed on a garment sold in retail stores. L.A. Printex describes this design as its "Internal Design Number C30020" (hereinafter "C30020"). C30020 was registered by L.A. Printex with the United States Copyright Office on July 17, 2002, along with four (4) other designs entitled C30018, C30015, C30011, and R1154, as part of an unpublished collective work identified by L.A. Printex as "Small Flower Group A." Small Flower Group A was collectively assigned U.S. Copyright No. VAu 557-306. VAu 557-306 is the sole copyright registration at issue in this lawsuit.

Defendants timely designated their expert regarding damages in this case and submitted their expert report pursuant to FRCP Rule 26(a) on April 12, 2010. Plaintiff did not designate a rebuttal expert nor did it depose Defendants' expert regarding the expert opinions expressed in the report. Moreover, Defendants propounded discovery which was specifically tailored to obtain information and

documents relating to Plaintiff's damage theories. (*See* Defendants' Requests for Production of Documents, Set Two attached as Ex. "A" to the Declaration of Deborah F. Sirias ("Sirias Decl."), filed concurrently herewith). Plaintiff did not produce documents supporting its damage theories in response to these document requests. (Sirias Decl., ¶8).

Prejudice will be suffered by Defendants if Plaintiff is permitted to offer expert testimony on the issue of damages since they were not offered an opportunity during discovery to probe the bases for Plaintiff's damage calculations and any testimony presented at trial relating thereto will be a complete surprise and therefore must be excluded under Federal Rule of Evidence ("FRE") 403.

Defendants will also be prejudiced if Plaintiff's principal, Jae Nah, is permitted to offer expert testimony regarding comparisons of the designs in this case. At his deposition, Mr. Nah attempted to provide expert analysis but admitted he had not personally performed the comparison. Plaintiff has never designated an expert to opine as to the design comparisons and Mr. Nah, a lay witness, should be precluded from testifying thereto as improper and in violation of FRE Rules 701 and 702.

## II. ANY EXPERT TESTIMONY OFFERED BY L.A. PRINTEX ON THE ISSUE OF DAMAGES MUST BE EXCLUDED

L.A. Printex must be precluded from offering any expert testimony on the issue of damages in this matter because no expert was identified by L.A. Printex during discovery in this matter.

FRE 403 provides:

> **Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

1  delay, waste of time, or needless presentation of cumulative evidence.

2  Defendants submit that any proffered expert testimony on the issue of
3  damages by Plaintiff must be excluded as unfair prejudice result to Defendants by
4  Plaintiff's failure and refusal to disclose such testimony during the discovery phase
5  of the litigation.

6  Moreover, FRCP Rule 37(c)(1) provides:

7  If a party fails to provide information or identify a witness as required by
8  Rule 26(a) or (e), the party is not allowed to use that information or witness to
9  supply evidence on a motion, at a hearing, or at trial, unless the failure was
10 substantially justified or is harmless.  In addition to or instead of this sanction, the
11 court, on motion and after giving an opportunity to be heard:

12 . . .

13 (B)   may inform the jury of the party's failure and

14 (C)   may impose other appropriate sanctions, including any of the orders
15       listed in Rule 37(b)(2)(A)(i)-(vi).

16 FRCP Rule 37(b)(2)(A)(ii) provides that the Court may impose sanctions for
17 failing to disclose or supplement information as follows:

18 ". . . prohibiting the disobedient party from supporting or opposing designated
19 claims or defenses, <u>or from introducing designated matters in evidence</u>."

20 Any expert testimony offered by Plaintiff on the issue of damages must be
21 precluded since Plaintiff failed to disclose who will present such testimony and
22 more importantly, what that evidence will be.

23 **III.   <u>ANY EXPERT TESTIMONY OFFERED BY L.A. PRINTEX</u>**
24 **       <u>REGARDING DESIGN COMPARISON MUST BE EXCLUDED</u>**

25 FRE Rule 701 provides in pertinent part:

26 "If the witness is not testifying as an expert, the witness' testimony in the
27 form of opinions or inferences is limited to those opinions or inferences
28 which are . . . (c) not based on scientific, technical, or other specialized

4835-6009-7041.1

4

JOINT MOTION IN LIMINE NO. 5 TO EXCLUDE EXPERT TESTIMONY BY PLAINTIFF

knowledge within the scope of Rule 702."

Any attempts by L.A. Printex to offer expert testimony regarding design comparisons must be precluded. L.A. Printex has never designated an expert under FRCP Rule 26 to opine as to the technical comparisons in the designs in this case and L.A. Printex has never indicated any intent to elicit expert testimony regarding design issues from any other witness in any of its disclosures provided to Defendants in this case. At his deposition, Mr. Nah attempted to make such highly technical comparisons, but admitted he had not performed them himself. Such testimony by a lay witness is improper under FRE Rules 701 and 702 which govern expert opinions.

### IV. CONCLUSION

Based on the foregoing, L.A. Printex must be precluded from offering any expert testimony on the issue of damages and design comparisons at trial in this matter.

DATED: October 18, 2012  **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/Deborah F. Sirias
Deborah F. Sirias
Attorneys for Defendant
MS. BUBBLES, INC.

DATED: October 18, 2012  **KATTEN MUCHIN ROSENMAN LLP**

By: /s/Cory A. Baskin
Cory A. Baskin
Attorneys for Defendant
AEROPOSTALE, INC.



4835-6009-7041.1

5

JOINT MOTION IN LIMINE NO. 5 TO EXCLUDE EXPERT TESTIMONY BY PLAINTIFF

# L.A. PRINTEX'S MEMORANDUM OF POINTS AND AUTHORITIES
## I. THE TESTIMONT BY L.A. PRINTEX THAT DEFENDANTS SEEK TO EXCLUDE IS NOT EXPERT TESTIMONY.

Defendants seek to prevent Plaintiff from pointing out why it believes there is an infringement in this case by claiming that such testimony is "expert" testimony. Defendants are wrong. Plaintiff is certainly entitled to show the jury precisely what parts of its artwork it contend are protectable expression, and where in Defendant's offending garments it sees that protectable expression. Simply put, this is not expert testimony and there is no basis to exclude it.

As this Court is well aware, expert testimony is testimony from a party with specialized knowledge that is allowable "[i]f scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence…" FRE 702. The similarity of two designs is plainly observable by any person looking at the two designs, and evidence regarding the same is not the sort for which "scientific, technical, or otherwise specialized knowledge" will assist the jury. The testimony Defendants wish to exclude is not expert testimony.

To be clear, opinion testimony by a lay witness may be offered at trial where it is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. Rule 701 is meant to allow testimony relating to appearance of persons or things, identity, degrees of light or darkness, size, weight, distance, and all things that cannot be described factually in words apart from inferences. See, *e.g.*, *Asplundh Mfg. Div. v. Benton Harbor Eng' g*, 57 F.3d 1190, 1196 (3d Cir. 1995).

Here, Mr. Nah's testimony would be rationally based on his own perception of similarity between the designs. Mr. Nah's testimony would be helpful in determining a fact in issue; namely, whether the design at issue infringes upon L.A.

Printex's copyright. Finally, Mr. Nah's testimony would not be based upon any specialized knowledge within the scope of Rule 702, but rather a comparison of elements that can be viewed with the naked eye that the jury is free to agree with or not. Contrary to Defendants' implication, Mr. Nah's testimony would not "make highly technical comparisons." Rather, it would address the appearance, size, color, degrees of light and darkness, and other aspects of the designs in question that are by definition restricted to inferences.

Because Rule 701 is specifically intended to allow the type of testimony that Defendants want to exclude, this motion should be denied.

And finally, to the extent testimony comparing the designs is somehow deemed "expert" in nature, said testimony should still be allowed because it would not be unduly proper or prejudicial, and Mr. Nah is qualified to render said opinions.

The advisory committee notes regarding the 1993 amendments to Fed. R. Civ. P. 26 (a) (2) describe the purpose of the disclosure requirements regarding expert testimony is so that "opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." In this case, defendants admit that they had the opportunity to examine the President of LA Printex about his background and cross-examine him regarding his opinions such that they cannot clam prejudice and had a reasonable opportunity to prepare any response / rebuttal witnesses. As such, this motion should be denied

## II. IT IS UNCLEAR WHAT EVIDENCE DEFENDATNS WISH TO EXCLUDE REGARDING DAMAGES, BUT PLAINTIFF IS CERTAINLY ENTITLED TO OFFER THE EVIDENCE EXCHANGED DURING DISCOVERY.

While Defendants claim that permitting Plaintiff to introduce expert testimony would unfairly prejudice them, Defendants do not state what evidence they are actually seeking to exclude. As such, it appears that they are merely

seeking an "advisory" opinion not aimed at any particular evidence – making it difficult for Plaintiff to meaningfully respond. That said, Plaintiff is certainly entitled to offer the evidence presented by the parties in discovery, and assumes that Defendants have no objection to the introduction of any such evidence – including expert testimony that Defendants have offered - since they have not specifically identified any such evidence in this motion.

The advisory committee notes regarding the 1993 amendments to Fed. R. Civ. P. 26 (a) (2) describe the purpose of the disclosure requirements regarding expert testimony is so that "opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Here, permitting Plaintiff to introduce expert testimony provided by Defendants in discovery would not prevent Defendants from having a reasonable opportunity to prepare to rebut that testimony, either via cross examination or alternative expert testimony. Indeed, Defendants were presumably well aware of the expert testimony that they were providing to Plaintiff. A modicum of caution would dictate that Defendants would begin coordinating a rebuttal to that information as soon as it was disclosed to Plaintiff. Any failure on the Defendants' part to properly prepare to address information supplied in discovery would not be prejudice, but rather negligence.

Because Defendants would not be prejudiced by allowing expert testimony supplied in discovery, Plaintiff should be permitted to introduce such testimony here.

Moreover, Plaintiff's testimony regarding its lost profits is not expert testimony. Lay testimony may be offered to show how lost profits could be calculated so long as the witness has personal knowledge of the pertinent accounting systems and underlying data. *Lightning Lube v. Witco Corp.*, (3rd. Cir. 1993) 4 F.3d 1153, 1175; *Mississippi Chem. Corp. v. Dresser-Rand Co.*, (5th Cir. 2002) 287 F.3d 359, 374.

8

JOINT MOTION IN LIMINE NO. 5 TO EXCLUDE EXPERT TESTIMONY BY PLAINTIFF

1  Because Defendants have not identified any testimony by Plaintiff regarding
2  damages as "expert" testimony, Plaintiff submits that Defendants have waived any
3  opportunity they had to object to the same. Accordingly, this motion should be
4  denied.

### III. CONCLUSION

Based on the foregoing, L.A. Printex should be allowed to introduce expert testimony originally supplied in discovery by Defendants and Jae Nah's testimony regarding his lay opinions of the designs in question should be allowed.

DATED: October 18, 2012        **DONIGER /BURROUGHS APC**

By: /s/Scott Burroughs
Scott Burroughs
Attorneys for Plaintiff L.A. Printex Industries, Inc.