1
2
3
4
5
6
7
8
9

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

L.A. PRINTEX INDUSTRIES, INC.,

Plaintiff,

vs.

WILLIAM CARTER CO.; et al.,

Defendants.

CASE NO. 09-2449 AK

**PLAINTIFF'S SUPPLEMENTAL
BRIEFING IN SUPPORT OF ITS
MOTION IN LIMINE NO. 3 TO ALLOW
EVIDENCE, ARGUMENT, AND
TESTIMONY RELATING TO ALL
ITERATIONS OF THE SUBJECT
DESIGN USED IN COMMERCE AND IN
OPPOSITION TO DEFENDANTS'
MOTIONS IN LIMINE TO EXCLUDE
SUCH MATERIAL**

Trial Date:    January 21, 2013

1

PLAINTIFF'S SUPPLEMENTAL BRIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

L.A. Printex Industries, Inc. ("Printex") should be allowed to introduce its design C30020 in the form in which it sold to the design to customers, which is also how it was perceived by consumers in the marketplace. Printex should be allowed to present the following to the jury at time of trial:

(a)     the C30020 design on fabric without the background element and in the white/berry colorway;

(b)     documents showing the C30020 design on fabric without the background element and in the white/berry colorway

(c)     the C30020 design on fabric without the background element; and/or

(d)     the C30020 design on fabric with the background element.

The record and relevant case law all militate in favor of allowing the above evidence, which will provide a full record for the jury to review.

## II.     ARGUMENT

The fabric swatches should be allowed at trial. The 9th Circuit, when remanding this matter, stated "the district court — and the jury — may consider fabric swatches of C30020 in applying our two-part test for substantial similarity, so long as the district court determines that the digital prints that L.A. Printex deposited with the Copyright Office constitute "one complete copy" of C30020, and that the fabric swatches are also "copies" of C30020." *L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F. 3d 841, 850 fn. 3 (9th Cir. 2012)(citations omitted). The 9th Circuit also noted that "our definition of a 'complete copy' is broad and deferential." Id., *quoting Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. Cal. 2000). Printex can meet these two requirements.

A.     *Printex's deposit with the Copyright Office was "one complete copy."*

The digital print that L.A. Printex deposited with the copyright office – which reflects C30020 in a yellow and red colorway, with the latticework background visible –

---

is a "complete copy" of C30020. It contains all elements of the design, and the design can be readily identified by the deposit's contents. This is undisputed and satisfies the first prong of the 9th Circuit's requirement.

>    B.    *The C30020 fabric swatches are "copies" of C30020.*

Printex can also meet the second prong, as the fabric swatches depicting C30020 are indeed "copies" of the design. A "copy," for purposes of deposit under the Copyright Act, "may be made in any medium whatsoever, so long as the work can be perceived from it" *Midway Mfg. Co. v. Artic Intern., Inc*., N.D. Ill.1982, 547 F.Supp. 999, 216 U.S.P.Q. 413, *affirmed* 704 F.2d 1009, 218 U.S.P.Q. 791, *cert. denied* 104 S.Ct. 90, 464 U.S. 823, 78 L.Ed.2d 98, 220 U.S.P.Q. 480.17 U.S.C. §  101, citing 17 U.S.C. §101. In this case, Plaintiff submitted the work – a fabric design – in the form of an image of the design. The fabric swatches, then, are certainly "copies" of that fabric design image, as they are copies of the design in the medium (fabric) in which the design was sold to the public.

The 9th Circuit's holding in *Three Boys* is especially instructive on this issue. In that case, the Plaintiff submitted a deposit "copy" in the form of sheet music (not an actual recording). This sheet music differed in certain ways from the final version of the song that was claimed to be infringed. The Court found (a) that the sheet music being deposited did not preclude the Plaintiff from playing for the jury the actual song (which was not deposited) and (b) the small differences between the deposit copy and the final version were of no importance. *Three Boys Music Corp. v. Bolton*, 212 F.3d 486-487.

In this case, Printex is seeking the exact same thing: (a) that the design be shown to the jury on fabric (as it was sold in the marketplace); and (b) that the small differences between the deposit and final versions (the background elements and color) be found to be of no importance. *Three Boys* seems to require this finding. Plaintiff has satisfied the test set forth in the 9th Circuit's directive.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*C.*      *Printex made sales of fabric bearing C30020 in the red/berry colorway and without the latticework, and produced evidence of same to Defendants.*

Plaintiff should be allowed to introduce at trial a copy of the C30020 design as it was displayed in the marketplace – on fabric. Uncontroverted documents in the record reflect that Plaintiff distributed fabric bearing the C30020 design without the background element in the white/berry colorway that has been directly copied by Defendants. Indeed, prior to the infringement at issue, Printex sold C30020 fabric to Laguna, a company that operates in the same market as Defendant Ms. Bubbles, Inc. See below for an image of the fabric that was produced during discovery:



Burroughs Decl. ¶1, Ex. 1., pg. 6 (Pl.'s Bates No. 10).

It is undisputed that Printex sold the above fabric to Laguna, and did so prior to the infringement by Defendants. These documents, as well as many others reflecting Printex's sale of the fabric at issue, have been produced in discovery. Burroughs Decl. ¶1; Ex. 1. The fabric exemplars should be allowed at trial.

PLAINTIFF'S SUPPLEMENTAL BRIEFING

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        *D.       Plaintiff is required to deposit only the "best edition," which it did.*

Plaintiff deposited the "best edition" of C30020, and can thus introduce the versions it actually used in commerce. To gain protection for future versions of this design, Plaintiff was not required to deposit a new specimen every time it changed the color or removed a background motif. Indeed, the leading treatise on this issue unequivocally states that "no additional deposit is required by reason of the fact that new editions differ in size, color and inconsequential detail from the work deposited." Melville B. Nimmer And David Nimmer, 2-7 Nimmer On Copyright, § 7.17 (Matthew Bender, Rev. Ed.)(internal citations omitted). This is the exact situation we have here – Printex seeks to introduce C30020 in a format that differs only in "color" and "inconsequential detail" (the background latticework) from its deposit copy." It should be allowed to do so.

Other Courts have failed to restrict a copyright holder to claims as to the actual deposit copy. *First American Artificial Flowers, Inc. v. Joseph Markovits, Inc.*, 342 F. Supp. 178 (S.D.N.Y. 1972)(failure to deposit an "adaptation…or other version" of a copyrighted rose design does not restrict rights); *Goldman-Morgen, Inc. v. Dan Brechner & Co.*, 411 F. Supp. 382, 390 (S.D.N.Y. 1976)(superseded on other grounds)(small differences between two works are inconsequential). This is especially true in the 9th Circuit, where the definition of deposit copy is "broad" and "deferential." *Three Boys Music Corp.*, 212 F.3d at 486.

        *E.       Fabric swatches need not be deposited.*

The Copyright Office has expressly stated that a party registering a fabric design need not deposit a fabric swatch. In *Copyright Office Circular 40A – Deposit Requirements for Registration of Claims to Copyright in Visual Arts Material*, the deposit requirement for fabric designs is specifically stated: "1 complete copy (**or** swatch) showing design repeat and copyright notice, if any." Burroughs Decl.¶2; Ex. 2, pg. 3 (emphasis added). The clear language of the *Circular* makes clear that a copy of the design **or** a swatch may be deposited. A swatch is not required.

PLAINTIFF'S SUPPLEMENTAL BRIEFING

So owing, a party may deposit an image of a fabric or clothing design and still assert claims for copying of the fabric. *See Blue Fish Clothing, Inc. v. Kat Prints*, 1991 WL 71113 at *3 (E.D.Pa. 1991) (designs depicted in clothing catalogs properly registered); *see also Galiano v. Harrah's Operating Co., Inc.*, CIV.A. 00-0071, 2004 WL 1057552 (E.D. La. May 10, 2004) (designer who registered a collection of illustrations of uniform designs may be entitled to copyright over silkscreen printed fabric bearing those designs).

Defendants cite no case in which a plaintiff was precluded from introducing a fabric swatch because it had not deposited a fabric swatch with its registration application. That is because, as confirmed by the *Circular*, no such a deposit is required.

    *F.*    *Designs should be compared as experienced in the marketplace.*

The fabric swatches also must be allowed into evidence because fabric designs must be compared in light of the "uses for which the design is intended[,]" in this case on fabric. *Soptra Fabrics, Corp. v. Stafford Knitting Mills, Inc.*, 490 F. 2d 1093-1094(2nd Cir. 1974) ("The error of the district court was probably in neglecting to give due weight to "the uses for which the design is intended, especially the scrutiny that observers will give to it *as used*.")(fabric design case), *quoting Peter Pan Fabrics v. Martin Weiner Corp.*, 274 F.2d at 489 (emphasis in *Soptra*). In this case, like in *Soptra*, "the designs were to be used in dresses, and although small differences between the designs might be found to exist under courtroom scrutiny, those differences fade away within a few feet or absent sharp scrutiny." Id.

That is exactly the case here – the jury should be allowed to compare the two designs as they appear on fabric and are worn by consumers. *Just in Materials Designs, Ltd. v. Arise Textile, Inc.*, 1980 U.S. Dist. LEXIS 10822, *4-5 (S.D.N.Y. 1980) (comparing designs on two dresses and noting that differences in appearance of dresses were not likely to attract attention when examined from four feet away and seen on a female body). This will allow the jury to assess substantial similarity in the setting in which the designs appeared. *Atari, Inc. v. North America, Etc.*, 672 F. 2d 607, 610 (7th Cir. 1982)("To assess the impact of

PLAINTIFF'S SUPPLEMENTAL BRIEFING

certain differences, one factor to consider is the nature of the protected material and the setting in which it appears."), *citing Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 908 (3d Cir.), *cert. denied*, 423 U.S. 863, 96 S.Ct. 122, 42 L.Ed.2d 92 (1975). Comparing the designs as printed on fabric is proper here.

> G.      *Previous juries reviewed swatches; holding otherwise would be bad policy.*

Fabric design cases that have been tried in the past few years in the Central District of California have included a comparison of the designs at issue as they appeared in the marketplace – on fabric. *See, e.g.*, *United Fabrics International v. Lane Bryant, et al.*, U.S.D.C. Case No. CV08-6865; *Caribbean Blues, Inc. v. Target Corp., et al.*, U.S.D.C. Case No. CV10-3334. Defendants cite to no case in which the jury was denied the opportunity to review the designs on fabric.

Moreover, to force a copyright holder to deposit a copy of each iteration of a design that includes a change in the color, size, or minor detail will cause a great burden on the artistic community and the Copyright Office and will result in no benefit. Design team managers will have to constantly monitor their designers to identify every time a red is changed to a blue or a design is increased in size by ten percent, and every artist who continuously revises a prior work (which is common) will be forced to continuously send in new deposit copies to the Copyright Office. This is bad policy.

## III.    CONCLUSION

For these reasons, Plaintiff respectfully requests Printex be allowed to present to the jury the C30020 design as it was distributed to customers, and seen by consumers in the marketplace.

Respectfully submitted,

Dated: December 18, 2012             DONIGER / BURROUGHS

By:    /s/ Scott A. Burroughs
       Scott A. Burroughs, Esq.
       Attorneys for Plaintiff

- 7 -

PLAINTIFF'S SUPPLEMENTAL BRIEFING

## <u>DECLARATION OF SCOTT A. BURROUGHS, ESQ.</u>

I, Scott A. Burroughs, Esq., am a shareholder in DONIGER / BURROUGHS APC, and am competent to testify from my personal knowledge and review of my records as set forth below:

1. Our client produced in discovery images of fabric it sold to customers prior to the alleged infringement at issue in this case. I have attached as Exhibit 1 true and correct copies of certain of those images.

2. I have attached as Exhibit 2 a true and correct copy of the Copyright Office Circular 40A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 18, 2012 in Culver City, California.

By:   /S/ Scott A. Burroughs
      Scott A. Burroughs, Esq.

PLAINTIFF'S SUPPLEMENTAL BRIEFING