UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **L.A. Printex Industries, Inc., a California Corporation,**<br><br>    Plaintiff,<br><br>  v.<br><br>**William Carter Co., a Georgia Corporation, et al.,**<br><br>    Defendants. | No.  2:09-cv-02449-AK-FMOx<br><br>**ORDER** |

**KOZINSKI**, Circuit Judge:

   Defendant Aeropostale has applied for an order permitting its New York-based witnesses to testify at trial via contemporary video transmission.  Plaintiff moves to compel the production of Lindsay Sword for a deposition.

**I.  Video Testimony**

   Trial testimony "by contemporaneous transmission from a different location" is permissible "[f]or good cause in compelling circumstances and with appropriate safeguards."  Fed. R. Civ. P. 43(a); see generally In re Vioxx Prods. Liab. Litig., 439 F. Supp. 2d 640, 642–44 (E.D. La. 2006).  Having reviewed the

page 2

parties' briefs, the court orders that Colette Stanford shall be permitted to testify via live video transmission from New York. All other witnesses shall testify at trial in person. Inconvenience to the defendant corporation caused by the testimony of its high-ranking officials isn't the sort of "compelling circumstances" envisioned by Rule 43.

## II. Deposition of Lindsay Sword

Aeropostale is ordered to produce Lindsay Sword for a deposition on or before January 15, 2013. Ms. Sword shall be deposed in New York at a time and place convenient to both parties. See Mill–Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). Alternatively, at plaintiff's request, Aeropostale shall make Ms. Sword available via contemporaneous video transmission from New York.

## III. Conclusion

Defendant Aeropostale's application for an order authorizing trial testimony by live video transmission is **GRANTED IN PART.** Plaintiff's motion to compel production of Ms. Sword is **GRANTED.**

December 19, 2012

**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation
28 U.S.C. § 291(b)