Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

L.A. PRINTEX INDUSTRIES, INC.,

Plaintiff,

vs.

WILLIAM CARTER CO.; et al.,

Defendants.

Case No.: CV09-2449 AK
*The Honorable Alex Kozinski presiding*

**PLAINTIFF'S EX PARTE NOTICE OF MOTION AND MOTION TO EXCLUDE SUPPLEMENTAL EXPERT REPORT; DECLARATION OF SCOTT A. BURROUGHS**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff L.A. Printex Industries, Inc. ("LA Printex" or "Plaintiff") hereby applies *ex parte* for an Order to exclude the untimely supplemental expert report of David Nolte issued by Defendants Aeropostale and Ms. Bubbles (collectively, "Defendants") on January 17, 2013. Also, Defendants must be bound to the findings as made in the original 2010 report as they stood when the expert discovery deadline expired.

This motion is made on the grounds that the untimely supplemental expert report irreparably prejudices LA Printex by disallowing it to designate a rebuttal

witness and that no good cause exists for supplementing Nolte's first expert report because the basis for the supplemental report is information that was readily available to Defendants at all relevant times during the course of this litigation.

This motion is brought *ex parte* because Defendants supplied their untimely supplemental expert report on January 17, 2013; years after the discovery cut-off and a on the eve of trial, thus leaving insufficient time to have this matter heard on a noticed motion.  Therefore, immediate emergency relief is warranted to prevent prejudice to Plaintiff.

This motion is made following conference of counsel pursuant to Local Rule 7-19, which took place on January 17, 2012.

Respectfully submitted,

Dated: January 18, 2013                    DONIGER / BURROUGHS

By: /s/ Scott A. Burroughs
Scott A. Burroughs, Esq.
Attorney for Plaintiff

# I.      INTRODUCTION

On January 17, 2013, Defendants submitted a "Supplemental" report of their economics expert, David Nolte of Fulcrum Inquiry.[1]  That report ***dramatically*** changed the substance of Mr. Nolte's April 12, 2010 report, which was produced prior to the expert discovery deadline. See Burroughs Decl. ¶5; Ex. 1 (April 12, 2010 rport); Ex. 2 (July 17, 2013 report). Indeed, the 2013 report added wholly new claims regarding deductible expenses and taxes that were not in his original report, and changed his calculations of the profit margins.

Specifically, Nolte's preliminary report provided that Aeropostale's profits for Style 7586[2] amounted to $445,191.00, while the supplemental report provided that such profits amounted to $190,358.00[3]  While the last-minute effort to deduct another nearly $300,000 from Aeropostale's profits is certainly troubling, this motion is brought because the very manner in which that calculation has been made has been completely revamped to where the opinion is essentially a new opinion.

For example, the original 2010 report provided that the "Cost of Goods Sold" was $122,062.00  Now that amount has been inexplicably inflated to $225,399.00, based on an unsupported and undocumented 20% across the board reduction, as well as a claim for income taxes of $126,906 have been added as well. Income taxes were never mentioned in the 2010 report, which Defendants claimed covered *all* deductions relevant to the sales of the garments at issue.  Moreover, the way that those taxes have been calculated is completely baseless (as discussed further below),

---

[1] Declaration of Scott A. Burroughs, ("Burroughs Decl.") ¶ 1.
[2] It is notable that the supplemental report refers to Aeropostale's profits as to Style 8546 in the table, while the headings refer to Style 7587, no doubt a hurried typo left in from virtually the same supplemental report of Aeropostale's profits for Style 8546 provided on the same date in the sister case: *L.A. Printex Industries, Inc. v. Aeropostale, et al.* CV 08-7085 DDP (Ex).
[3] *See* Expert Report of Nolte and Supplemental Expert Report of David Nolte, (the "supplemental report").

and is an issue on which Defendants bear the burden.  This new testimony must be excluded as untimely and without basis.

Mr. Nolte's new report states that the impetus for these 11th hour changes was instruction by Aeropostale's counsel based on documents and authority that were available to Aeropostale at the time of its initial report.  The last-minute attempt by Defendants to provide materially different expert information is untimely, prejudicial, and improper.  In 2010 Plaintiff determined after reviewing Mr. Nolte's expert report that it did not need to designate a rebuttal expert based on the contents of Mr. Nolte's expert report.  Once the expert discovery deadline expired, that report became the final report and Plaintiff was entitled to rely on its findings and base its trial strategy in part on its contents.

LA Printex will now be prejudiced if Nolte's supplemental report is admitted because it relied on the timely-produced report in preparing its case for trial, did not depose Mr. Nolte on these new findings, and is now precluded from designating a rebuttal witness to address the new approach and opinions of Mr. Nolte now being offered.

Indeed, after reviewing the findings and opinions in the expert report served by Defendants prior to the expert discovery deadline, LA Printex chose not to designate a rebuttal expert or depose Mr. Nolte, and planned to call him at trial to testify at trial in regard to the findings and opinions in his report. See U.S.D.C. Dkt. No. 180, filed October 18, 2012, Witness List, pg. 6. The fact that he has now substantially changed those findings and opinions, and done so less than a week before trial, has severely prejudiced Plaintiff.

Based on the foregoing, this Court should exclude the improper and untimely supplemental expert report of Nolte.  In the alternative, this Court should shorten the time for briefing and hearing on a motion in limine seeking the same relief.

## II.      ARGUMENT

**a)**       <u>**Standard of Review**</u>

Ex parte relief is proper where the moving party will suffer irreparable prejudice if relief is not granted, and the exigency is a result of the conduct of a party other than the moving party. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (CD. Cal. 1995). Here, both elements are met, and good cause exists for granting Plaintiff's ex parte application to exclude Defendants' supplemental expert report.

**b)**       <u>**Good Cause Exists for Excluding the Supplemental Expert Report**</u>

On July 29, 2009 this Court issued a Scheduling Order which set a trial date of August 10, 2010 and a discovery cut-off of June 7, 2010.[4]   That Order sets strict deadlines and procedures for expert witness material:

"If expert witnesses are to be called at trial, the parties shall designate affirmative experts to be called at trial and shall provide reports required by Fed.R.Civ.P. 26(a)(2)(B) not later than eight weeks prior to the discovery cut-off date…**[e]xpert witnesses will be bound by the opinions expressed in their reports prepared in accordance with Fed.R.Civ.P. 26(a)(2)(B) and will not be permitted to offer new matters at trial**.  Failure to timely comply with this deadline will result in the expert being excluded at trial as a witness."[5]

Burroughs Decl. ¶6; Ex. 3, pg.4 (emphasis added).

Defendants provided the original Nolte expert report in April 2010.[6]  Based on its review of said report, Plaintiff's counsel determined that it did not need to designate a rebuttal expert and would call Mr. Nolte at time of trial.[7] The deadline to supplement or revise this report expired, at which point the April 2010 report became final and the report of record.

---

[4] *See* Docket No. 33.
[5] *Ibid.* at p. 4.
[6] Burroughs Decl. ¶ 2.
[7] *Id.* at ¶ 3.

5

However, on January 17, 2013, five days before trial, Defendants provided Plaintiff with a supplemental expert report from Mr. Nolte that materially changed both the conclusion and methodology utilized by Mr. Nolte. That untimely supplemental report must be stricken and any testimony based on it must be excluded.

Fed.R.Civ.P. 37 authorizes the Court to exclude expert testimony at motions, hearings, or at trial for a party's failure to provide the information required by Rule 26(a) or (e).[8] Additionally, supplementation of an expert report must be made "in a timely manner" and unless otherwise ordered, "***no later than 30 days before trial***."[9] If filed beyond a discovery cut-off date, a motion for leave to modify the scheduling order is required.[10] Complete exclusion of such undisclosed expert evidence is required, absent a showing of substantial justification or harmlessness. *See Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1064 (C.D. Cal. 2010) (noting that excluding undisclosed expert evidence is "automatic and mandatory unless the party can show the violation is either justified or harmless").[11]

In disregard of the Court's Orders and the relevant statutes, Defendants now seeks to introduce new expert testimony by "supplementing" Nolte's report to drastically change the findings therein. This supplementation is not only grossly untimely, but also is completely lacking in substantial justification. Specifically, the information forming the basis for the supplementation is not only questionably proposed by Aeropostale's counsel, but was available to Aeropostale and Nolte at the time of Nolte's preliminary report.

---

[8] Fed. R. Civ. P, Rule 37(c)(1).
[9] Fed. R. Civ. P, Rule 26(a)(3)(b), (e)(1)-(2).
[10] *See Leviton Mfg. Co. Inc. v. Nicor, Inc.* (D NM 2007) 245 FRD 524.
[11] *See also Harris v. United States*, No. CV 01-09688 MMM (RNBx), 2003 WL 25781906 at *3 (C.D. Cal. Jan. 7, 2003) ("Federal courts apply this rule strictly and *require* exclusion of such evidence absent harmless error or substantial justification."); *Newark Group, Inc. v. Dopaco, Inc.*, 2:08-cv-02623-GEB-DAD, 2012 WL 899250 at *4 (E.D. Cal. March 15, 2012) (excluding fact witnesses and certain expert opinions).

Also, the supplementation is not harmless because LA Printex will be prejudiced by the admission of the supplementary report, as (1) that report materially affects the evidence regarding damages in this case; (2) LA Printex relied on Nolte's findings when conducting discovery and preparing this case for trial; and (2) Plaintiff does not have an opportunity to designate a rebuttal expert at this late juncture (nor should it have to do so in the midst of preparing to try the case next week).

Therefore, since the admission of the supplementary report is without substantial justification and will be irreparably harmful to LA Printex, this Court must exclude the new Nolte expert report.

**1.** ***The Information Relied Upon for the Supplemental Report was Available to Defendants at the Time of Nolte's Preliminary Report***

There can be no reasonable dispute that the "new" information relied in the supplemental report was readily available to Defendants throughout the course of this action.   As such, Defendants cannot show good cause for the eleventh-hour change to their expert report, and that supplemental report must be excluded.

Nolte's supplemental report, under the "Documents and Information Relied Upon" heading, provides:

> In addition to the documents listed in the February 17, 2010 report, Fulcrum relied upon:
>
> 1. AERO000151, which was produced subsequent to the February 17, 2010 report. AERO000151 provides additional information regarding Aéropostale's incremental costs.
>
> 2. The Ninth Circuit decision in re: Three Boys Music Corp. v. Michael Bolton, as described herein.[12]

Initially, the documents cited by Nolte as produced "subsequent to the February 17, 2010 report" are documents that have been produced *by Aeropostale*

---

[12] Supplemental report, p. 2.

itself and necessarily relate to Aeropostale's sales of these garments in 2006 – these are not "new" documents in any sense.  Also, this one page document (AERO000151) is insufficient to form the basis for revisions to the original report.

Similarly, the "new" opinions based on *Three Boys Music Corp. v. Michael Bolton,* a seminal copyright infringement case decided more than a decade ago,[13] certainly could have been offered at the time of the initial report.   The only justification for this untimely addition to the Fulcrum report is that it was made "on legal instructions received by Aeropostale's legal counsel"[14], but again, if counsel did not ask its expert to opine on tax expenses initially it may not sandbag Plaintiff by offering such opinions now, especially where the opinion given is plainly flawed.[15]

Designating new expert opinions after the disclosure deadline is not allowed as a "supplemental" disclosure.[16]  Indeed, the precise tactic that Defendants are attempting with the late disclosure of Nolte's supplemental report has been lambasted by Federal Courts.  *See Beller ex rel. Beller v. United States* (D NM 2003) 221 FRD 696, 701-702 (Rule 26 does not give license to "sandbag" one's opponent with claims and issues that should have been included in the expert witness' original report.)

Because the "new" information and authority considered by Mr. Nolte was all available to Aeropostale in 2010, there is no substantial justification for Defendants' to change their expert's report at this juncture, especially not without

---

[13] 212 F.3d 477 (9th Cir. 2000).
[14] Supplemental report, p.2.
[15] Aeropostale per its public 10k reports, claims to pay 6-9% tax on its sales each year.  Thus on $1 million in sales it would claim $60,000 in profits and (assuming a 40% tax rate) pay $24,000 in taxes on those sales.  However, Mr. Nolte has determined that Aeropostale's tax deduction is $126,906.00 based on sales of $1,126,996.00 - thus claiming a tax liability that bears no reasonable relationship to the actual amount of taxes that Aeropostale paid for the profits made on the garments at issue in this case (*see* discussion, *infra*).
[16] *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.* (5th Cir. 1998) 145 F3d 320, 324.

leave of court to modify the Scheduling Order. Therefore, this Court should preclude any use of or reference to the supplemental Fulcrum report at trial.

## 2. *LA Printex will be Irreparably Prejudiced with the Admission of the Supplemental Report*

When LA Printex received Nolte's expert report nearly three years ago it determined that it did not need to rebut that report. However, the new "supplemental" report includes new conclusions and methodologies that Plaintiff strongly objects to and for which it does not have the ability to refute with its own expert. Moreover, at this late stage, with trial documents filed and the parties readying for trial, Plaintiff should not be required to undertake the task of finding and designating an expert to refute "new" theories.

To be entirely clear, Nolte's 2010 report did not address taxes at all. However, his new report seeks to deduct $126,906 in taxes from Aeropostale's sales of $1,126,996; thus claiming a tax liability that bears no reasonable relationship to the actual amount of taxes that Aeropostale paid for the profits made on the garments at issue in this case. This is because Aeropostale pays taxes on its profits based on a fully-allocated overhead approach (which is not the same standard for determining profits in copyright infringement cases.)[17] Per Aeropostale's public 10k reports, it claims profit margins are 6-9% of sales each year. Thus on $1 million in sales it would claim $60,000.00 in profits and (assuming a 40% tax rate) pay $24,000.00 in taxes on those sales. If Plaintiff had been put on notice in 2010 that Aeropostale was going to seek to deduct $126,906.00 in taxes on the sales at issue, it certainly would have retained an expert to explain how its tax liability actually works in this case.

---

[17] *See* 17 U.S.C. § 504(b)*; Kamar International, Inc. v. Russ Berrie & Co., Inc*., 752 F.2d 1326, 1333 (9th Cir. 1984); *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 487 (9th Cir.2000); *JBJ Fabrics, Inc. v. Mark Industries, Inc.,* 1987 U.S. Dist. LEXIS 13445, *15; 5 U.S.P.Q.2D (BNA) 1414; Copy. L. Rep. (CCH) P26, 233; *See Judge Posner's discussion in Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983). *See also*, 3 Nimmer on Copyright § 14.02 (1987), and Farnsworth, Contracts § 12.10 (1982) (accord).

Moreover, taxes should not be deducted in this case given that Aeropostale will "write off" and take a tax deduction for the damages in this case, which will greatly exceed the amount of taxes it paid in connection with the garments at issue.

Also, the supplemental report attempts to write off a deduction of 20% from the gross profits it made on the goods, and does so without justification.[18] This blanket deduction is not supported by any documentation provided in discovery, nor provided Nolte's original report. Had the supplemental report been timely and properly provided, Plaintiff would have been able to designate a rebuttal expert to point out these deficiencies and supply a proper profit analysis for copyright infringement cases. However, Defendants have waited until the last minute to supply the supplemental report, and thus have impeded LA Printex from doing so.

Defendants are attempting a last-minute sandbagging of LA Printex by substantially changing their position without justification under the guise of "supplementing" Nolte's expert report.  There can be no real question that this attempt would be highly prejudicial to Plaintiff if it is successful.

Further still, the supplemental report amounts to an improper and untimely attempt to admit new expert opinion.  As set forth above, Nolte's supplemental report provides deduction and tax figures that had not been included in his preliminary expert report. Defendants' last-minute attempt to squeeze in new and undisclosed positions runs afoul of the federal rules and fails to provide LA Printex meaningful opportunity to respond.  *See Beller ex rel. Beller,* 221 FRD 696, 701-702 (Rule 26 does not give license to "sandbag" one's opponent with claims and issues that should have been included in the expert witness' original report).

LA Printex will be irreparably prejudiced by being unable to present at trial testimony and findings by Nolte as they were stated in his expert report when the

---

[18] Supplemental report, p. 2.

expert discovery deadline expired, by being unable to investigate or challenge these new claims before trial, and by being deprived of the ability to designate a rebuttal expert. The January 2013 expert report must be excluded.

**III.      CONCLUSION**

Given the foregoing, LA Printex respectfully requests this Court to grant this ex parte motion to exclude the report and bind the Defendants to the findings in the report they served in 2010 prior to the expert discovery deadline.

Respectfully submitted,

Dated: January 18, 2013                DONIGER / BURROUGHS

By: /s/ Scott A. Burroughs
Scott A. Burroughs, Esq.
Attorney for Plaintiff

## <u>DECLARATION OF SCOTT A. BURROUGHS, ESQ.</u>

I, Scott A. Burroughs, Esq., am a shareholder in DONIGER / BURROUGHS APC, and am competent to testify from my personal knowledge and review of my records as set forth below:

1.  On January 17, 2013, Defendants submitted a "Supplemental" report of their economics expert, David Nolte of Fulcrum Inquiry.

2.  Pursuant to the agreement of the parties, expert reports – including the expert report of Fulcrum Inquiry provided by Defendants - were exchanged in April 2010.

3.  Based on its review of the original Nolte Fulcrum Inquiry report, Plaintiff's counsel determined that it did not need to designate a rebuttal expert and that it would call Mr. Nolte at trial to testify to the contents of his report.

4.  My firm met and conferred with defense counsel in relation to this motion on January 17, 2013, and they indicated that Defendants intended to oppose this motion.

5.  I have attached as Exhibit 1 a true and correct copy of the expert report of David Nolte that was served during the discovery period, and have attached as Exhibit 2 a true and correct copy of the January 2013 report.

6.  I have attached as Exhibit 3 a true and correct copy of the Court's Order setting the expert discovery deadlines and procedures.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 18, 2013, in Culver City, California.

By:   /s/ Scott A. Burroughs
      Scott A. Burroughs, Esq.