Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AEROPOSTALE, a Delaware Corporation; CHARLOTTE RUSSE, a California Corporation; KOHLS, a Wisconsin Corporation; MS. BUBBLES, a California Corporation; RAD CLOTHING, a California Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: CV 08-7085 DDP (Ex)<br>*Honorable Dean D. Pregerson Presiding*<br><br>**OPPOSITION TO DEFENDANTS' MOTION IN LIMINE 1 TO BIFURCATE THE LIABILITY AND DAMAGESPHASES OF TRIAL**<br><br>PTC:    February 11, 2013<br>TIME: 11:00 a.m.<br>PLACE: Courtroom 3<br><br>TRIAL DATE: February 19, 2013 |

## I. INTRODUCTION

Defendants' motion for bifurcation should be denied. This is not a complicated case, notwithstanding Defendants' unfounded statements to the contrary, and should not take more than 1-2 days to try in its entirety.[1] Bifurcating the trial will almost certainly result in additional time and work on the part of the parties and the Court and will not save time. Moreover, there is no real risk of prejudice to Defendants from a denial of Defendants' motion. As such, there is no good cause for bifurcation.[2]

### A. *Bifurcation is the exception rather than the rule, and this is not an exceptional case.*

Bifurcation is the exception rather than the rule. *In re Sortwell, Inc.*, 2011 WL 4896475 at 2 (N.D. Cal. 2011). In fact, the majority of courts to consider bifurcation in simple copyright infringement cases have found such requests unwarranted. *See Cranston Print Works Co. v. J. Mason Products,* 1998 WL 799171 at 3 (S.D.N.Y. 1998) (finding a copyright infringement of a single fabric design and damages is "quite simple and best resolved in a single proceeding"); *Creative Home Designs, Inc. v. Fred Francis Builders,* 2006 WL 2469379 at 3 (M.D. Ten. 2006) (holding in a copyright lawsuit, bifurcation of liability and damages is improper).

---

[1] Plaintiff's counsel has litigated multiple copyright infringement cases through trial in both this district and the Southern District of New York and has completed many of those case – from picking a jury through verdict – in one or two days. For example, in *Alchemist Evolution LLC v. Smash Men's Inc*., CACD Case No. 2:10-4445 SVW, a copyright case involving men's shirts, the parties handled the entire case – from jury selection through verdict - in one day to determine liability and damages. Similarly, in *EKB v. Target, et al*., CACD Case No. 10-4443 RGK, a copyright case involving garments found at a major retail chain was fully litigated in 2 days.

[2] Defendants' citation to the recent decision to bifurcate Case No. 09-2449 should not sway the determination of whether they have shown good cause for this motion. The *William Carter* case concerns specific issues , and a design and registration, that are not at issue in this case.

Defendant cites to *M2 Software, Inc. v. Madacy*, and improperly contends that requests of bifurcation of liability and damages are "frequently granted." 421 F.3d 1073, 1088 (9th Cir. 2005), but in that case neither party objected to bifurcation. To the contrary,, bifurcation is "not to be routinely ordered[.]". *See* Fed. R. Civ. P. 42(b) Advisory Committee's Note 1966.

In *William Hablinski Architecture v. Amir Construction, Inc.*, the District Court dealt with a nearly identical situation and rejected the Defendant's motion to bifurcate liability and damages. 2005 WL 4658149 at 6-7 (C.D. Cal. 2005). In that case, also a copyright action, Defendant argued that "allowing liability to be tried first may render a trial on damages unnecessary." *Id.* at 6. Defendants also argued that the trial on damages would introduce thousands of pages of documents relating to cost, the evidence would not substantially overlap, and that it would create undue prejudice by allowing the jury to know the amount of damages Plaintiff was seeking. *Id.* The Court rebuffed Defendant's arguments, finding that "much of the same evidence on liability... will be presented to the jury on damages" and reasoned that separating the two issues "would cause delay rather than expedite the trial." *Id.* at 7.

*B. Neither liability nor damages involve particularly complicated or voluminous evidence.*

As this Court is well aware, a claim for copyright infringement liability involves only two elements: ownership of a valid copyright, and unauthorized use of that copyright.[3]

As this Court is also well aware from prior extensive briefing, the design at

---

[3] While copyright registration used to be considered a jurisdictional prerequisite to maintaining a lawsuit, the U.S. Supreme Court recently clarified that it is not a jurisdictional requirement, but more akin to a claims processing requirement. Regardless, the existence of a valid registration is not an element of a copyright infringement claim and further is not a question for the jury, as discussed more fully in Plaintiff's Motion In Limine No. 4.

issue – design G70132 – was created by Plaintiff 's in-house designer using artwork licensed from a software company. There is no contrary evidence, and no evidence by Defendants of independent creation. The testimony to establish Plaintiff's ownership of the design should take no more than 30 minutes.

Similarly, the testimony regarding Defendants' infringement should take no more than about an hour. Plaintiff will offer the garments purchased from Aeropostale which bear an identical or virtually identical design, evidence of its sampling and sales, and limited evidence obtained from Defendants.

Although Defendants apparently seek to complicate the determination of "ownership of a valid copyright" by designating an expert to speak to the originality of Plaintiff's design, Plaintiff has made a motion to exclude that testimony on the grounds that "copyrightability" is not a question for expert testimony and the opinions of a paid expert as to the "novelty" of a design is irrelevant and/or improper under Fed.R.Evid. 403. See Plaintiff's Motion In Limine 3. Plaintiff expects that motion should be granted, but even if it is not, the testimony of Ms. Young should not waste more than an hour or so of court time.

It is likely that liability will be finished in no more than a couple hours.

With regard to damages, Plaintiff has the burden to show the revenues generated from the sale of the infringing product. Those numbers are not in dispute as they were provided by defendants. Then defendants have the burden of establishing deductible expenses and apportionment. Plaintiff also has the burden to show any additional actual damages it suffered.

To establish deductible expenses, Defendants may attempt to show direct expenses and indirect "overhead" expenses. Evidence of "direct" expenses – i.e., the cost to buy and ship the goods – is neither voluminous nor complicated.–is Said evidence is contained in relatively few documents and is not significantly disputed. As for indirect "overhead" expenses, Plaintiff has made a motion to exclude such

4
OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE

evidence on the grounds that no such evidence exists and if it does it was not disclosed during discovery. See Plaintiff's Motion In Limine No. 2. While Plaintiff expects that its second in limine motion will be granted (to prevent undue prejudice from Defendants' failure to either turn over supporting documents or actually tie those expenses in to the sale of the garments at issue), even if it is not the evidence regarding overhead is neither long nor complicated to present since Defendants are simply attempting to take a fixed percentage of overhead based on general financial records. This is not a case where every electricity bill and shipping record will be scrutinized – indeed, those documents were not even turned over by Defendants in discovery.

Plaintiff has also made a motion to preclude evidence of apportionment as no such evidence or experts were timely turned over in discovery. See Plaintiff's Motion in Limine No. 1.

Finally, Plaintiff's analysis of its actual damages is fairly simple – it is based on an approximation of what it would have earned had it printed the fabric at issue in this case for defendants – a quick calculation based on the prices it would have charged at that time to print the relevant number of yards minus its costs for doing said printing.

Although Defendants' motion repeatedly hits all the buzzwords of "avoiding prejudice," "undue consumption of time" and promoting "economy," the facts of this case do not justify bifurcation. Defendants offer no more than abstract arguments and speculation that conducting the trial in a single phase will in any way prejudice them – arguments that if accepted would require bifurcation of every trial despite the general rule that bifurcation is the exception and not the rule. Therefore, this motion should be denied.

### C. *The Issues of Liability and Damages Are Intertwined and Bifurcating the Trial Will Not Promote Judicial Economy.*

5
OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE

Beyond the fact that the two parts of this trial are not complicated (and thus bifurcation will unnecessarily prolong litigation), this motion should be denied because much of the evidence that will be presented to the fact-finders will be used for determining both liability and damages.

For example, LA Printex will testify regarding its sales of fabric bearing its G70132 design to both establish its dissemination of that design (to establish access, and thus liability) and to show what it was charging for printing of that design at the relevant time (to establish its damages).

Similarly, Defendants' sales records may be introduced to show ongoing sales after receipt of a cease and desist letter (to establish willful infringement) and to establish damages (both for Plaintiff's actual damages and defendant's profits).

Because bifurcation will likely require much of the same evidence to be presented twice to establish a foundation of the facts, bifurcating the proceedings would actually prolong the trial and further tax the Court and jury pool unduly. As such, the relief sought by this motion would be counter-productive to its stated goals and the motion should thus be denied.

## III. CONCLUSION

This case is not complicated and Defendants have failed to demonstrate that prejudice will result if the matter is tried in toto. This motion should be denied.

Respectfully submitted,
DONIGER / BURROUGHS

DATED: January 17, 2013    By: /S/ Stephen M. Dongier
                               Stephen M. Doniger, Esq.
                               Attorneys for Plaintiff
                               L.A. Printex Industries, Inc.

# DECLARATION OF STEPHEN M. DONIGER, ESQ.

I, Stephen M. Doniger, Esq., am a shareholder of DONIGER / BURROUGHS APC, and am over 18 years of age. I have personal knowledge of the following, except where the context indicates otherwise, and therefore testify on information and belief. If called as a witness I could and would testify competently as follows:

1. It is my belief that this case will not take more than a couple days to try. I base this belief on similar cases that I have litigated through trial in both this district and the Southern District of New York. For example, in *Alchemist Evolution LLC v. Smash Men's Inc.*, CACD Case No. 2:10-4445 SVW, a copyright case involving men's shirts, the parties handled the entire case – from jury selection through verdict - in one day to determine liability and damages. Similarly, in EKB v. Target, et al., CACD Case No. 10-4443 RGK, a copyright case involving garments found at a major retail chain was fully litigated in 2 days.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 18, 2013, in Culver City, California.

By: /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.