1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10

11    L.A. Printex Industries, Inc.,        )    CASE NO. CV09-02449-AK (FMOx)
                                            )
12                   Plaintiff,             )    FINAL JURY INSTRUCTIONS
                                            )
13          v.                              )
                                            )
14    William Carter Co., et al.,           )
                                            )
15                   Defendant.             )
                                            )
16                                          )
                                            )
17    _____  )
18
19
20
21
22
23
24
25
26
27
28

FILED
CLERK, U.S. DISTRICT COURT

JAN 2 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# <u>INSTRUCTION NO. 1</u>

**Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.**

**Each of you will receive a copy of these instructions that you may take with you to the jury room to consult during your deliberations.**

**You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict**

should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must

**2**

follow all of them and not single out some

and ignore others; they are all important.

# INSTRUCTION NO. 2

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**4**

# **<u>INSTRUCTION NO. 3</u>**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the lawyers have agreed.

**5**

# INSTRUCTION NO. 4

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the

6

rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could infer another fact.  The law makes no distinction between the weight to be given to direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.  You must consider all the evidence in the light of

8

**reason, experience and common sense.**

# INSTRUCTION NO. 6

The original garment shown in trial exhibits 6 and 9 has been lost.  There is no evidence of any fraud or bad faith on the part of any party with respect to the loss of that garment.  You are to draw no inference from its absence.

# INSTRUCTION NO. 7

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

1. make additional copies, or otherwise reproduce the copyrighted work;

2. recast, transform, adapt the work; and

3. distribute copies of the copyrighted work to the public by sale or other transfer.

**11**

## <u>INSTRUCTION NO. 8</u>

The work at issue in this trial is a graphic artwork depicting a series of floral elements. This design was created for use on fabrics.

A copyright may be obtained for fabric designs.

**12**

## INSTRUCTION NO. 9

Anyone who copies original elements of a copyrighted work without the owner's permission infringes the copyright.  The copyright owner may sue for infringement

To prevail, plaintiff has the burden of proving **both** of the following by a preponderance of the evidence:

1.    plaintiff is the owner of a copyright; and

2.    defendants copied original elements from the copyrighted work.

**13**

## INSTRUCTION NO.  10

Plaintiff is the owner of a valid copyright in its floral design if it proves by a preponderance of the evidence that:

1.     plaintiff's work is original; and

2.     plaintiff is the author or creator of the work.

Only that part of the work that is original is entitled to copyright protection.

An original work may include or incorporate elements taken from prior

**14**

works, but only the original parts are protected by copyright.

The original parts of a work are the parts:

1.      created independently by the work's author; that is, the parts the author did not copy from another work; and

2.      created by use of some creativity. The requisite level of creativity is extremely low; even a slight or minimal amount of creativity will suffice to merit copyright protection.

**15**

An idea cannot be copyrighted.  Only the particular way of expressing an idea can be copyrighted.

The owner of a copyright may be a corporation.  If an employee of a corporation creates a copyrightable work within the scope of employment, the corporation is deemed to be the author and owns the copyright.

Copyright attaches at the moment of creation.  Neither registration with the Copyright Office nor a copyright notice is required to have a valid copyright.

**16**

Registration is required only to sue for
copyright infringement.  The evidence in
this case includes a certificate of copyright
registration issued to plaintiff by the
Copyright Office for its design, and a
supplemental registration.  I have
determined that plaintiff's registration and
supplemental registration are valid and
plaintiff is entitled to sue for infringement.
You must treat the registration as valid and
disregard any evidence or suggestion to the
contrary.

Having a valid registration does not

**17**

prove that plaintiff has a copyright in the

fabric design, but you may consider the

registration as evidence that the design is

original and copyrightable, and that the

design and its copyright are owned by

plaintiff.

## INSTRUCTION NO. 11

A copyright owner is entitled to prevent others from creating derivative works based on the owner's copyrighted work.  The term derivative work refers to a work based on one or more pre-existing works, which is recast, transformed, or adapted.  The owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

**19**

# INSTRUCTION NO. 12

**Plaintiff has the burden of proving that defendants infringed plaintiff's copyrighted work.  Plaintiff may show defendants infringed the work by showing that defendants manufactured or sold a work that bore substantial similarities to original elements of plaintiff's work.**

**20**

# INSTRUCTION NO. 13

Defendants need not themselves have copied plaintiff's work. It is enough if they sold an infringing work. Defendants need not have known that the work is infringing, nor who created the infringing work. Merely selling an infringing work is an infringement. But if you find that defendants knew the work was infringing when they sold it, you may infer that the infringement was willful.

If defendants had access to the copyrighted work, you may infer that they

**21**

copied the work.  If you find copying, you may infer willful infringement.  You may find that defendants had access to plaintiff's work if defendants had a reasonable opportunity to copy plaintiff's work before the infringing work was created.

Access may be shown by:

1.     a chain of events connecting plaintiff's work and defendants' opportunity to view that work; or

2.     plaintiff's work being widely disseminated; or

**22**

3.    a similarity between plaintiff's work and defendants' work that is so striking that it is highly likely the works were not created independent of one another. Access may not be inferred through mere speculation or conjecture. But you may draw inferences reasonably grounded in the evidence presented.

## INSTRUCTION NO. 14

An exact copy of a copyrighted work is an infringement.  But there can also be infringement if the copy is not exact, so long as it is substantially similar.

To determine whether two works are substantially similar, we apply a two-part test.  The <u>extrinsic test</u> is an objective comparison of specific expressive elements; it focuses on the articulable similarities between the two works.  The <u>intrinsic test</u> is a subjective comparison that focuses on whether the ordinary,

**24**

reasonable audience would find the works

substantially similar in the total concept and

feel of the works.

First, you must apply the extrinsic test.

Because copyright law protects expression

of ideas, not ideas themselves, we

distinguish protectable from unprotectable

elements and ask only whether the

protectable elements in two works are

substantially similar.  In comparing fabric

designs, you must examine the similarities

in their objective details in appearance,

including, but not limited to, the subject

**25**

matter, shapes, colors, materials and

arrangement of the representations.

Original selection, coordination and

arrangement of unprotectable elements may

be protectable expression, and similarities

in color arrangements are probative of

copying.

A challenged work need not copy a

copyrighted work in its entirety in order to

infringe that work.  It is enough that the

challenged work appropriated a substantial

portion of plaintiff's work.  A substantial

portion means any portion that is protected

26

and recognizable as part of plaintiff's copyrighted work.  For example, publishing a single chapter of a <u>Harry Potter</u> novel without permission from the copyright holder is more than sufficient for infringement.

Second, at the intrinsic stage, you should look whether an ordinary, reasonable observer would consider the copyrighted and challenged works substantially similar.

27

If you find infringement under either the

intrinsic or extrinsic tests, you must return a

verdict of infringement.

## INSTRUCTION NO. 15

An infringement is considered willful if plaintiff has proved both of the following elements by a preponderance of the evidence:

1.     defendant engaged in acts that infringed the copyright; and

2.     defendant knew that those acts infringed the copyright.

A defendant "knew" that its acts infringed plaintiff's copyright if defendant participated in the infringement, had actual knowledge of the infringement or recklessly

**29**

disregarded the possibility that its acts

would infringe a copyright.

# INSTRUCTION NO. 16

If you find that the fabric at issue in this case bears a design which has been modified, you may find that modification to be evidence that defendants knew the designs were copyrighted, and that they knew they were committing infringement.

Also, the allegedly infringing design does not have to be identical to plaintiff's design.  Slight modifications to the design do not allow the manufacturers and sellers of a product bearing the modified design to escape liability for infringement.

# INSTRUCTION NO. 17

A defendant may be liable for copyright infringement even though he has not created the infringing work and even though he has no actual knowledge that a copyright was being infringed.  Merely selling or otherwise distributing an infringing work violates the copyright holder's rights and constitutes infringement.

Additionally, defendant may be deemed to have infringed by copying the copyrighted work.  Defendant may be liable if it does the copying itself or if it

**32**

collaborated with others under a theory of vicarious infringement or contributory infringement.

You can find defendant vicariously liable, if plaintiff has shown by a preponderance of the evidence that:

1. the garment at issue infringes plaintiff's copyright;

2. defendant had the right and ability to supervise or control the creation of the infringing garment; and

3. defendant profited directly from the infringing activity.

You can find defendant liable for contributory infringement, if plaintiff has show by a preponderance of the evidence that:

1.   the garment at issue infringes plaintiff's copyright;

2.   defendant knew or had reason to know of the infringing activity; and

3.   defendant intentionally induced or materially contributed to the infringing activity.

It makes no difference if infringement is direct, vicarious or contributory.  If you find infringement on any of these grounds, you must return a verdict of infringement.

# INSTRUCTION NO. 18

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and

**36**

listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

37

If you need evidence read back or have questions about the law that you cannot figure out from these instructions, please send me a note.

# INSTRUCTION NO. 19

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some

39

time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 20

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

If you find yourselves unable to reach a unanimous verdict as to any of the questions presented to you, do not return a partial verdict. Rather, write me a note

**41**

**advising me of the situation and await**

**further instructions.**

**42**